IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-04085 |
| HOUSTON METHODIST HOSPITAL AND SUNILA ALI *Defendant.* | § § § § | |

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)

Defendants Houston Methodist Hospital ("Houston Methodist") and Sunila Ali ("Ali") (collectively "Defendants") move this Court to dismiss Plaintiff Caitlin Weathers's ("Plaintiff") Original Complaint [Dkt. No. 1] (the "Complaint") under Federal Rules of Civil Procedure 12(b)(6).

### I. SUMMARY OF ARGUMENT

1. Houston Methodist's Motion to Dismiss should be granted because—

- **Plaintiff failed to exhaust her administrative remedies under Title VII; and**

- **Defendant Sunila Ali is not a proper party to this lawsuit under Title VII.**

### II. BACKGROUND

2. Upon information and belief, Plaintiff did not file a Charge of Discrimination against Defendants before filing this lawsuit, and consequently she has not received a Notice

of Right to Sue.[1]

3. Plaintiff has attempted to secure counsel, but she has been unsuccessful.[2] She proceeded with filing this lawsuit, *pro se*, against Defendants on November 16, 2022.

4. Plaintiff alleges that Houston Methodist discriminated against her because of her race ("Caucasian"), color, sex, and retaliated against her in violation of Title VII.[3]

5. Plaintiff also alleges that Ali retaliated against her by placing her on a performance improvement plan.[4]

6. Plaintiff has not pleaded when she contends any alleged unlawful conduct occurred, but her last date of employment with Houston Methodist was October 4, 2021.[5]

7. Defendants move to dismiss Plaintiff's claims under Rule 12(b)(6) because Plaintiff failed to exhaust her administrative remedies for such claims, and Defendant Ali is not a proper party to this lawsuit.

### III. ARGUMENTS & AUTHORITIES

8. Federal Rules of Civil Procedure 12(b)(6) permits dismissal of a claim if Plaintiff "fails to state a claim upon which relief can be granted."[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[7] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

---

[1] Dkt. No. 1, at ¶¶ 6–7.

[2] Dkt. No. 1, at ¶ I.

[3] Dkt. No. 1, at ¶¶ 8–9.

[4] Dkt. No. 1, at ¶ 9.

[5] Ex. 1.

[6] FED. R. CIV. P. 12(b)(6).

[7] *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

2

does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[8] "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff."[9] The Court may review "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[10]

9. Plaintiff has not pleaded that (i) she filed a Charge of Discrimination, or (ii) she received a Notice of Right to Sue.[11] Moreover, Plaintiff has not pleaded the date of Defendants alleged unlawful conduct, but her termination date was October 4, 2021.[12] Plaintiff must file her Charge of Discrimination no later than three hundred (300) days after the alleged unlawful employment practice,[13] and she must file a lawsuit within ninety (90) days after receiving Notice of Right to Sue.[14] Plaintiff has not satisfied either prerequisite, so she is unable to maintain a lawsuit against Defendants because she did not timely exhaust her administrative remedies within the limitations period.

10. Defendants move to dismiss Plaintiff's discrimination and retaliation claims under Rule 12(b)(6) for failure to timely exhaust her administrative remedies. Moreover,

---

[8] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[9] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

[10] *Id.* (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

[11] Dkt. No. 1, at ¶¶ 6–7.

[12] *See* Ex. 1.

[13] 42 U.S.C. § 2000e-5(e)(1).

[14] 42 U.S.C. § 2000e-5(f)(1).

Plaintiff's claims against Ali must be dismissed under Rule 12(b)(6) because Title VII does not impose liability against employees in their individual capacity.

A.   **Plaintiff's Claims Under Title VII Should Be Dismissed Because Plaintiff Failed To Exhaust Her Administrative Remedies**

   i.   **Plaintiff Has Not Filed A Charge Of Discrimination**

11.   Upon information and belief, Plaintiff has not filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") or Texas Workforce Commission ("TWC").[15]

12.   "Title VII *requires* employees to exhaust their administrative remedies before seeking judicial relief."[16] Employees in the private sector "must satisfy this requirement by filing an administrative charge with the EEOC."[17] "The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer," and "[o]nly after administrative efforts terminate may the employee sue the employer in federal court."[18] "Courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies."[19] Permitting lawsuits that exceed the scope of the EEOC investigation "would thwart the administrative process and peremptorily substitute litigation for conciliation."[20]

---

[15] Dkt. No. 1, at ¶¶ 6–7.

[16] *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)).

[17] *Id.* (citing *Pacheco*, 448 F.3d at 788 n.6).

[18] *Id.*

[19] *Simmons-Myers v. Caesars Entm't Corp.*, 515 Fed. Appx. 269, 272 (5th Cir. 2013) (per curiam) (quoting *Nat'l Ass'n of Gov't Emps .v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994)).

[20] *McClain*, 519 F.3d at 273.

13. Here, Plaintiff has failed to exhaust her administrative remedies, so this lawsuit should be dismissed.

### ii. Plaintiff's Limitations Period Has Expired

14. Not only has Plaintiff failed to file a Charge of Discrimination, but she has failed to do so timely, which she is unable to remedy based on her last date of employment. Timely filing an administrative charge with the EEOC is a statutory prerequisite to filing a lawsuit alleging Title VII violations.[21] A plaintiff must file a Charge of Discrimination within three hundred (300) days of the last unlawful employment practice.[22] Once plaintiff receives a Notice of Right to Sue from the EEOC, she has ninety (90) days to file a lawsuit.[23]

15. Plaintiff's termination date was October 4, 2021, so that is the last possible date of any alleged unlawful employment practice.[24] Consequently, because more than three hundred (300) days have passed since Plaintiff's last date of employment, she cannot timely file a Charge of Discrimination with the EEOC, so the limitations period for filing a lawsuit that alleges Title VII violations has expired.

16. Because Plaintiff did not timely file a Charge of Discrimination with the EEOC or TWC, she has failed to exhaust her administrative remedies, if any, for a claim of discrimination and retaliation based on Title VII. Accordingly, Defendants request the Court dismiss the claims.

---

[21] 42 U.S.C. § 2000e-5

[22] 42 U.S.C. § 2000e-5(e)(1).

[23] 42 U.S.C. § 2000e-5(f)(1).

[24] *See* Ex. 1.

5

**B.  Defendant Ali Is Not A Proper Party To This Lawsuit Because Title VII Does Not Impose Liability Against Employees In Their Individual Capacity**

17. Title VII prohibits *employers* from discriminating against an individual on the basis of "race, color, religion, sex, or national origin."[25] "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person…."[26]

18. It is resoundingly clear that the Fifth Circuit does not interpret Title VII as permitting liability against employees in their individual capacity for alleged acts of discrimination and retaliation.[27] In reaching this conclusion, the Fifth Circuit has analyzed the inclusion of "agent" in the statutory structure of Title VII, explaining that the purpose of incorporating "agent" in the definition of "employer" is to permit *respondeat superior* liability, but rejecting that the intent is "to impose individual liability on employees."[28]

19. Accordingly, Plaintiff may not recover against Ali in her individual capacity because Ali was not Plaintiff's employer under Title VII. Instead, Houston Methodist was Plaintiff's employer. Ali is not a proper party under Title VII, so Ali must be dismissed from this lawsuit.

---

[25] 42 U.S.C. § 2000e-2(a).

[26] 42 U.S.C. § 2000e.

[27] *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII."); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) ("Based upon analogous caselaw and the structure of title VII, we conclude that individuals who do not otherwise qualify as an employer cannot be held liable for a breach of title VII."); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) ("[A] party may not maintain a suit against both an employer and its agent under Title VII.").

[28] *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994).

### IV. CONCLUSION

For these reasons, Defendants request the Court dismiss Plaintiff's claims under Title VII as a matter of law under Rule 12(b)(6).

Respectfully submitted,

By: */s/ Daniel Patton*
Daniel Patton
Federal Bar No. 26200
Texas Bar No. 24013302
*dpatton@scottpattonlaw.com*

ATTORNEY IN CHARGE FOR DEFENDANTS

OF COUNSEL:

Morgan Munoz
Federal Bar No. 3339996
Texas Bar No. 24104119
*mmunoz@scottpattonlaw.com*
Michelle N. Mathews
Federal Bar No. 3674403
Texas Bar No. 24116679
*mmathews@scottpattonlaw.com*
**SCOTT PATTON PC**
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone: (281) 377-3311
Fax: (281) 377-3267

**CERTIFICATE OF SERVICE**

I certify that on December 29, 2022, a true and correct copy of *Defendants' The Methodist Hospital and Sunila Ali's Motion to Dismiss* was served on all counsel of record by the Court's ECF filing system and U.S. Mail.

Caitlin Weathers
2425 Capitol Street, #2143
Houston, Texas 77003
*Plaintiff Pro Se*

*/s/ Daniel Patton*
Daniel Patton