IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-04085 |
| HOUSTON METHODIST HOSPITAL AND SUNILA ALI *Defendant.* | § § § § | |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)**

Defendants Houston Methodist Hospital ("Houston Methodist") and Sunila Ali ("Ali") (collectively "Defendants") file this reply to Plaintiff Caitlin Weathers' ("Plaintiff") "Motion to Strike" (referred to herein as Plaintiff's "Response")[1] and in support of its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Defendants' Motion to Dismiss should be granted in its entirety. Plaintiff's "Motion to Strike" should be denied as it is based upon an untimely Charge of Discrimination, and moreover, fails in whole to demonstrate any viable claim upon which relief may be granted.

## I. SUMMARY OF THE REPLY

Houston Methodist's Motion to Dismiss should be granted because—

- **Plaintiff's Title VII discrimination claims are time-barred because Plaintiff's Charge of Discrimination**

---

[1] Although Plaintiff's motion is captioned as a "motion to strike," in substance, it is no more than a response to Defendants' 12(b)(6) Motion to Dismiss. *See* Dkt. 7. In particular, Plaintiff's motion mites no authority upon which this Court may grant the relief implied in Plaintiff's caption. When ruling on a motion, a court should look to the substance of the motion in order to determine the relief sought, and is not bound by the caption. *See United States v. Carmouche*, 138 F.3d 1014, 1021 (5th Cir. 1998) (citing *United States v. Dieter*, 429 U.S. 6,7-9 (1976)) ("[W]e are not bound by the caption selected by the parties, and should examine the substance of the motion filed[.]"). In the same fashion, this Court should not be bound merely by the caption chosen by this *pro se* Plaintiff, but rather by the substance of Plaintiff's motion, which is effectively a response to Plaintiff's 12(b)(6) motion to dismiss. Plaintiff cites no legal or factual basis for seeking to strike Defendant's 12(b)(6) Motion to Dismiss and Plaintiff's "motion to strike" should be denied.

1

- **was not filed within 300 days of the acts about which Plaintiff complained, which is untimely;**

- **Plaintiff submitted her Charge of Discrimination *303 days* after her termination date;**

- **Plaintiff's "Motion to Strike" should be denied as it is based upon an untimely filed Charge of Discrimination and fails in whole to demonstrate any viable claim upon which relief may be granted;**

- **Defendant Sunila Ali's Motion to Dismiss should be granted as Title VII does not permit liability against employees in their individual capacity for alleged acts of discrimination and retaliation; and**

- **Plaintiff fails to respond to Defendants' argument that Defendant Sunila Ali is not a proper party to this lawsuit under Title VII, thereby waiving any such argument to the contrary.**

## II. BACKGROUND

Plaintiff filed this lawsuit against Defendants on November 16, 2022, alleging violations of Title VII based on race and sex discrimination and retaliation.[2] Defendants moved to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) alleging that Plaintiff failed to exhaust her administrative remedies for such claims, and argued that Defendant Ali is not a proper party to this lawsuit.[3]

On March 31, 2023, Plaintiff filed a "Motion to Strike," "refut[ing] [Defendants'] response."[4]

---

[2] Dkt. 1.

[3] Dkt. 7.

[4] Dkt. 11 at 1.

2

During the pendency of this Motion, Houston Methodist discovered that Plaintiff had in fact submitted a Charge of Discrimination on August 3, 2021, 303 days *after* her termination on October 4, 2021.[5] Houston Methodist further discovered that the EEOC issued a Notice of Right to Sue letter on August 11, 2022.[6] Even if Plaintiff filed a Charge of Discrimination with the EEOC, it is untimely, and Plaintiff's claims are time-barred. For the reasons discussed below, Plaintiff's claims must be dismissed.

### III. ARGUMENTS & AUTHORITIES

#### A. Plaintiff's Claims Under Title VII Should Be Dismissed Because They Are Time-Barred

Title VII provides that a charge of discrimination shall be filed with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred."[7] Because Texas is a deferral state, Plaintiff had 300 days from the date of her termination within which to file a timely charge of discrimination with the EEOC.[8] The Supreme Court has held that the EEOC charge filing requirements are similar to a statute of limitations and thus are subject to the doctrines of waiver, estoppel, and equitable tolling.[9]

---

[5] *See* Ex. A, Charge No. 460-22-02396.

[6] *See* Ex. B, "Determination and Notice of Rights."

[7] 42 U.S.C. § 2000e-5(e)(1).

[8] *See Blumberg v. HCA Management Co., Inc.*, 848 F.2d 642, 645 (5th Cir. 1988) (recognizing that Texas became a deferral state when the Texas Commission on Human Rights was established); *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 117 n.15 (2002) (recognizing that when the locale of the purported discriminatory employment practice is a deferral state, Title VII extends the EEOC charge filing period from 180 to 300 days).

[9] *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Here, Plaintiff's complaint is based expressly on the Charge of Discrimination that Plaintiff filed with the EEOC on August 3, 2022. In that Charge, Plaintiff states in pertinent part that:

> On or about October 4, 2021, I was discharged from my position as Patient Care Associate. I believe my termination is discriminatory based on my race (white) and sex (female). The alleged reason for my termination is performance, which I believe to be pretext to discrimination because my performance first came into question shortly after complaining of harassment. From April 1, 2021, until my termination, I was harassed by Cameron Shonk, Sharon (last name unknown), Cassie Hall, and Amanda Roning. I reported the harassment to management officials Donte Macasaet, Sunila Ali, and Marianna Mondragon during all of August 2021, but I was ignored, and the harassment continued. Here are a few examples of the harassment I had been subjected to: I was called "white trash" by Cameron Shonk, I was called "psychotic" and "gay" by Sharon, and I was subjected to daily bullying from Cassie Hall and Amanda Roning. On or about August 23, 2021, I finally met with Sunila Ali and Mariana Mondragon about the issue for the first time. During this meeting, instead of my complaint being listened to, my "fit" within the company was questioned. Shortly after this meeting, I suffered tangible harm when I was terminated. I believe that I was retaliated against for complaining about harassment and discriminated against because of my color, race (white), and sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended.[10]

Plaintiff submitted her charge to the EEOC on August 3, 2022.[11] The statements contained in Plaintiff's Charge indicate that any act by Houston Methodist occurred on or before October 4, 2021, the date on which Houston Methodist terminated Plaintiff's employment. Since Plaintiff did not file the charge of discrimination upon which her claims are based until August 3, 2022, *i.e.*, 303 days *after* Houston Methodist discharged her, the Charge of Discrimination that Plaintiff filed with the EEOC on August 3, 2022 was not timely filed within the 300 days of the acts about which she complained.

---

[10] *See* Ex. A, Charge No. 460-22-02396.

[11] *Id.*

In the Fed. R. Civ. P. 12(b)(6) context, Courts in this Circuit have consistently dismissed claims premised on underlying Charges of Discrimination filed more than 300 days after a Plaintiff's termination as time-barred.[12] As a result, Plaintiff's complaint must be dismissed.[13]

**B.     Plaintiff Has Failed to Respond to Houston Methodist's Argument That Defendant Ali Is Not A Proper Party To This Lawsuit Because Title VII Does Not Impose Liability Against Employees In Their Individual Capacity**

Plaintiff has wholly failed to substantively respond to Plaintiff's argument that Defendant Ali is not a proper party to this lawsuit because Title VII does not impose liability against employees in their individual capacity, as discussed in Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6).[14] "Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue."[15] As a result, Plaintiff has waived any argument to the contrary and Plaintiff's claims should be dismissed.

Here, Plaintiff did not substantively respond to Defendants' argument that Defendant Ali is not a proper party to this lawsuit because Title VII does not impose liability against employees in their individual capacity. Instead, Plaintiff retells her version of the facts spanning

---

[12] *See Nazir v. Wal-Mart Stores*, No. H-09-2902, 2009 WL 3735937, at *6 (S.D. Tex. Nov. 4, 2009) ("Because the charge that Plaintiff filed with the EEOC on December 24, 2008, was filed more than 300 days after the acts about which the plaintiff complains. . . Wal-Mart's motion to dismiss these claims as time barred will be granted."); *Smithson v. Union Pacific R.R. Co.*, No. SA-21-CV-01225-XR, 602 F. Supp. 3d 974, 981 (W.D. Tex. May 11, 2022) ("[Plaintiff's] removal from service in March 2018 occurred more than 300 days before [Plaintiff] ultimately filed his EEOC charge; therefore, [Plaintiff's] failure to accommodate claim is time-barred.").

[13] *See Palomo v. Action Staffing Solutions, Inc.*, No. SA-21-CV-01145-XR, 2022 WL 2392646, at *2 (W.D. Tex. July 1, 2022) (Defendant's motion to dismiss granted where charge of discrimination was 305 days after Plaintiff's termination).
[14] *See* Dkt. 7.

[15] *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

5

over seven (7) single-spaced pages.[16] Consequently, Plaintiff's claims against Defendant Ali should be dismissed.

## C. Leave to Amend Should Be Denied As Futile

Although district courts have discretion to grant leave to amend, the Court need not grant leave to amend if any such amendment would be futile.[17] **Where a plaintiff's claims are time-barred, amendment would be futile.**[18] Here, no amendment could remedy the fact that Plaintiff filed her Charge of Discrimination outside the 300-day window. Plaintiff's claims must be dismissed.

## IV. CONCLUSION

For these reasons, Defendants request the Court dismiss Plaintiff's claims under Title VII as a matter of law under Rule 12(b)(6).

Respectfully submitted,

By: */s/ Daniel Patton*
Daniel Patton
Federal Bar No. 26200
Texas Bar No. 24013302
*dpatton@scottpattonlaw.com*

ATTORNEY IN CHARGE FOR DEFENDANTS

OF COUNSEL:

Patrick M. Palmer II
Federal Bar No. 3542529
Texas Bar No. 24116871
*palmer@scottpattonlaw.com*
**SCOTT PATTON PC**

---

[16] *See* Dkt. 11 at 1-8.

[17] *See Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

[18] *Onyinyechi v. B.A. Ridings*, No. H-18-1294, 2018 WL 11469559, at *3 (S.D. Tex. Aug. 13, 2018) ("Because Plaintiff's claims are time-barred, amendment would be futile[.]"); *In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 711 (S.D. Tex. 2006) (Harmon, J.) ("Where the proposed new claims are time-barred, allowing amendment is futile.").

6

5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone: (281) 377-3311
Fax: (281) 377-3267

## CERTIFICATE OF SERVICE

      I certify that on April 10, 2023, a true and correct copy of *Defendants' The Methodist Hospital and Sunila Ali's Motion to Dismiss* was served on all counsel of record by the Court's ECF filing system and U.S. Mail.

Caitlin Weathers
2425 Capitol Street, #2143
Houston, Texas 77003
*Plaintiff Pro Se*

                                          */s/ Daniel Patton*
                                          Daniel Patton