```
                THE UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

                           * * * * *

CAITLIN WEATHERS              *    NO. 4:22-CV-4085
                              *
VS.                           *    Houston, Texas
                              *
HOUSTON METHODIST HOSPITAL,   *    10:24 a.m. - 10:45 a.m.
et al                         *    May 1, 2023

                           * * * * *
```

**STATUS CONFERENCE**

```
        BEFORE THE HONORABLE CHRISTINA A. BRYAN
              UNITED STATES DISTRICT JUDGE
```

```
   Proceedings recorded by electronic sound recording
     Transcript produced by transcription service
```

*GLR TRANSCRIBERS*
9251 Lynne Circle
Orange, Texas 77630 * 409-330-1610

```
 1  APPEARANCES:
 2  For Plaintiff:
 3      MS. CAITLIN J. WEATHERS
        (Pro se)
 4      2425 Capitol Street
        #2143
 5      Houston, TX 77003
 6  For Defendants:
 7      MR. DANIEL F. PATTON
        MR. PATRICK M. PALMER, II
 8      Scott Patton, P.C.
        5301 Katy Freeway, Suite 201
 9      Houston, TX 77007
10  Case Manager:
11      MELISSA MORGAN-FAIRCLOTH
12  Electronic Recorder:
13      DISA MCKINNIE-RICHARDSON
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    P R O C E E D I N G S
 2                  10:24 A.M. - MAY 1, 2023
 3            THE COURT:  Is everyone present on Weathers
 4  vs. Houston Methodist Hospital?
 5            MR. PATTON:  For Houston Methodist Hospital,
 6  we're present, Your Honor.
 7            THE COURT:  I'm sorry?
 8            MR. PATTON:  For Houston Methodist Hospital,
 9  we're present.
10            THE COURT:  Okay.  And Ms. Weathers, are you
11  present?
12              Okay, come forward, please.  Ms. Weathers,
13  you can have a seat at this table over here.
14              Let me have, Ms. Weathers, you introduce
15  yourself for the record and then I'll have counsel
16  introduce themselves.
17              I'm going to have to ask you to speak into
18  a microphone because everything that we're saying is
19  going to be recorded and they can't record it if they
20  can't hear it.  And I'm going to ask you to speak
21  loudly.  Okay.
22            MS. WEATHERS:  My name is Caitlin Weathers.
23            THE COURT:  Okay.
24            MR. PALMER:  My name is Patrick Palmer.  I'm
25  here with Dan Patton for Houston Methodist.
```

```
 1              THE COURT:  Okay, Patrick Palmer?
 2              MR. PALMER:  Yes, ma'am.
 3              THE COURT:  Okay.  And --
 4              MR. PATTON:  Dan Patton, Your Honor.
 5              THE COURT:  All right.  We're here essentially
 6  on a status conference.  I know, Ms. Weathers, you have
 7  been a little bit confused because your case has been
 8  transferred to several different judges, but those
 9  are -- that's the result of procedures called recusals.
10  The initial judge that was assigned to your case had an
11  automatic recusal based on the defendant being Houston
12  Methodist Hospital.  I can't recall who the next judge
13  was, but you're currently before me.  Your case is
14  before me.  Understood?
15              MS. WEATHERS:  (No audible response).
16              THE COURT:  And counsel, I understand everyone
17  has consented to proceed before me, a United States
18  Magistrate Judge.
19              MR. PATTON:  That's correct.
20              THE COURT:  Okay.
21              And Ms. Weathers, again, I'm going to let
22  you be seated so that you can speak into the microphone
23  because your voice is very soft.
24              And counsel, you may be seated also.
25              MR. PATTON:  Okay.
```

1       THE COURT:  So I wanted to make sure that
2  because you were concerned about your case being moved
3  from judge to judge, that you understood what the
4  procedural posture of the case is right now, okay.
5       MS. WEATHERS:  *(No audible response.)*
6       THE COURT:  There's also currently a Motion to
7  Dismiss filed by Houston Methodist Hospital and Sunila
8  Ali.  So one thing I want to take up with counsel for
9  Houston Methodist Hospital is whether in this
10 particular case -- I've looked at it, I've reviewed it
11 briefly.  I haven't had the opportunity to review
12 everything in detail.  But to the extent that the
13 Motion to Dismiss that you have put forward cannot be
14 decided either on the face of the pleadings or on
15 documents that the Court is entitled to take judicial
16 notice of, the motion would have to be converted to a
17 Motion for Summary Judgment.
18      MR. PALMER:  That's correct, Your Honor.
19      THE COURT:  Is it your position that the
20 information that you rely on, I think that was filed
21 with your reply or your response, is all information
22 that's in the public record and of which the Court can
23 take judicial notice?
24      MR. PALMER:  Yes, Your Honor, that's correct.
25      THE COURT:  And tell me specifically what

```
 1  documents you attached to your response.
 2          MR. PALMER:  Your Honor, we have attached
 3  Exhibit A, which is Plaintiff's charge of discrimination
 4  filed with the EEOC on August 3rd, 2022.
 5          Also, we have Exhibit B, which is the
 6  EEOC's Right to Sue Letter, which was also issued on
 7  August 11, 2022.
 8          THE COURT:  So your reply is Document No. 14;
 9  is that correct?
10          MR. PALMER:  Yes, ma'am, that's correct.
11          THE COURT:  Okay.  So Exhibit A, which is
12  documented as 14-1, is the Charge of Discrimination,
13  which you say I can take judicial notice of?
14          MR. PALMER:  That's correct, Your Honor.
15          THE COURT:  And although I can take judicial
16  notice of the fact of the document, does that authorize
17  me to rely on the information contained in it or the
18  facts contained in it at this stage?
19          MR. PALMER:  I believe you can, Your Honor.
20          THE COURT:  All right.
21          Okay, Ms. Weathers, you've seen the
22  filings by the Defendant; correct?  Well, let me ask
23  you one more time.  I know you had been seeking
24  retained counsel.  Are you still looking for counsel?
25          MS. WEATHERS:  I'm not sure if I'm still
```

1  allowed to continue to seek counsel now that I've filed
2  for pro se here and now entered in the lawsuit pro se.
3              THE COURT:  You can continue to seek counsel.
4  If you plan to retain counsel or get pro bono counsel,
5  I suggest you do it as quickly as possible because
6  there are motions pending -- or a motion pending that
7  would dispose of or dismiss your case in its entirety.
8  Do you understand that?
9              MS. WEATHERS:  The motion for dismissal based
10 on the time; correct?
11             THE COURT:  Correct.
12             MS. WEATHERS:  It's my understanding from the
13 EEOC's site that it's an exception that they make
14 within 90 days from the day you receive the agency's
15 decision on your Complaint so long as no appeal has
16 been filed.
17             THE COURT:  Yeah, you're going to have to
18 speak into -- pull that microphone -- yeah, it might be
19 helpful if you speak into that microphone there.
20             MS. WEATHERS:  I pulled from the website the
21 EEOC's website exceptions to requirements for filing a
22 lawsuit.  It says within 90 days from the day you
23 received the Agency's decision on your Complaint, so
24 long as no appeal has been filed, they make the
25 exception.

1     THE COURT: I think what the issue that's in
2 the Motion to Dismiss is that you did not file your
3 Complaint with the EEOC within the 300-day requirement,
4 if I recall correctly.
5     MS. WEATHERS: However, I did. I did file the
6 Complaint within 180 days. It was not signed until
7 after I completed my interview with Raphael Ramirez, I
8 believe his name was. And he had completed the
9 interview and had me sign the papers on, I believe,
10 August 3rd of 2022. I can't remember the exact dates
11 off the top of my head. I apologize.
12     THE COURT: Okay. Here's what I think should
13 happen in this case, because I think there's a dispute
14 as to the filing of the EEOC Complaint. I think this
15 should be converted to a Motion for Summary Judgment.
16 Ms. Weathers, that means right now the motion that the
17 Defendant has filed is a motion based on the
18 information in your Complaint and any public
19 information that the Court can take judicial notice of.
20     I'm going to convert the Motion to Dismiss
21 to a Motion for Summary Judgment. That means -- and
22 you are responsible, as a pro se litigant, for full
23 compliance with the Federal Rules of Civil Procedure
24 and all the Courts' local rules. Do you understand
25 that, that you have to comply with all those?

```
 1              MS. WEATHERS:  Yes and no.
 2              THE COURT:  Okay.  When the motion is
 3  converted to a Motion for Summary Judgment -- that's
 4  under Rule 56 of the Federal Rules of Civil Procedure --
 5  that places the burden on you to rebut the allegations,
 6  to come forward with evidence to rebut the allegations;
 7  do you understand that?  And it has to be evidence that
 8  could be admissible at trial?
 9              MS. WEATHERS:  What is the my time frame?
10              THE COURT:  If I can -- you've got to speak
11  into the microphone.
12              MS. WEATHERS:  What is the duration, the time
13  frame, the interval to have that documentation
14  submitted?
15              THE COURT:  So, when I -- let me -- it's 20
16  days after they file their motion.  I can either
17  convert the motion as is today, or would you prefer to
18  refile?
19              MR. PATTON:  Yes.  Yes, Your Honor, we would.
20              THE COURT:  Okay.  So can I have you make an
21  oral Motion to Withdraw the pending Motion to Dismiss
22  and I will grant permission to refile -- or to file a
23  Motion for Summary Judgment?
24              MR. PALMER:  Houston Methodist withdraws their
25  Motion to Dismiss pursuant to 12(b)(6).
```

```
 1                THE COURT:  Okay.  All right.  So the Motion
 2   to Dismiss is withdrawn.  The Motion to Withdraw is
 3   granted.  We'll docket that on the docket sheet.  Once
 4   Houston Methodist files the Motion for Summary
 5   judgment, the rules explain how much time you have to
 6   respond.  It's 20 days; correct?
 7                CASE MANAGER:  21 days.
 8                THE COURT:  21 days.  But you need to -- you
 9   can't -- I can't advise you and none of my staff can
10   advise you.  You have to be responsible for making sure
11   you comply with all the rules; okay?
12                So, again, if you plan to get counsel, I
13   suggest you do that immediately, because once their
14   motion is on file, you have a time frame in which you
15   will have to present evidence to prove that there is a
16   dispute of fact regarding what they --
17                MS. WEATHERS:  Will they or have they already
18   submitted any additional evidence?
19                THE COURT:  No, what happened here today is
20   they are withdrawing what's currently pending.  It's
21   like you're starting over at ground zero in terms of
22   motion practice.  They've withdrawn their motion; okay?
23                MS. WEATHERS:  Do they have -- are they
24   submitting new evidence?
25                THE COURT:  They will.  They plan to file a
```

```
 1  Motion for Summary Judgment, and whatever they attach
 2  to it, they will attach as evidence, yes.
 3            MS. WEATHERS:  So does the time start once --
 4            THE COURT:  Once they file, time starts to run
 5  on the day they file the Motion for Summary Judgment;
 6  okay?  Understood?
 7            MS. WEATHERS:  I believe so.
 8            THE COURT:  Okay.  We could -- I don't really
 9  know that we need to enter an entire Scheduling Order
10  at this point in time, but it might be helpful,
11  especially to Ms. Weathers, if we had some sort of
12  time frame for the briefing on the Motion for Summary
13  Judgment.
14            MR. PALMER:  I think that's a great idea, Your
15  Honor.
16            MR. PATTON:  So, if we could maybe get --
17  what's today?  I don't even know what today is.
18            THE COURT:  Today is May 1.
19            MR. PATTON:  I'm sorry.  I was in ER with my
20  daughter yesterday, so I'm a little confused.
21            THE COURT:  Oh.
22            MR. PATTON:  If we could just have two weeks --
23            THE COURT:  Okay.
24            MR. PATTON:  -- to have it filed, and then she
25  can have the 20 days.  But, yeah, we'd just like to
```

```
 1  get -- now that we know the side is served, we can get
 2  what we want to get filed.
 3              THE COURT:  Okay.  So let's enter an order
 4  giving you, just for sake of having a cushion -- the
 5  Defendant will file its Motion for Summary Judgment by
 6  May 22nd, no later than May 22nd.
 7              MR. PATTON:  Okay.
 8              THE COURT:  So they will file no later than
 9  May 22nd.  Whatever day they file the motion on, that
10  starts the clock running for your response; understood?
11              MS. WEATHERS:  Yes and no.
12              THE COURT:  Yes and no?
13              MS. WEATHERS:  I've never filed a lawsuit
14  before.  I don't understand all of the specifics, so I
15  cannot say honestly that I understand all of it
16  completely in its entirety.  But I believe, to the best
17  of my ability, that I understand what it is that I need
18  to move on.
19              THE COURT:  Okay.
20              MS. WEATHERS:  If that's clear enough.  Yes
21  and no is the best of my ability.
22              THE COURT:  When you file a lawsuit as a pro
23  se litigant, you take on the obligation to comply with
24  all of the rules; okay?  You understand that?  You're
25  going to be held to the same standards as if you were
```

1  represented by an attorney.  Do you understand what I'm
2  saying?
3          MS. WEATHERS:  Yes and no, that is my answer.
4          THE COURT:  It's just one question.  Do you
5  understand that I will hold you to the same standards
6  as if you were an attorney, meaning you have to follow
7  the Rules of Civil Procedure, you have to meet all the
8  deadlines.
9          MS. WEATHERS:  I understand.
10         THE COURT:  Okay.  The only thing that the
11 Court can do for you, as a pro se litigant, is
12 interpret your pleading liberally; all right?  So, if
13 you make a mistake on the title of your motion or, you
14 know, little minor things like that, that's not a
15 problem.  However, you have to meet your burden to
16 produce evidence to rebut the Motion for Summary
17 Judgment.  And if you don't meet that burden, your case
18 will be dismissed.  Do you understand that?
19         MS. WEATHERS:  Not on the basis of the time,
20 but on the basis of the facts of the case, if it's not
21 submitted liberally.  That's my understanding.
22         THE COURT:  The law will say what constitutes
23 an EEOC Complaint and the law provides the timeline for
24 that.  The law provides the timeline for filing a suit
25 once you receive a Right to Sue Letter from the EEOC.

```
 1  Okay?
 2              MS. WEATHERS:  Yes and no.  I understand I
 3  have deadlines.  He has two weeks.  I have 21 days from
 4  the date he enters --
 5              THE COURT:  His motion, yes; all right?
 6              Okay, anything else that we need to cover
 7  today?
 8              MR. PATTON:  I don't think so, Your Honor.
 9  Nothing from Houston Methodist.
10              THE COURT:  Okay.  The Clerk's Office,
11  Ms. Weathers, has a list of potential pro bono --
12              MS. WEATHERS:  I have reached out to almost
13  all of them, but I will keep trying.
14              THE COURT:  Okay.
15              MS. WEATHERS:  I have received from courts
16  names, addresses, and attorneys to talk to and, either
17  for one reason or another, I have not been able to
18  obtain --
19              THE COURT:  The court reporter cannot hear you
20  when you don't speak into the microphone.  I think to
21  summarize what you said, you have reached out to
22  various pro bono services and have not been able to
23  obtain representation.
24              MS. WEATHERS:  Not at this time, no.
25              THE COURT:  And you're continuing to seek
```

```
 1  retained counsel?
 2          MS. WEATHERS:  Yes.
 3          THE COURT:  All right.  Okay, do you have any
 4  other questions, ma'am?
 5          MS. WEATHERS:  Will there be another status
 6  conference?
 7          THE COURT:  Generally, no.  Usually, what
 8  happens is the motion will be filed.  You will file
 9  your response.  They may file a reply within seven days
10  of you filing your response.  If you want an oral
11  hearing, you may request one, but most of the time the
12  Motion for Summary Judgment is decided on the documents.
13          MS. WEATHERS:  Since we are not dismissing --
14  or granting or dismissing the Motion to Dismiss the
15  case, we're going directly into summary judgment, where
16  does that leave discovery and Scheduling Orders?
17          THE COURT:  If you -- I mean, we can enter a
18  Scheduling Order just for some initial discovery, if
19  you believe you need discovery.
20          MS. WEATHERS:  Absolutely, yes.
21          MS. WEATHERS:  Have you all communicated with
22  each other about the need for --
23          MR. PATTON:  I've communicated with
24  Ms. Weathers.  We just haven't talked about those kind
25  of details.  I think we talked about potentially
```

```
 1  putting something together, and we're happy to do it if
 2  that's what the Court wants to do.
 3          THE COURT:  Okay.  I'm going to have you all
 4  meet here in the courtroom after we're finished to
 5  discuss a discovery schedule, so that Ms. Weathers can
 6  get the discovery that she needs prior to having to
 7  respond to Motion for Summary Judgment.  That's the
 8  whole purpose of converting the Motion for Summary
 9  Judgment -- of converting the Motion to Dismiss into a
10  Motion for Summary Judgment is to give you the
11  opportunity to gather evidence that you need.
12              One thing that I want to explain to you
13  is, even though the Motion to Dismiss is being
14  withdrawn today, as a matter of law, the individual
15  person that you sued, Sunila Ali, the law -- the cause
16  of action that you have brought does not allow for
17  recovery or to sue an individual individually.  So I
18  just want to --
19          MS. WEATHERS:  There are exceptions to that as
20  well, from my understanding from what I have read, due
21  to negligence.
22          THE COURT:  Okay, well, here's what I want to
23  say.  And I don't think you have a negligence cause of
24  action in this case.  Here's what I want to say.
25              You all talk about the discovery that you
```

```
 1  believe you need.  If there is disagreement about the
 2  scope of discovery, submit a letter to me and I will
 3  get on the phone with you and address it.  I think that
 4  will work.
 5           MS. WEATHERS:  In this hearing we can have
 6  this room or --
 7           THE COURT:  You can have this room when I'm --
 8  I don't have any more hearings this morning, do I?
 9           CASE MANAGER:  No.
10           THE COURT:  You all can have this room; all
11  right?  Any other questions?
12           MS. WEATHERS:  Not at this time.
13           THE COURT:  And then once you have that
14  discussion and you agree on the discovery that's
15  needed, submit a Joint Agreed Initial Scheduling Order.
16  All right?
17           MS. WEATHERS:  Would it be helpful, Your
18  Honor, to (audio fading)?
19           MR. PATTON:  Yes, I was going to ask for that.
20           THE COURT:  Yes, yes.  And you all can fill
21  that in.
22           MS. WEATHERS:  I have the sheets.  Do you
23  need a copy for your reference?
24           MR. PATTON:  Yes.
25           THE COURT:  All right.  If there's nothing
```

```
 1  else, I will excuse you to meet and confer regarding a
 2  discovery schedule; all right?
 3          MR. PATTON:  Your Honor, is it okay?  My
 4  daughter went back to the ER while I was here, so is it
 5  okay if I leave Mr. Palmer here to handle it?
 6          THE COURT:  Yes, yes.  You have counsel here.
 7          Do you have an objection, Ms. Weathers?
 8          MS. WEATHERS:  I didn't object, excuse me.
 9          THE COURT:  Oh, I thought you were objecting
10  to my releasing Mr. Patton to go to the hospital.
11          MS. WEATHERS:  I did not, sorry.
12          THE COURT:  Okay.
13          MS. WEATHERS:  I stood up out of respect to
14  hear what he had to say, that he was leaving.  I
15  assumed that they were all leaving together after we
16  had just made arrangements.  So, if I have counsel,
17  that's absolutely -- thank you.
18          THE COURT:  Yes.
19          You're excused.  I hope your daughter is
20  okay.
21          MR. PATTON:  Thank you.
22          THE COURT:  All right.  So, Mr. Palmer and
23  Ms. Weathers, you may have this room to discuss the
24  schedule.  Thank you.
25          [10:45 a.m. - Proceedings adjourned]
```

C E R T I F I C A T I O N

I certify that the foregoing is a correct transcript of the electronic sound recording of the proceedings in the above-entitled matter.

/s/ Gwen Reed

5-31-23