UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:22-CV-04085 |
| HOUSTON METHODIST HOSPITAL AND SUNILA ALI, | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Response")[1] should not be considered and Defendant's Motion for Summary Judgment should be granted because—

- **Plaintiff has failed to provide competent evidence supporting her argument that she filed a Charge of Discrimination within the filing deadline. Instead, Plaintiff submitted an "online inquiry" to the EEOC on the date that she argues she "filed a charge." Such "online inquiry" cannot be properly viewed as a Charge of Discrimination because the "online inquiry" fails to request remedial action by the EEOC as required by the Supreme Court's holding in *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008);**

- **The limitations period for Plaintiff to file her Charge of Discrimination should not be equitably tolled because Plaintiff has not shown that "rare and exceptional circumstances" apply to this case; and**

- **Plaintiff's argument that Defendant Sunila Ali is not "a rightful party to this suit as a matter of law due to unlawful aiding and abetting harassment" is unavailing because Title VII does not permit liability against employees in their individual capacity.**

---

[1] Dkt. 37.

1

The claims alleged by Plaintiff are: race and gender discrimination and retaliation under Title VII. Plaintiff's Response misses the mark in articulating why Plaintiff's case should survive summary judgment. Instead, Plaintiff attempts to maintain her claims against Defendants by arguing that she timely filed a Charge of Discrimination within the 300-day filing period imposed by the EEOC, citing Texas state law to support her proposition,[2] and that Defendant Sunila Ali "is a rightful party to the suit as a matter of law due to the unlawful aiding and abetting harassment,"[3] while accusing Defendant Ali of violating a litany of federal criminal statutes.[4] Plaintiff's arguments are unavailing.

In addition, Plaintiff's response is almost entirely devoid of any reference to either credible or admissible evidence,[5] which may not serve as a substitute for competent summary judgment evidence. In addition, Plaintiff's reliance on nothing more than hearsay in attempting to create a fact issue is not appropriate for consideration in ruling on a summary judgment motion.[6] As a result, Defendants' Motion for Summary Judgment should be granted.

## I.   ARGUMENTS IN REPLY

At the outset, Defendants note that Plaintiff's Response contains no allegations that are supported by any credible or admissible evidence, and have no bearing on the issues in dispute. As the Court is aware, the Court, is "not required to scour the record in search of

---

[2] Plaintiff's Response states in pertinent part that: "I signed the Charge of Discrimination on 08/03/2022 as was issued by the Texas Workforce Commission's Civil Rights Division within the statute of limitations and lends defendants no basis for dismissal; defendants' failure to perceive this is criminal negligence. Dkt. 37 at 1-2 (citing Tex. Lab. Code § 21.256) (emphasis in original).

[3] Dkt. 37 at 6.

[4] *See id.*

[5] *See* Defendants' Objections to Plaintiff's Summary Judgment Evidence, filed concurrently herewith.

[6] *See* Fed. R. Civ. P. 56(e); *Martin v. John W. Stone Oil Distributor, Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

evidence to support the non-movant; nor is the [] court required to concoct arguments in opposition to the movant."[7] It is Plaintiff's burden to direct this Court to competent, admissible evidence and to raise salient points. Here, Plaintiff has made a failed attempt in merely proffering inadmissible evidence in support of her opposition to Defendants' Motion for Summary Judgment with the hope that the Court will simply deny Defendants' Motion for Summary Judgment based solely on those inadmissible exhibits. As a result, Defendant's Motion for Summary Judgment should be granted.

A.  **Plaintiff Did Not File A Charge Of Discrimination Within The Applicable Filing Deadline Nor Can Plaintiff Point To Any Evidence Tending to Show That She Did**

Plaintiff did not file a Charge of Discrimination upon which her claims are based until August 3, 2022—303 days after Houston Methodist terminated her.[8] Ignoring this fact, Plaintiff simply argues that she "did make a timely filing" and that she "filed [her] charge on 02/11/2022."[9] Supporting this assertion, Plaintiff submits the following screenshot as Exhibit A to Plaintiff's Response:[10]

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[7] *Eyikogbe v. Tex. State Dep't of Highways & Pub. Transp.*, 990 F.2d 1252 (5th Cir. 1993).

[8] Plaintiff was terminated from Houston Methodist on October 4, 2021. *See* Dkt. 31-5. Plaintiff filed her Charge of Discrimination on August 3, 2022. *See* Dkt. 31-1.

[9] Dkt. 37 at 1.

[10] Dkt. 37 at 14-15.



At most, Plaintiff's proffered "evidence" does not indicate that she filed her charge of discrimination on February 11, 2022. Rather, Plaintiff submitted an online inquiry on the EEOC's Public Portal on February 11, 2022, which is separate and distinct from the Charge of Discrimination that was filed on August 3, 2022.

In *Federal Express Corp v. Holowecki*,[11] the Supreme Court considered the meaning of a "charge" filed with the EEOC: a charge must contain an allegation, the name of the charged party, and a *request for remedial action*.[12] The Supreme Court "found that a detailed and verified

---

[11] 552 U.S. 389 (2008).

[12] *See Holowecki*, 552 U.S. at 402 (emphasis added).

4

intake questionnaire constituted a charge under the ADEA because it contained all of the necessary information on an EEOC charge form, it was sworn, and it asked the EEOC to take action."[13] Plaintiff's submitted evidence does not establish that she filed a "charge" as those requirements are set forth in *Holowecki*.

Here, Plaintiff argues that the documents she submitted in February 2022 should be construed as a formal Charge of Discrimination for purposes of satisfying her 300-day filing deadline. However, Plaintiff has offered no evidence—and can point to none—showing that Plaintiff requested remedial action by the EEOC or otherwise "request[ed] the agency to activate its machinery and remedial processes" in February 2022.[14] Plaintiff's screenshot exhibit cannot be properly viewed as a "charge of discrimination."

Several courts in this circuit have noted that *intake questionnaires* as opposed to online inquiries do not constitute charges of discrimination.[15] The same principles in those cases should be applicable here as Plaintiff has brought forth no evidence that she requested that the EEOC act in February 2022. As one court in this circuit has aptly noted: **"[i]f simply completing the Intake Questionnaire amounted to a charge, then every properly completed intake questionnaire would be a charge, a conclusion not supported by the statute, its regulations, or *Holowecki*, which held that 'the agency is not required to**

---

[13] *Pickney v. Diamond Offshore Services Ltd.*, No. H-18-4545, 2022 WL 889035, at *5 (S.D. Tex. Mar. 25, 2022).

[14] *Holowecki*, 552 U.S. at 402.

[15] *See Freeland v. Coors of Austin, L.P.*, No A-14-CA-443-SS, 2015 WL 4744362 at *8 (W.D. Tex. Aug. 10, 2015) ("[C]ourts in this circuit have held the intake questionnaire is not a charge and dismissed the plaintiff's claims."); *see also Asongwe v. Wash. Mut. Card Servs. & Subsidiaries,* No. 3:09–CV–0688–G (BH) ECF, 2009 WL 2337558, at *3 (N.D. Tex. July 29, 2009) ("Since the intake questionnaire fails to request remedial action by the EEOC, it cannot be deemed a proper charge of discrimination.").

**treat every completed Intake Questionnaire as a charge.'"** [16] Therefore, Plaintiff's February 2022 submission should not be viewed as a Charge of Discrimination and Plaintiff's claims should be dismissed as untimely.

In the alternative, Plaintiff has not shown that her February 2022 submission was a sworn statement, contrary to the requirements of a charge of discrimination. On that point, the recent Fifth Circuit case of *Ernst v. Methodist Hosp. System*,[17] is instructive. In *Ernst*, the Fifth Circuit held that plaintiff failed to exhaust his administrative remedies because plaintiff's intake questionnaire was not verified and because plaintiff's employer did not receive notice of the additional allegations during the EEOC investigation.[18] Notably, the Court in *Ernst* stated that "[a]n intake questionnaire that 'is not verified as required by EEOC regulations . . . cannot be deemed a charge.'"[19] Here, since Plaintiff has not shown that her February 2022 submission was verified in the same way as in *Ernst*, Plaintiff has failed to exhaust her administrative remedies under Title VII and they should appropriately be dismissed.

**B.    Plaintiff Has Shown No Factual Basis For Equitable Tolling Nor Is Equitable Tolling Appropriate In Any Event**

Plaintiff seemingly includes arguments for equitable tolling to apply to her case, asserting that she "attempted everyday possibly conceivable to schedule an interview, making due diligence [sic], and when I logged in to use [the EEOC's] virtual proprietary calendar, [the EEOC] consistently marked out every-single-date as unavailable" to file her Charge of

---

[16] *Id.* at *7.

[17] 1 F.4th 333 (5th Cir. 2021).

[18] *Id.* at 339.

[19] *Id.* at 338 (quoting *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017)).

Discrimination.[20] Equitable tolling is not appropriate here to toll the 300-day limitations period applicable to her case, nor has Plaintiff carried her burden of demonstrating that it applies.[21]

Under the equitable tolling doctrine, failure to file a Charge of Discrimination within 300 days of the alleged discriminatory action "may be excused (although not exclusively) in three circumstances: (1) a pending action between the parties in the incorrect forum; (2) the claimant's unawareness of facts supporting her claim because the defendant intentionally concealed them; and (3) the claimant's being misled by the EEOC about her rights."[22] Importantly, **"[t]he equitable-tolling doctrine is [to be] . . . 'applied [only] sparingly'"**[23] and applies only in **"rare and exceptional circumstances."**[24]

Here, although Plaintiff argues that "[e]quitable [t]olling includes extensions for reasonable periods of time where misleading information or mishandling of the charge has occurred,"[25] Plaintiff does not explain exactly how she was misled or how the charge was mishandled. Further, while Plaintiff cites her apparent diligence in pursuing the filing of her charge, it does not save her missed filing deadline vis-à-vis the application of equitable tolling. **"Although the employee's diligent pursuit of remedies is relevant. . . standing alone,**

---

[20] Dkt. 37 at 3.

[21] *See Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).

[22] *Tillison v. Trinity Valley Elec. Co-op. Inc.*, 204 F. App'x 346, 348 (citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003)*, cert. denied,* 540 U.S. 1107 (2004).

[23] *Id.* (quoting *Ramirez*, 312 F.3d at 183) (emphasis added).

[24] *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (emphasis added).

[25] Dkt. 37 at 3.

**it does not justify tolling."**[26] Therefore, Plaintiff's 300-day filing deadline to file a Charge of Discrimination with the EEOC should not be equitably tolled.

C. **Defendant Sunila Ali Is Not A "Rightful Party To This Suit As A Matter Of Law"**

Plaintiff argues—without citing to any authority— that "Sunila Ali is a rightful party to the suit as a matter of law due to unlawful aiding and abetting harassment."[27] Confusingly, Plaintiff further argues that Defendant Sunila Ali's "negligent supervision fostered conspiracies which allowed for and promoted discriminatory behavior of one employee towards another," citing various criminal statutes under Title 18 of the United States Code.[28] Such arguments are not only off-point, but are simply misguided and are patently incorrect.

The Fifth Circuit "has repeatedly rejected any individual liability under Title VII."[29] Importantly, **"[i]ndividual employees, . . . even those functioning in a management capacity, cannot be held personally liable under Title VII."**[30] Such is the case with Defendant Sunila Ali. While Defendant Sunila Ali was at most Plaintiff's *manager*, she was not Plaintiff's *employer* within the meaning of Title VII. Thus, Defendant Sunila Ali cannot be held individually liable under Title VII and thus is not a proper party to this lawsuit.

---

[26] *Teemac v. Henderson*, 298 F.3d 452, 458 (5th Cir. 2002) (emphasis added).

[27] Dkt. 37 at 6.

[28] *Id.*

[29] *Baldwin v. Layton*, 300 F. App'x 321, 323 (5th Cir. 2008) (citing *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII.").

[30] *Humphreys v. Medical Towers, Ltd.*, 893 F. Supp. 672, 688 (S.D. Tex. 1995) (finding that individual defendant in Title VII case who controlled operations of employer, and was sole shareholder and president of managing and general partner of employer, was insufficient, standing alone, to impose individual liability upon him under Title VII) (emphasis added).

## CONCLUSION

Based on the foregoing, Defendants request the Court sustain Defendant's objections to Plaintiff's summary judgment evidence; grant Defendants' summary judgment on Plaintiff's claims; and grant all other relief the Court deems appropriate.

Respectfully submitted,

By: /s/ *Daniel Patton*

Daniel Patton
Federal Bar No. 26200
Texas Bar No. 24013302
dpatton@scottpattonlaw.com

ATTORNEY IN CHARGE FOR DEFENDANTS

OF COUNSEL:

Patrick M. Palmer II
Federal Bar No. 3542529
Texas Bar No. 24116871
palmer@scottpattonlaw.com
**SCOTT PATTON PC**
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone:     (281) 377-3311
Fax:         (281) 377-3267

## CERTIFICATE OF SERVICE

I certify that on June 28, 2023, a true and correct copy of *Defendants' Reply to Plaintiff's Response In Opposition To Defendant's Motion for Summary Judgment* was served on all counsel of record via email and U.S. Mail in accordance with the Federal Rules of Civil Procedure.

Caitlin Weathers
2425 Capitol Street, #2143
Houston, Texas 77003
*Plaintiff Pro Se*

/s/ *Daniel Patton*
Daniel Patton