United States District Court
Southern District of Texas
**ENTERED**
October 10, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, *Plaintiff,* | § § § | |
| V. | § § | CIVIL ACTION NO. 4:22-CV-4085 |
| HOUSTON METHODIST HOSPITAL, ET AL., *Defendants.* | § § § § | |

# SUMMARY JUDGMENT OPINION AND ORDER

This employment discrimination case is before the Court on Defendants' Motion for Summary Judgment.[1] ECF 31. After a May 1, 2023 status conference, the Court concluded that this case is best addressed in stages. ECF 33. Accordingly, the Court ordered Plaintiff to respond only to two issues raised in Defendants' Motion for Summary Judgment: (1) whether Plaintiff's EEOC Charge of Discrimination was submitted within 300 days of Defendants' alleged discriminatory acts; and (2) whether Title VII allows Plaintiff to assert a claim against the individual Defendant, Sunila Ali. *Id.* Plaintiff filed her opposition (ECF 37) as well as a "Motion in Support of Opposition to Summary Judgment" (ECF

---

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes including final judgment. ECF 25.

412).  Defendant filed a Reply (ECF 38) and objections to Plaintiff's evidence (ECF 39).  The matter is ripe for determination.

Because the two issues referenced above are dispositive, the Court GRANTS Defendants' Motion for Summary Motion and does need not consider the additional grounds for dismissal raised by Defendants.

I.   **Background**

Plaintiff, a white female, was hired by Houston Methodist Hospital (Methodist) in May 2019 as a part-time transporter.  ECF 31-2 at 2-3.  She became a full-time employee in September 2019.  ECF 31-3.  In May 2021, Plaintiff was transferred to the position of Patient Care Assistant.  ECF 31-4.  Plaintiff's supervisor was Sunali Ali, the Director of Methodist's Neurological Intensive Care Unit (NICU).  ECF 31-8.  Plaintiff alleges that as a Patient Care Assistant in the NICU she was harassed by coworkers and retaliated against by Defendant Sunali Ali.  ECF 1 at 8.  Defendant contends Plaintiff was counseled and ultimately terminated on October 4, 2021 for performance issues.  ECF 31 at 3; ECF 31-5 ECF 31-6; ECF 31-7.

Plaintiff executed a formal EEOC Charge of Discrimination on August 3, 2022 alleging that Methodist Hospital discriminated and retaliated against her when

---

[2] To the extent ECF 41 is docketed as a Motion, it is DENIED.  However, the Court has considered Plaintiff's opposition filed at ECF 41 in making its rulings herein.

2

it discharged her from her position as a Patient Care Associate on or about October 4, 2021. ECF 37 at 17. Plaintiff alleged in her EEOC Charge that she first complained about harassment in August 2021, but Methodist ignored her complaints. *Id.* Plaintiff believes that she was terminated in retaliation for complaining about harassment and discriminated against because of her "color, race (white), and sex (female) in violation of Title VII of the Civil Rights Act of 1964." *Id.*

The EEOC issued a Determination and Notice of Rights on August 11, 2022. ECF 37 at 20. The EEOC's Notice indicates that it decided not to proceed with an investigation of Plaintiff's Charge and was making no determination about whether an investigation would establish a Title VII violation. *Id.* Plaintiff filed an application to proceed in forma pauperis in federal court on November 9, 2022 and the Clerk filed her Complaint on November 16, 2022.

## II.     Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). If the party moving for summary judgment bears the burden of proof on an issue, the movant must "establish beyond

peradventure all of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclu[sory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### III. Analysis

As a threshold matter the Court addresses Defendants' Objections to Plaintiff's Summary Judgment Evidence. ECF 39. Defendants object to every Exhibit submitted with Plaintiff's Response except Exhibit B (her Charge of Discrimination signed on August 3, 2022) and Exhibit C (the EEOC's August 11, 2022 right to sue Notice), primarily on grounds of hearsay, optional completeness, and relevancy. *Id.* Several of Plaintiff's Exhibits go to the merits of her claim and are not relevant to the two issues that the Court directed Plaintiff to address in her

Response. ECF 33. Therefore, Defendants' relevancy objections to Exhibits F, I, J, and N are sustained. Defendants' objection to Exhibit K (described by Plaintiff as "[d]ate of observed injury" (ECF 37 at 11)) is sustained because Plaintiff did not attach an Exhibit K to her Response. Defendants' objections to Exhibits A, D, E, G, H, L, M, and O are overruled. However, having considered Plaintiff's evidence, the Court concludes that Plaintiff has not created a genuine issue of material fact as to the date she filed her EEOC Charge or Sunali Ali's individual liability.

### A. Plaintiff's Title VII discrimination and retaliation claims are time-barred.

A plaintiff is required to exhaust her administrative remedies before pursuing Title VII claims in federal court. *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019). A plaintiff exhausts administrative remedies by filing a charge with the EEOC within 300 days of the alleged discriminatory act and receiving a right to sue letter. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir. 1996)). A plaintiff must file a lawsuit within 90 days of receiving a right to sue letter from the EEOC. *Id.* Failure to file a timely charge with the EEOC before filing a Title VII case will result in dismissal of the plaintiff's case. *Perkins v. Starbucks Corp.*, No. 4:21-CV-4189, 2022 WL 17069145, at *3 (S.D. Tex. Nov. 17, 2022) (citing *Dao*, 96 F.3d at 788–89).

The Fifth Circuit recognizes equitable tolling of the 300-day limitation period. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). It is a plaintiff's burden to prove justification for equitable tolling of the 300-day limitation period. *Id.* Equitable tolling is applied sparingly and only in rare and exceptional circumstances. *Id.*; *Tipping v. Garland Cadillac*, No. 3:21-CV-1403-G-BH, 2022 WL 660193, at *4 (N.D. Tex. Feb. 9, 2022), report and recommendation adopted, No. 3:21-CV-1403-G-BH, 2022 WL 658766 (N.D. Tex. Mar. 4, 2022).

Methodist terminated Plaintiff on October 4, 2021. This is the latest date on which Plaintiff suffered a discriminatory act. Plaintiff was required to file a Charge of Discrimination within 300 days of October 4, 2021, or by August 1, 2022. Plaintiff has submitted what appears to be a phone screenshot of her publicportal.eeoc.gov dashboard showing "Case Number 460-2022-02396," "Submission Date 02-11-2022," "Type CHARGE," and "Status Charge Closed." ECF 37 at 15. Other information on the screen shot has been redacted. *Id.* Plaintiff argues that this screen shot proves she filed a timely charge with the EEOC on February 11, 2022.

Plaintiff also submits email correspondence between herself and Rafael Rivera, an EEOC Investigator Support Assistant. ECF 37 at 27-30. On August 1, 2022, Rivera asked Plaintiff to provide a "timeline of events that led up to termination." ECF 37 at 27. Plaintiff responded the same day and inquired "[d]oes

this offer enough information to get started?" ECF 37 at 27-28. On August 2, 2022, Rivera informed Plaintiff that he would "be sending your charge shortly to collect signature" and on August 3, 2022 Rivera informed Plaintiff that "your charge of discrimination is ready for your signature." ECF 37 at 28-29. Plaintiff digitally signed the Charge on August 3, 2022. ECF 37 at 17; ECF 37 at 29. Plaintiff has also submitted the EEOC's Notification & Acknowledgement of Dual-Filed Charge dated August 3, 2022, which states "a charge of employment discrimination, Caitlin Weathers v. HOUSTON METHODIST HOSPITAL DIS was initially received by Houston District office on 08/03/2022." ECF 41 at 10. A charge is considered "filed" on the date it is received by the EEOC. *Owens v. Dallas Cnty. Cmty. Coll. Dist.*, 793 F. App'x 298, 301 (5th Cir. 2019) (citing 29 C.F.R. § 1601.13).

Plaintiff has not met her burden to show that she filed a Charge of Discrimination with the EEOC on February 11, 2022, or at any time prior to August 3, 2022. The Supreme Court has held that in addition to "an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). Citing *Holowecki*, the Fifth Circuit has recognized that, in some circumstances, documents other than the EEOC charge form can serve as a charge. *Ernst v. Methodist Hosp.*

7

*Sys.*, 1 F.4th 333, 337 (5th Cir. 2021). However, a charge, among other things, must be in writing, signed, and verified. *Id.* An unsworn on-line inquiry to the EEOC does not meet the requirements for a charge of discrimination. *See Pickney v. Diamond Offshore Servs. Ltd.*, No. CV H-18-4545, 2022 WL 889035, at *6 (S.D. Tex. Mar. 25, 2022) (holding that plaintiff did not exhaust certain Title VII claims because his "pre-charge email to the EEOC was neither sworn nor attached to his sworn charge.").

Plaintiff's screenshot shows only that she submitted an inquiry to the EEOC on February 11, 2022, it was assigned case number 460-2022-02396 (the same case number reflected on her formal Charge of Discrimination), and her Charge was ultimately closed. ECF 37 at 15. The screenshot does not show that Plaintiff's February 11, 2022 submission included an allegation and the name of the charged party, or that it "could be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Holowecki*, 552 U.S. at 402. Plaintiff's own evidence demonstrates that she did not sign her Charge until August 3, 2022. ECF 37 at 17; ECF 37 at 29. Plaintiff's evidence also demonstrates that the EEOC did not consider the Charge filed until August 3, 2023. ECF 41 at 10. Thus, Plaintiff has not met her burden to show that her February 11, 2022 submission meets the

minimal characteristics of a "charge" set forth in *Holowecki*. The Court concludes that Plaintiff filed her Charge of Discrimination on August 3, 2022, 3 days late.

Plaintiff references equitable tolling in her Response. ECF 37 at 3. However, Plaintiff fails to provide a basis for her argument that the 300-day limitations period should be tolled in this case. Plaintiff asserts that "[n]o appeal was made after I filed my charge with the EEOC on 02/11/2022," but there is no "appeal" from the filing of a charge (even if the 02/11/2022 filing were considered a charge). *Id.* She also asserts that she "attempted everyday possibly conceivable to schedule an interview" but dates were never available due to the cessation of in person interviews during Covid-19, and that when she scheduled interviews they had to be cancelled "due to unexpected cancellations."[3] *Id.* Plaintiff does not allege that the "unexpected cancellations" were caused by the EEOC.

The Fifth Circuit has recognized three bases for equitable tolling:

(1) the pendency of a suit between the same parties in the wrong forum;
(2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights.

---

[3] The Court is in possession of certain documents Plaintiff apparently submitted in a courtesy copy of ECF 41 but did not docket on the record. These documents, which are not necessary to the Court's decision, show that the EEOC created an inquiry on February 11, 2022 and promptly scheduled an interview for May 16, 2022, which was cancelled on May 12, 2002. The documents also show that EEOC reached out to Plaintiff on July 7, 2022 to inform her of the pending August 1, 2022 deadline and made at least one other attempt to contact Plaintiff prior to Rivera's August 1, 2022 email cited above. In sum, the undocketed records do not support a finding that Plaintiff diligently pursued filing a formal Charge of Discrimination following her February 11, 2022 online inquiry as required to warrant equitable tolling of the statute of limitations.

*Granger*, 636 F.3d at 712. Plaintiff's explanation does not fall within one of the recognized bases for equitable tolling. The Fifth Circuit in *Granger* left the door open to recognize other bases, but Plaintiff's circumstances do not rise to the level of those previously recognized as justifying equitable tolling. For example, in *Mace v. Republic Health Corp. of Rockwall Cnty.*, No. 3:21-CV-01709-M, 2022 WL 2918107, at *3 (N.D. Tex. July 25, 2022) the district court found equitable tolling appropriate where the EEOC actively misled Plaintiff into believing that she could not preserve her claim by filing a timely charge on her own and had to await an EEOC interview before filing. There is no evidence or allegation in this case that the EEOC misled Plaintiff about her rights and obligations. Plaintiff's circumstances are more similar to those in *Houston v. Texas Dep't of Agric.*, No. CV H-18-4431, 2019 WL 11670785, at *3 (S.D. Tex. June 5, 2019) in which the district court rejected plaintiff's argument that equitable tolling was justified "because she was waiting for a call-back from an EEOC employee to make an appointment."

The Court concludes that rare and exceptional circumstances warranting equitable tolling do not exist in this case. Therefore, Plaintiff's claims must be dismissed with prejudice as time barred.

    **B. There is no individual liability under Title VII.**

Title VII prohibits discrimination by employers. 42 U.S.C. § 2000e-2(a). The term "employer" is defined in Title VII as "a person engaged in an industry affecting

commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year." 42 U.S.C. § 2000e. It is well established that individuals that are no employers "are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir.2002). The record establishes that Defendant Sunali Ali is an individual who was Plaintiff's supervisor, not her employer. *See* ECF 31-5; ECF 31-6; ECF 31-8. Therefore, Plaintiff's Title VII claims against Sunali Ali must be dismissed with prejudice.

### IV.   Conclusion and Order

For the reasons discussed above, Defendants' Motion for Summary Judgment is GRANTED and Plaintiffs' Title VII claims are DISMISSED WITH PREJUDICE. The Court will issue a separate Final Judgment.

Signed on October 10, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge