**United States Court of Appeals for the Fifth Circuit**

United States Courts
Southern District of Texas
FILED
September 26, 2024
Nathan Ochsner, Clerk of Court

United States Court of Appeals
Fifth Circuit
**FILED**
September 4, 2024
Lyle W. Cayce
Clerk

No. 23-20536

CAITLIN JULIA WEATHERS,

*Plaintiff—Appellant,*

*versus*

HOUSTON METHODIST HOSPITAL; SUNILA ALI,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-4085

---

Before WIENER, ELROD, and WILSON, *Circuit Judges.*
PER CURIAM:

Caitlin Julia Weathers sued Houston Methodist Hospital and Sunila Ali, alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e17. The district court[1] correctly dismissed the claims against Ali because employees are not personally liable for their actions under Title VII. It also dismissed Weathers's claims against Methodist because she filed her charge of discrimination two days after the

---

[1] The parties consented to the jurisdiction of the Magistrate Judge for all purposes including final judgment.

filing deadline. Because this is one of the rare circumstances when the doctrine of equitable tolling applies, we reverse the district court's dismissal of Weathers's claims against Methodist and remand for further proceedings.

## I.

### A.

Weathers is a white woman whom Methodist hired as a Patient Transporter in May 2019. In June 2021, Weathers started a new position as a Patient Care Assistant in Methodist's Neurological Intensive Care Unit under the supervision of Sunila Ali. In August 2021, Weathers texted Ali that her co-workers were harassing her and discriminating against her because of her race. After Ali failed to respond, Weathers e-mailed Mariana Mondragon in Human Resources (HR) about her concerns. Weathers then texted Ali again, informing Ali that she had reached out to HR.

HR conducted interviews with Weathers's co-workers about her complaints. Although HR was not able to substantiate any of Weathers's allegations, it received negative feedback about Weathers's job performance. Accordingly, Ali and Mondragon met with Weathers on August 23, 2021, to discuss Weathers's discrimination and harassment allegations, as well as her poor job performance. At the meeting, Ali and Mondragon placed Weathers on a performance improvement plan (PIP).

Ali followed up with Weathers throughout September regarding Weathers's job performance, noting that Weathers was not meeting the expectations outlined in the PIP. On September 30, 2021, Weathers reported her co-worker, Sharon Agawy, to Ali "regarding ongoing issues of harassment." That same day, Weathers had a confrontation with a nurse about a patient. Four days later, on October 4, Methodist fired Weathers. Methodist contends it fired her for poor performance and for failing to meet

the expectations outlined in her PIP. Weathers asserts that Methodist and Ali fired her in retaliation for her discrimination and harassment complaints.

## B.

On February 11, 2022, Weathers filed an online inquiry via the EEOC's Public Portal. "Thereafter, [she] attempted everyday [sic] possibly conceivable to schedule an interview" with the EEOC. However, she struggled because the EEOC's online scheduling calendar was "consistently marked out . . . as unavailable," and she could not reach anybody by phone. Eventually, she scheduled an interview with the EEOC on May 16, 2022, to discuss her claim. That call was cancelled on May 12. It is not clear from the record why that call was cancelled or who cancelled it, but Weathers contends that EEOC staff cancelled the appointment without her consent. On July 7, 2022, EEOC staff contacted Weathers via e-mail, informing her that the statute of limitations to file her charge of discrimination would expire on August 1, 2022. The EEOC asked Weathers if she was "still interested in filing a charge of discrimination." Two days later, she responded "[y]es, I'm still interested in filing a charge!!!" and asked for the next steps to do so.

On July 28, 2022, the EEOC sent Weathers an e-mail scheduling her for a telephone interview on August 1. The e-mail stated that Weathers's answering the questions in the interview was not the same as filing a charge of discrimination. But the message neither warned Weathers that a charge would not be filed promptly after her interview nor offered her any other method for submitting a charge. After the interview, the EEOC requested from Weathers a detailed timeline of events leading to her termination. Weathers responded within two hours, providing a timeline along with additional allegations.

On August 2, 2022, the EEOC contacted Weathers again, requesting additional details about her allegations of discrimination and stating that the

agency would send her a copy of the charge of discrimination to sign. Weathers responded later that night, and the EEOC sent her the charge the next morning. Later on August 3, Weathers signed the charge via the EEOC's website, 303 days after the date of her termination. The EEOC issued notice of the charge to Methodist on August 8, 2022.

On August 11, 2022, the EEOC issued Weathers a Right to Sue letter. Weathers thereafter filed her lawsuit against Methodist and Ali on November 16, 2022, alleging discrimination and retaliation under Title VII. Instead of filing an answer, Methodist moved to dismiss Weathers's complaint for failure to file a charge of discrimination. While Methodist's motion was pending, it filed a "reply" in support of its motion, clarifying that Weathers had filed a charge on August 3, 2022, but that the charge was untimely. Because Methodist attached the charge to its reply, the district court allowed Methodist to refile its motion to dismiss as a motion for summary judgment. At no point did Methodist file an answer to Weathers's complaint.

Methodist raised four arguments: (1) Weathers's claims were time-barred because her charge of discrimination was not filed within 300 days of her termination; (2) her claims against Ali should be dismissed because Title VII does not permit liability against employees in their individual capacity; (3) Weathers failed to state a prima facie case of discrimination; and (4) Weathers failed to state a prima facie case of retaliation. After a status conference, the district court determined that the case was "best addressed in stages." It therefore ordered Weathers to respond only to the first two issues raised by Methodist.

After considering the parties' briefing, the district court dismissed Weathers's claims with prejudice. First, it held Weathers's claims were time-barred because she failed to file a verified charge of discrimination with the EEOC within 300 days of her termination, and equitable tolling did not

apply. It then held that Weathers's claims against Ali must be dismissed because Ali could not be held individually liable under Title VII. Weathers appealed the district court's dismissal of her claims as time barred.[2]

## II.

Generally, "a district court's determination that a plaintiff failed to exhaust administrative remedies is reviewed *de novo*." *EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753 (5th Cir. 2020) (per curiam). But we "review[] a district court's decision to deny equitable tolling for abuse of discretion." *Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375, 380 (5th Cir. 2019) (per curiam). "[A] district court abuses its discretion when it does not consider 'a relevant factor that should have been given significant weight.'" *PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 559 (5th Cir. 2023) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 n.4 (5th Cir. 2008) (en banc)). We liberally construe Weathers's filings because she is a *pro se* litigant. *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023).

---

[2] On appeal, Weathers addressed the claims against Ali only in her reply brief. Accordingly, she has forfeited any argument that the district court erred by dismissing those claims. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in [her] *initial* brief on appeal."); *see also Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) (noting that *pro se* litigants "must still brief the issues and reasonably comply with the standards of [Federal Rule of Appellate Procedure] 28"). Even so, it is well established that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003). We therefore affirm the district court's dismissal of Weathers's claims against Ali.

No. 23-20536

## III.

Weathers raises two main arguments on appeal.[3] First, she contends that her August 3 charge of discrimination was timely because it related back to her earlier submissions to the EEOC. Second, she asserts that, even if her charge did not relate back to her earlier submissions, the district court should have applied equitable tolling to deem her charge timely filed. We address each argument in turn.

### A.

Before suing under Title VII, aggrieved employees must first file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1). In Texas, the charge must be filed within 300 days after the alleged unlawful act occurred. *Id.*; *see Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 554–56 (5th Cir. 1987). Among other things, a charge must include information regarding the person against whom the charge is made and "[a] clear and concise statement of the facts ... constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3). A charge must be in writing, signed, and verified. *Id.* § 1601.9. Notwithstanding these requirements, "a charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of," within 300 days. *Id.* § 1601.12(b). After that point, "[a] charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and

---

[3] The EEOC filed a brief as amicus curiae in support of Weathers. We consider the EEOC's arguments to the extent that they were first presented by the parties. *See World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 752 n.3 (5th Cir. 2009) ("It is well-settled in this circuit that an amicus curiae generally cannot expand the scope of an appeal to implicate issues that have not been presented by the parties to the appeal." (internal quotations omitted)).

6

amplify allegations made therein." *Id.* Such amendments are timely even if they occur after the 300-day deadline so long as they "relate back to the date the charge was first received." *Id.*; *see also Edelman v. Lynchburg Coll.*, 535 U.S. 106, 118 (2002); *Vantage*, 954 F.3d at 753–57.

Weathers first contends that her claims were not time barred because her February 11 online inquiry, paired with her July 7 and August 1 exchanges with the EEOC, constituted a sufficient charge, such that her verification of the formal charge of discrimination on August 3 related back to those earlier submissions. *See* 29 C.F.R. § 1601.12(b). But Methodist correctly asserts that Weathers forfeited her relation-back argument by failing to raise it in the district court. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). And although we may consider an argument raised for the first time on appeal if "[1] it is a purely legal matter and [2] failure to consider the issue will result in a miscarriage of justice," *id.* at 398, a party must at least "make an argument or showing of extraordinary circumstances" before that exception applies, *Bernal v. Bexar County*, 757 F. App'x 316, 319 (5th Cir. 2018) (per curiam) (quoting *French v. Allstate Indem. Co.*, 637 F.3d 571, 583 (5th Cir. 2011)); *see also AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009) (declining to consider a party's argument for the first time on appeal when its briefing was "devoid of any argument that a miscarriage of justice would result from [the court's] failure to consider the . . . issue"). Weathers does not address Methodist's waiver argument, much less make a showing of extraordinary circumstances. We therefore decline to consider her relation-back argument for the first time on appeal.

## B.

Weathers's equitable tolling argument fares better. Because Title VII's exhaustion requirement "is not a jurisdictional prerequisite to suit," it is subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S.

385, 393 (1982). We have expressly recognized three circumstances when equitable tolling is appropriate in Title VII cases: "(1) the pendency of a suit between the same parties in the wrong forum; (2) [the] plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." *Melgar*, 931 F.3d at 380 (quoting *Wilson v. Sec'y, Dep't of Veteran Affs. ex rel. Veterans Canteen Servs.*, 65 F.3d 402, 404 (5th Cir. 1995)).

The first two circumstances are not relevant in this case. And the third cannot apply because Weathers does not contend that the EEOC overtly misled her. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003) ("We apply equitable tolling when an employee seeks information from the EEOC, and the organization gives the individual *incorrect information* that leads the individual to file an untimely charge."); *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002) ("It is not sufficient . . . to show that the EEOC failed to give [a plaintiff] some relevant information; [a plaintiff] must demonstrate that the EEOC gave [her] information that was affirmatively wrong."); *see also Melgar*, 931 F.3d at 381 (quoting *Manning*, 332 F.3d at 881). "Nonetheless, we have opined that there may be other bases that warrant equitable tolling." *Melgar*, 931 F.3d at 381 (citing *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999)).

In *Melgar*, this court considered tolling the filing deadline for a *pro se* plaintiff when the delay in filing the underlying EEOC charge was in part attributable to the EEOC. *See* 931 F.3d at 380–82. Melgar was fired from his job in December 2013. *Id.* at 376. On June 30, 2014, he submitted an intake questionnaire to the Texas Workforce Commission (TWC). *Id.* Because Melgar missed the 180-day filing deadline with TWC, it forwarded his complaint to the EEOC. *Id.* at 377. On September 23, 2014, the EEOC sent Melgar a letter stating that it would review his correspondence but that it

could take between 90 and 120 days. *Id.* On October 22, the EEOC conducted an interview with Melgar. *Id.* Over eight months later, on June 12, 2015, the EEOC informed Melgar's former employer that a party had filed a charge of discrimination against it. *Id.* On July 17, an EEOC investigator instructed Melgar to read, sign, and date his formal charge of discrimination by August 4, 2015. *Id.* Nevertheless, Melgar did not sign the charge of discrimination until December 16, 2015, even though the EEOC contacted him multiple times. *Id.* After Melgar filed suit, the district court dismissed his claims for failure timely to exhaust his administrative remedies. *Id.* at 378.

On appeal, Melgar argued that the district court erred by refusing to apply equitable tolling to his claims. *Id.* at 380. He contended that the "time elapsed due to the [EEOC's] inaction deserved to stop the running of the statute of limitations." *Id.* at 381 (internal quotations omitted). This court partially agreed, holding that the district court erred by concluding that Melgar was responsible for the entire delay in filing. *Id.* It reasoned that once the EEOC sent Melgar its September 2014 letter, "it would not be unreasonable for [Melgar], unschooled in the law and without the aid of counsel, to take no further action during the limitations period in the belief that [he] had done that which was required of [him]." *Id.* (second and third alterations in original) (quoting *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 79 (5th Cir. 1982)). Accordingly, this court did not fault Melgar for the delay spanning September 23, 2014, through August 4, 2015. *Id.* Nevertheless, this court affirmed the district court's dismissal of Melgar's claims because the delay attributable to Melgar was still longer than 300 days. *See id.*

Here, there are two periods of delay plainly attributable to the EEOC. The first is from February 11, 2022, when Weathers filed her online inquiry,

9

until May 12, 2022, when the EEOC cancelled her first appointment.[4] The second lull is from July 9, 2022, when Weathers replied to the EEOC's July 7 e-mail that she remained interested in filing a charge of discrimination, until August 1, 2022, when the EEOC rescheduled her cancelled interview from May. In both lapses, "it [was] not ... unreasonable for [Weathers], unschooled in the law and without the aid of counsel, to take no further action ... in the belief that [she] had done that which was required of [her]." *Id.* And unlike the claimant in *Melgar*, Weathers promptly responded to the EEOC's requests for information, including within only hours of her August 1 interview, and she signed her charge the day the EEOC sent it to her. Again, unlike *Melgar*, excluding the EEOC's delays, Weathers's charge easily fits within the filing timeframe.

The question remains whether the district court's refusal to apply equitable tolling to Weathers's claims constitutes an abuse of discretion. We hold that it does because the district court failed to consider three "relevant factor[s] that should have been given significant weight." *PHH Mortg. Corp.*, 80 F.4th at 559 (quoting *In re Volkswagen*, 545 F.3d at 310 n.4). First, as just discussed, the district court should have given significant weight to the delays attributable to the EEOC. *See Melgar*, 931 F.3d at 380–82; *see also Granger v. Aaron's, Inc.*, 636 F.3d 708, 711–13 (5th Cir. 2011) (affirming the application of equitable tolling partly based on "the government's considerable errors and neglect"); *Galvan v. Bexar County*, 785 F.2d 1298, 1307 (5th Cir. 1986) (finding "no basis for allowing an error by ... the EEOC" to bar a plaintiff's ADEA claim); *Price*, 687 F.2d at 79 (declining to fault plaintiff for EEOC's delay in sending her charge to be signed); *cf. McKee v. McDonnell Douglas*

---

[4] As noted earlier, it is not clear from the record who cancelled the appointment. But at summary judgment, we draw all inferences in the light most favorable to Weathers, as the nonmovant. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

*Tech. Servs. Co.*, 700 F.2d 260, 264 (5th Cir. 1983) (recognizing that a complainant should not be charged with the failure of the EEOC to fulfill its statutory obligations). Yet, the district court did not discuss *Melgar*, or any other Fifth Circuit precedent; it instead relied only on two district court cases in declining to toll Weathers's claims.

Second, this court has long held that "equitable tolling may apply where the claimant has vigorously pursued [her] action, but has inadvertently missed deadlines due to ... her lack of sophistication with the procedural requirements of Title VII claims." *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992); *see also Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 970-71 (5th Cir. 2023) (vacating the dismissal of plaintiff's claims for failure to exhaust and remanding because the district court did not make a finding as to the plaintiff's diligence in pursuing his claims); *Granger*, 636 F.3d at 712 (noting that "[w]e are more forgiving" in applying equitable tolling "when a claimant ... has exercised due diligence in pursuing her rights"). The district court concluded that the record did "not support a finding that [Weathers] diligently pursued filing a formal Charge of Discrimination following her February 11, 2022 online inquiry." That reading of the record is clearly erroneous.

Once Weathers filed her online inquiry in February 2022, she "attempted everyday [sic] possibly conceivable to schedule an interview." After finally securing an interview for May 16, that interview was cancelled on May 12. And although Weathers arguably sat on her rights from May 13 to July 7, she responded within two days to the EEOC's July 7 e-mail inquiring whether she still intended to file a claim. Once the EEOC rescheduled her interview on August 1, 2022, Weathers promptly complied with both the interview and the EEOC's additional requests for information. After the EEOC forwarded Weathers the completed charge of discrimination, she signed and returned it the same day. Given these facts,

we conclude that the district court abused its discretion in finding that Weathers did not diligently pursue her claim. *See In re Volkswagen*, 545 F.3d at 310 (noting that a district court abuses its discretion when it "relies on clearly erroneous factual findings").

Third, the district court did not account for the absence of prejudice to Methodist. Although absence of prejudice "is not an independent basis for invoking" equitable tolling, it "is a factor to be considered in determining whether the doctrine . . . should apply once a factor that might justify such tolling is identified." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *see Price*, 687 F.2d at 79 ("Equity demands an evaluation of any prejudice occasioned by the delay."); *see also Granger*, 636 F.3d at 712-13. Title VII requires that notice of a charge of discrimination "be served upon the person against whom such charge is made within ten days." 42 U.S.C. § 2000e-5(e)(1). In this case, the EEOC issued notice of Weathers's charge of discrimination to Methodist on August 8, 2022. Even if Weathers had filed her charge of discrimination by August 1, the EEOC's notice would still have been timely. Accordingly, Methodist suffered no prejudice because of Weathers's untimely filing. *Cf. Vantage*, 954 F.3d at 756-57 (noting that even failure to provide notice of the charge within ten days does not necessarily result in prejudice).

\* \* \*

"Equitable tolling is to be applied 'sparingly.'" *Granger*, 636 F.3d at 712 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)); *see also Baldwin*, 466 U.S. at 152 ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). But here, a *pro se* plaintiff who actively pursued her rights missed the filing deadline—by two days—because of the EEOC's delays, and there is no discernable prejudice

No. 23-20536

to the defendant. Although any of these facts, standing alone, might be insufficient to warrant equitable tolling, when considered together, the justification for tolling becomes compelling. The district court therefore abused its discretion in refusing to apply equitable tolling to deem Weathers's charge of discrimination timely filed.

## IV.

Alternatively, Methodist asserts that we should affirm the district court's summary judgment based on the merits of Weathers's claims. True, "[w]e may affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court." *Wantou v. Wal-Mart Stores Tex., L.L.C.*, 23 F.4th 422, 430 (5th Cir. 2022) (quoting *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015)). But the district court specifically ordered Weathers not to respond to Methodist's arguments on the merits of her claims. Methodist has yet to file even an answer to Weathers's complaint. Accordingly, it is best to remand this case for further development of the record and for the district court to rule on Weathers's claims in the first instance. *See PHH Mortg. Corp.*, 80 F.4th at 563–64. We make no forecast on the merits of Weathers's claims.

## V.

For the foregoing reasons, the district court properly entered summary judgment for Ali. However, it erred by granting summary judgment for Methodist based on its conclusion that Weathers's claims were untimely and that equitable tolling did not apply in this case. Accordingly, we vacate the court's judgment for Methodist and remand for further proceedings.

AFFIRMED in part; VACATED in part; REMANDED.

No. 23-20536

CORY T. WILSON, *Circuit Judge*, concurring:

"It is very well to say that those who deal with the Government should turn square corners. But there is no reason why the square corners should constitute a one-way street." *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 397–88 (1947) (Jackson, J., dissenting).

The EEOC had one job. That was to process Weathers's putative discrimination charge timely. We are only here today because the EEOC failed to discharge this most basic responsibility—as the EEOC essentially admits in its amicus brief in support of Weathers. Like too many Americans entreating their government for assistance, Weathers met with scheduling rope-a-dope online, and no one on the other end of the telephone line, as she tried—for months—to get the agency charged with eradicating workplace discrimination simply to help her compile her claim. In the EEOC's own telling, despite knowing Weathers's filing deadline was August 1, the agency "did not offer Weathers any other method of filing a charge, did not warn her that a charge would not be filed promptly after [her August 1 interview], and did not advise her that she could satisfy the charge requirements by filing a charge herself."

I concur, reluctantly, in the majority's conclusion that the district court abused its discretion in not applying equitable tolling to Weathers's untimely claims. I write separately to emphasize that the EEOC's delay, without more, is insufficient to mandate equitable tolling. It is the convergence of the agency's sclerosis, Weathers's diligence in pursuing her charge as a *pro se* claimant, and the absence of prejudice to Methodist that makes this a "rare and exceptional circumstance[]" warranting equitable tolling. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). Put differently, nothing in our decision today should be read to suggest an express fourth ground for equitable tolling—agency inertia—or acquiescence in the

14

No. 23-20536

EEOC's failure to fulfill its essential mission both to claimants as well as employers charged with Title VII violations.

Indeed, it is lamentable that we can readily produce other reported examples in which agency lapses caused similar problems. *See ante*, at 10–11 (collecting cases). The solution is not more post-hoc amicus mea culpas, but for the EEOC to do its job—and do it timely. After all, "[f]ailure to exhaust is not a procedural 'gotcha' issue. It is a mainstay of proper enforcement of Title VII remedies." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272 (5th Cir. 2008). I am persuaded that we rightly excuse Weathers's two-day-late filing in this case. But the record discloses no excuse for the EEOC's nearly fumbling her case.