UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, | § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | CIVIL ACTION NO. 4:22-CV-04085 |
| HOUSTON METHODIST HOSPITAL, ET AL., | | |
| *Defendants*. | | |

**DEFENDANT HOUSTON METHODIST HOSPITAL'S
RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT**

Defendant, Houston Methodist Hospital ("Houston Methodist"), seeks a Court order for Plaintiff Caitlin Weathers ("Plaintiff") to replead to provide a more definite statement of her claims, under Federal Rules of Civil Procedure 12(e), to bring Plaintiff's First Amended Complaint (the "Complaint")[1] into compliance with Federal Rules of Civil Procedure 8(a), 8(d) and 10(b).

**I.    SUMMARY OF THE ARGUMENT**

Houston Methodist's Motion For A More Definite Statement should be granted because:

- **All of the factual allegations contained in Plaintiff's First Amended Complaint are so vague and ambiguous such that Houston Methodist would be prejudiced in its attempt to answer;**

- **The prolixity of Plaintiff's First Amended Complaint renders it a "shotgun pleading" in violation of Federal Rules of Civil Procedure 8 and 10; and**

---

[1] *See* Dkt. 66.

-1-

- **Plaintiff should be made to file a Second Amended Complaint that contains specific facts that support each element of the claims that she intends to pursue.**

## II. BACKGROUND

On December 4, 2024, Plaintiff filed her Complaint.[2] Utilizing a form complaint published by the United States Courts intended for use by *pro se* litigants,[3] Plaintiff sets forth a variety of claims under both federal and Texas state law—namely Chapter 21 of the Texas Labor Code and criminal fraud under Chapter 32 of the Texas Penal Code—and asserts claims for violations of the "Houston Code of Ordinances, Executive Order 1-50."[4] Although Plaintiff promulgates nearly five (5) single-spaced pages of allegations comprising her claims, Plaintiff has failed to allege specific facts that support each element of any claim that she intends to pursue.[5] For the reasons discussed below, Houston Methodist's Rule 12(e) Motion for a More Definite Statement should be granted.

## III. ARGUMENTS & AUTHORITIES

### A. Rule 12(e) Legal Standard

Federal Rules of Civil Procedure 8 provides a basis for a motion for a more definite statement brought under Rule 12(e) ("Rule 12(e)"). Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff's complaint must contain a "short and plain statement of the claim showing

---

[2] *See* Dkt. 66.

[3] Plaintiff filed her First Amended Complaint using *Pro Se* Form 7, Complaint for Employment Discrimination, available at: https://www.uscourts.gov/sites/default/files/complaint_for_employment_discrimination.pdf.

[4] Dkt. 66, at p. 3.

[5] *See Gaggos v. Walmart Distribution Center 7036*, No. 4:22-cv-0567, 2022 WL 16952038, at *2-3 (S.D. Tex. Oct. 27, 2022) (mem. op.) (granting Defendant's motion for more definite statement and ordering Plaintiff to "file an Amended Complaint that contains specific facts which support each element of any ADEA or ADA claim he intends to pursue.").

that the pleader is entitled to relief."[6] Rule 8(d)(1) further iterates that "[e]ach allegation must be simple, concise, and direct."[7] The rule serves two purposes: (a) eliminating prolixity in pleading and to achieve brevity, simplicity, and clarity;[8] and (b) to ensure "'that judges and adverse parties need not try to fish a gold coin from a bucket of mud.'"[9] The complaint is designed to be the "ignition point" for discovery, where the issues are to be defined.[10] Notice to a defendant of the mere existence of a grievance is not enough; the complaint must at least set forth enough details to provide the defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery.[11] "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."[12] In determining whether to grant a Rule 12(e) motion, the court has wide discretion.[13]

---

[6] FED. R. CIV. P. 8(a)(2); *see also Old Time Enterprises v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989).

[7] FED. R. CIV. P. 8(d)(1).

[8] *Columbare v. Sw. Airlines, Co.*, 2022 WL 660192, *1 (N.D. Tex. Jan. 21, 2022), *report and recommendation adopted*, 2022 WL 658562 (N.D. Tex. Mar. 4, 2022) (quoting *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979)).

[9] *Columbare*, 2022 WL 660192 at *1 (quoting *Hall v. Civ. Air Patrol, Inc.*, 193 Fed. Appx. 298, 299-300 (5th Cir. 2006)) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)); *United States ex rel. Garst v. Lockheed-Martin Corp,* 328 F.3d at 378 ("Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.").

[10] *Murray v. Restor. Tel. Prods./World Access, Inc.*, 2000 WL 45876, at *2 (N.D. Tex. Jan. 19, 2000)

[11] *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990).

[12] *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002); *see also* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response.").

[13] *Old Time Enters., Inc.*, 862 F.2d at 1217 (5th Cir. 1989) ("Rule 12(e) orders are reviewed under an abuse of discretion standard.").

A complaint does not provide sufficient notice under Rule 8 if it "is so vague or ambiguous that the party cannot reasonably prepare a response."[14] Similarly, under Rule 10(b), a pleading must set out the claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances;" and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count."[15] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[16] "If a pleading fails to specify the allegations in a manner that provides sufficient notice" in accordance with Rule 8 and 10, a Federal Rules of Civil Procedure 12(e) motion for a more definite statement is appropriate.[17]

Finally, while federal courts are lenient towards *pro se* litigants and are directed to construe "inartful pleading" by parties appearing *pro se* liberally,[18] a *pro se* complaint is still subject to federal jurisprudence, and Rule 12(e) motions are regularly granted against such complaints, ***including those recently before this Court***.[19]

---

[14] FED. R. CIV. P. 12(e); *see, e.g., Coleman v. H.C. Price Co.,* No. 11-2937, 2012 WL 1118775, at *7 (E.D. La. Apr. 3, 2012) (noting that motions for more definite statements are granted where fundamental facts are omitted from a claim).

[15] FED. R. CIV. P. 10(b).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[17] *Swierkiewicz.,* 534 U.S. 506 at 514; *Davey Tree Expert Co. v. Puerto Rico Disaster Recovery, LLC,* 2023 WL 7323328, *2 (N.D. Ohio Nov. 7, 2023) ("Separate counts have been required where multiple claims are asserted, the claims arise out of separate transactions or occurrences, and where they will facilitate clear presentation of the issues to provide for informed pretrial proceedings.").

[18] *Erickson v. Pardus*, 551 U.S. 89 (2007).

[19] *See Gaggos*, 2022 WL 16952038, at *2-3 (granting Defendant's motion for more definite statement where *pro se* plaintiff's Complaint was "so vague, ambiguous, and incoherent Defendant cannot reasonably understand whether Plaintiff intends to bring claims under the ADEA or ADA, much less prepare a responsive pleading addressing alleged violations of the ADEA or ADA"); *see also Arije v. Nat'l Core*, No. 4:23-2491, 2023 WL 7106898, at *1 (S.D. Tex. Sept. 28, 2023) (granting Rule 12(e) motion and ordering *pro se* plaintiff to file an amended complaint "that complies with Federal Rule of Civil Procedure 8 and contains enough facts to state a claim to relief that is plausible on its face and allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged").

A. **Plaintiff's Amended Complaint Is Too Vague And Ambiguous Which Necessitates A More Definite Statement Before Houston Methodist Is Required To Answer Plaintiff's Claims**

A Motion For A More Definite Statement under Federal Rules of Civil Procedure 12(e) is properly granted where the defendant is not able to frame a response to the plaintiff's complaint because it is too vague or ambiguous.[20]

Here, Plaintiff's form Complaint seemingly asserts claims under Title VII,[21] entirely new causes of action 42 U.S.C. §§ 1981 and 1981a, claims under Texas state law—namely Chapter 21 of the Texas Labor Code and criminal fraud under Chapter 32 of the Texas Penal Code—and asserts claims for violations of the "Houston Code of Ordinances, Executive Order 1-50."[22] Over nearly five (5) pages of single-spaced text, Plaintiff alleges a rambling, incoherent diatribe of her alleged employment experience at Houston Methodist.[23] For example, Plaintiff recounts her initial application process and employment with Houston Methodist and general employment history,[24] however, in the next paragraph alleges most bafflingly that "[D]efendants have yet to produce any evidence without a causal connection to intentional discrimination and have failed to answer how they plead. The evidence that supports [Plaintiff's] claims includes A, D, E, G, H, L, M, O."[25] Plaintiff further recounts the

---

[20] Fed. R. Civ. P. 12(e); *Sisk v. Tex. Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981).

[21] Plaintiff's Complaint incorporates the entirety of the particulars of her August 3, 2022 Charge of Discrimination submitted to the EEOC. Dkt. 66, at 5. In pertinent part, Plaintiff alleges that—vis-à-vis her Charge of Discrimination—she "was retaliated against for complaining about harassment and discriminated against because of [Plaintiff's] color, race, and sex in violation of Title VII of the Civil Rights Act of 1964, as amended." Dkt. 66, at 5.

[22] Dkt. 66, at p. 3.

[23] *Id.* at 4-8.

[24] *Id.* at 4-5.

[25] *Id.* at 5. In Plaintiff's Unopposed Motion for Leave to File First Amended Complaint (Dkt. 64), Plaintiff attached over 100 additional pages of exhibits in support of that Motion. *See* Dkt. 64-2, 64-3. It is unclear whether the documents that

litigation status of this case in no apparent logical fashion, resorting to accusing Houston Methodist's counsel of "tampering" with discovery.[26] Finally, Plaintiff devotes a substantial portion of her Complaint to Plaintiff's "illness" and alleged anguish purportedly suffered after her termination from Houston Methodist.[27]

In its current form, Plaintiff's Complaint is so vague and ambiguous that Houston Methodist cannot reasonably be required to frame a responsive pleading. Plaintiff's Complaint neither connects any set of alleged facts to any purported causes of action, nor identifies which purported claims for which Houston Methodist should be held liable. Houston Methodist cannot determine with certainty what Plaintiff's legal claims are or whether Plaintiff satisfied the prerequisites to asserting her ambiguous claims, thereby failing to satisfy even the bare minimum pleading standards. Under these circumstances, it is impossible for Houston Methodist to respond accurately or in any meaningful way and Plaintiff should be ordered to submit a more definite statement of her claims.

**B.     Plaintiff's Amended Complaint Is A "Shotgun Pleading" In Violation Of Federal Rules of Civil Procedure 8 And 10**

"Because it is difficult to file a pleading in response to a prolix and confusing complaint, doing so also can be costly" for the defense.[28] Prolix and/or confusing complaints make it difficult for the defendant to file a responsive pleading and for the court to conduct orderly

---

Plaintiff attached to her Unopposed Motion for Leave to File First Amended Complaint are also the "evidence" that Plaintiff intends to use to support her claims as alleged in her Complaint.

[26] *Id.* at 6.

[27] *Id.* at 6-8.

[28] *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 776 (7th Cir. 1994).

litigation.[29] The Ninth Circuit has cogently explained the policy considerations behind the requirement:

> Prolix, confusing complaints . . . impose unfair burdens on litigants and judges . . . Defendants are . . . put at risk that . . . plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected . . . The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case who follow the rules, as well as defendants in the case in which the prolix pleading is filed.[30]

Pleadings that violate the basic principles of Rules 8 and 10 are known as "shotgun" pleadings.[31] "The 'unifying characteristic' of shotgun pleadings is that they fail 'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'"[32] "Shotgun pleadings are 'pernicious' because they 'unfairly burden defendants and courts' by shifting onto them 'the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support.'"[33] Courts recognize four (4) types of "shotgun pleadings":

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular

---

[29] *Vanderbol v. State Farm Mut. Auto Ins. Co.*, 2020 WL 7327996, *4 (E.D. Tex. Sept. 1, 2020) (citations omitted), *report and recommendation adopted in part*, 2020 WL 6866393 (E.D. Tex. Nov. 23, 2020), *aff'd*, 2021 WL 2577611 (5th Cir. Mar. 1, 2021).

[30] *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting *McHenry v. Renne,* 84 F.3d 1172, 1179–80 (9th Cir. 1980)).

[31] *Bauer v. AGCO Corp.*, 2024 WL 2703019, *2 (W.D. Tex. May 23, 2024) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015); *Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015)); *In re Ozcelebi*, 635 B.R. 467, 472 (Bankr. S.D. Tex. 2021).

[32] *Bauer*, 2024 WL 2703019 at *2 (citing *Weiland*, 792 F.3d at 1320).

[33] *In re Ozcelebi*, 635 B.R. at 472 (citations and quotations omitted).

cause of action. **The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.** Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.[34]

Similar to the concerns with prolix pleadings the Ninth Circuit observed in *Cafasso*, at least one (1) court has observed:

> [A]llowing these types of shotgun pleadings promotes a distinct advantage for Plaintiffs. . . . . Plaintiffs would be incentivized to provide an ambiguous pleading. This is because instead of having to choose which theories of relief to assert and applying facts, Plaintiffs would be well-advised to take as many shots at the target as possible by providing a large fact section, such as the one in the First Amended Complaint, and allowing the Defendant/Court to apply the facts to the claims it found the most compelling. Any misinterpretation by the Court specifically, could potentially provide fertile grounds for appeal and an unnecessary waste of judicial resources.[35]

Here, Plaintiff's shotgun-style approach to her Complaint does not even constitute the "bare bones allegations" that have been routinely found inadequate under Rule 8 of the Federal Rules of Civil Procedure.[36] Further, the relief sought by the Complaint is similarly unintelligible.[37] As such, the Complaint entirely fails to meet the pleading standards of Rule 8, even when construed liberally per federal courts' leniency towards *pro se* plaintiffs, such that it cannot survive a Rule 12(e) motion pursuant to well-settled law.[38] Under these circumstances, it is impossible for Houston Methodist to respond accurately or in any meaningful way and Plaintiff should be ordered to submit a more definite statement of her claims.

---

[34] *Garig v. Travis*, 2021 WL 2708910, *17 (M.D. La. June 30, 2021) (citing *Weiland*, 792 F.3d at 1321-23) (emphasis added).

[35] *In re Ozcelebi*, 635 B.R. at 476.

[36] *See Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *see also Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 168 (5th Cir. 1999).

[37] Apart from Plaintiff's claimed damages of nearly $12.5 million, Plaintiff also demands a "public apology" and to "[c]hange the name of the process to something other than 'PIP' which associates derogatory negative connotation to the term 'PIP SQUEAK' which is discriminatroy [sic] in and of itself," among other claims for relief. *See* Dkt. 66 at 9.

[38] *See Gaggos*, 2022 WL 16952038, at *2-3; *see also Arije v. Nat'l Core*, 2023 WL 7106898, at *1.

## IV. CONCLUSION

Accordingly, Houston Methodist requests that, pursuant to Rule 12(e), the Court order Plaintiff to replead and file a complaint that sets out a short plain statement of a claim showing Plaintiff is entitled to relief, with separate counts for each claim founded on a separate transaction or occurrence, in compliance with Rules 8(a), 8(d), and 10(b). Houston Methodist requests the Court grant all other relief the Court deems appropriate.

Respectfully submitted,

By: */s/ Daniel Patton*
Daniel Patton
Federal Bar No. 26200
Texas Bar No. 24013302
*dpatton@scottpattonlaw.com*

ATTORNEY IN CHARGE FOR
HOUSTON METHODIST HOSPITAL

OF COUNSEL:

Patrick M. Palmer II
Federal Bar No. 3542529
Texas Bar No. 24116871
*palmer@scottpattonlaw.com*
**SCOTT PATTON PC**
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone:   (281) 377-3311
Fax:     (281) 377-3267

## CERTIFICATE OF CONFERENCE

I certify that on December 5, 2024, I conferred in good faith via email with Plaintiff regarding the foregoing motion. Plaintiff indicated that she was opposed to Houston Methodist's motion on December 5, 2024.

*/s/ Patrick M. Palmer II*
Patrick M. Palmer II

## CERTIFICATE OF SERVICE

I certify that on December 10, 2024, a true and correct copy of this document was filed and served on all parties by the Court's ECF filing system and U.S. Mail.

Caitlin Weathers
2425 Capitol Street, #2143
Houston, Texas 77003
j.weathersca@gmail.com
*Plaintiff Pro Se*

*/s/ Daniel Patton*
Daniel Patton