IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**CAITLIN WEATHERS,**

*Plaintiff*

**V.**                                                                                      **CIVIL ACTION NO. 4:22-CV-04085**

**HOUSTON METHODIST HOSPITAL, Et Al.,**

*Defendants*

**TABLE OF CONTENTS**

Cover Page………………………………………………………………………………...1

Table of Contents……………………………………………………………………….2

Introduction…………………………………………………………………………….3

Nature and Stage of Proceedings……………………………………………………….3-4

Statement of Issues to be Ruled on……………………………………………………...4-5

Summary of Argument……………………………………………………………….5

Argument……………………………………………………………………………5-14

      1. Complaint is concise and Intelligible…………………………………………...5-9

      2. Motions for more definite statements are *disfavored*……………………………….9-12

      3. "Shotgun" Pleadings………………………………………………………….12-13

      4. Prejudice against *Pro Se Litigants*……………………………………………13-15

Conclusion and Relief Sought…………………………………………………………...15

Proposed Order………………………………………………………………………….16

Certificate of Conference……………………………………………………………….17

Certificate of Service…………………………………………………………………..17

## MOTION to "STRIKE" in *OPPOSITION* to DEFENDANTS MOTION FOR A MORE DEFINITE STATEMENT

Plaintiff Weathers respectfully requests the Court, under Rule 12 of the Federal Rules of Civil Procedure (FRCP), to include 8(f), 12(f), 12(g), and 10(c) in opposition, objection, and moving to strike the defendant's motion for a more definite statement. Rule 12 covers defenses and objections and states that a party can consolidate defenses in motions and motions to strike. This motion precedes an answer as to how the Defendants will plead to the substance of Weathers's claims as a motion for a more definite statement is not considered an answer, or even an objection, in legal proceedings but rather a request placed upon the court to order the opposing party for more details before filing a responsive pleading. Therefore, this motion is in opposition and seeks to strike the defendant's request as it does not conform to the language of the September 26, 2024, orders from the Fifth Circuit Court of Appeals, which ordered the Defendants to answer. The remand indicates that the court has reviewed and found the substance of Weathers's previous pleading sufficient to mandate an answer, invalidating the need to court order a motion for a more definite statement. If the mandate was too vague for the Defendants, they should have sought clarification from the higher court regarding the interpretation; a new motion for a district court order placed on a *Pro Se Plaintiff* for a more definitive statement is inappropriate.

## NATURE AND STAGE OF PROCEEDINGS

It has been over two years, **768 days** since Judge Charles Eskridge entered Weathers's employment discrimination complaint in the Southern District of Texas Houston Division against all defendants on 11/16/2022. Dkt #1 Despite this significant time, the Defendants' motion for a more definite statement, pending as of its submission on 12/11/2024, fails to answer how they

plead, which is a clear violation of the legal process and a source of frustration for Weathers. This delay, well beyond the 21-day requirement of Rule 12, is not appropriate. Weathers's amended complaint was granted on 12/04/2024 as an *unopposed* pleading *without objection*. Dkt #65 Since the Defendants didn't object to or oppose the amended complaint, it implies understanding. At this stage, Weathers's case is on remand because of a misapplication of technicality over a dispute of **2 days**; it is improper to again further bias Weathers's claims under such the same redundancy as this is not a new trial. The relevant facts and elements in the remand are still to be applied. The remand stated, "Methodist has yet to file *even an answer* to Weathers's complaint. Accordingly, it is best to remand this case for further development of the record and for the district court to rule on Weathers's claims in the *first instance.*" The remand further articulated, "It is very well to say that those who deal with the Government should turn square corners. But there is no reason why the square corners should constitute a one-way street." *Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380, 397–88 (1947) (Jackson, J., dissenting)*." Here, once again, Houston Methodist Hospital and Sunila Ali seek to delay and/ or deny justice for a *pro se litigant* who **does not** have the financial resources to hire an attorney. To date, the Defendants have not attempted to offer a settlement agreement.

<u>STATEMENT OF THE ISSUES</u>

1. Whether a motion for a more definite statement is appropriate where Defendants didn't object or oppose the amended complaint, and the complaint is concise and intelligible

2. Do district courts favor motions for a more definite statement following a mandate from the higher court ordering Defendants to answer accordingly?

3. Does the Defendants' theory about "shotgun pleadings" conform to the language and spirit of the principles that government should be held to the same high standards as pro se litigants?

4. Does a motion for a more definite statement present prejudice against Weathers as a *Pro Se* Litigant?

## SUMMARY OF THE ARGUMENT

Weathers's motion to strike the Defendants' motion for a more definite statement should be granted because the Defendants' motion is used as a tactical strategy to make Weathers's claims vulnerable to dismissal, which is not the purpose of a motion for a more definite statement. Weathers employment discrimination complaint was deemed sufficient by the 5th Circuit to mandate an answer from the Defendants; the added statutes do not change the substance of the matters that require an answer. The Defendants' request concerning the form of the content is legally insufficient to prejudice Weathers's amended complaint as the complaint contains the necessary relevance in fact and element in an organized, unifying format that a jury could understand sufficient to prove enough information for Defendants to craft a response.

## ARGUMENT

1. Whether a motion for a more definite statement is appropriate where Defendants didn't object or oppose the amended complaint, and the complaint is concise and intelligible

Weathers's amended employment discrimination complaint is not too vague or ambiguous to compel the court to order more details. The same facts that were applied to the federal claims under Title VII and were sufficient by the higher court to mandate an answer should be applied in the amended complaint because the Defendants did not oppose or object to the material

preceding their request for a court order, which raises inference as to the true reason for their motive. The Defendants refer to legal precedence to support their argument for a more definite statement citing *Gaggos,* which does not apply to Weathers's case. In *Gaggos,* the Defendants argued that the Plaintiff's charge of discrimination did not include any allegations of discrimination in violation of Title VII, which doesn't apply to Weathers's Charge of Discrimination that the Defendants have had notice of since 8/11/2022 and was included as evidence in the unopposed motion to amend; the charge states plainly and concisely…

> THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
> On or about October 4, 2021, I was discharged from my position as Patient Care Associate. I believe my termination is discriminatory based on my race (white) and sex (female). The alleged reason for my termination is performance, which I believe to be pretext to discrimination because my performance first came into question shortly after complaining of harassment. From April 1, 2021, until my termination, I was harassed by Cameron Shonk, Sharon (last name unknown), Cassie Hall, and Amanda Roning. I reported the harassment to management officials Dante Macasaet, Sunila Ali, and Mariana Mondragon during all of August 2021, but I was ignored, and the harassment continued. Here are a few examples of the harassment I had been subjected to: I was called "white trash" by Cameron Shonk, I was called "psychotic" and "gay" by Sharon, and I was subjected to daily bullying from Cassie Hall and Amanda Roning. On or about August 23, 2021, I finally met with Sunila Ali and Mariana Mondragon about the issue for the first time. During this meeting, instead of my complaint being listened to, my "fit" within the company was questioned. Shortly after this meeting, I suffered a tangible harm when I was terminated. I believe that I was retaliated against for complaining about harassment and discriminated against because of my color, race (white), and sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended.

Rule 10(c) allows for information not included directly on the employment discrimination Form 7 to be considered, stating, "*A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.*" The facts alleged in this short and plain statement above relate to the relevant causes of action and exhibits that have already been granted and admitted as evidence Dkt #65. Including the operative pleading, Form 7 complies with 8a, 8d, 8f, 10b, and 10c as it's organized, concise, and uses a sufficient numbering system with applicable subheadings as follows: I.) Parties to the complaint: B. Houston Methodist Hospital and Sunila Ali, II.) The basis for Jurisdiction: Title VII, 1981, Fraud III.) Statement of Claim: A.) Termination of Employment, Unequal Terms and Conditions

of Employment, Retaliation, Harassment, and Hostile Work Environment; B.) Dates discriminatory acts occurred between 5/28/2019 and 10/04/2021; C.) Defendants are still committing these acts; D.) Defendants discriminated against me based on my race: Caucasian, Color: Non-Hispanic White, and Gender: Female, and E.) 5 paragraphs total: 1 paragraph excerpt from the mandate & 1 paragraph direct statement from the Charge of Discrimination, a timeline, and a list of symptoms to conform to the case matters, IV.) Exhaustion of Federal Administrative Remedies, and V.) Relief. The accompanying motion to the employment discrimination form lists eight relevant titled causes of action regarding legal arguments: 1) prima face, 2) retaliation, 3) individual liability, 4) pretext, 5) but-for cause, 6) harm, 7) fraud, and 8) damages. The employment discrimination form stated that legal arguments should not be included in the statement of claim section III.E, and no separate claims outside of the transaction or occurrences in employment discrimination were added. The amendments are under the Basis for Jurisdiction, *not* the claims section. The applicable jurisdictional additions are 1981 and Fraud. These jurisdictional amendments were added because they conform to the case matters, are closely related, and apply to the same set of facts; 1981 is very similar if not identical to Title VII except for allowing individual liability; the statute of limitations hasn't expired and does justice.

    The amended complaint is intended to be taken with the plausibility of 'entitlement to relief.' Here, the Defendants' legal theories are frivolous so as to require the court to order a more definite statement on Weathers against higher court orders. The Defendants cite *Columbare v. Sw. Airlines, Co., 2022* as relevant law, but again, it has the same fatal errors as previous law because it is nothing like the Weathers's case. The plaintiff's complaints in *Columbare* were not specifically employment discrimination but general "Civil Rights" complaints that exceeded 800 single-spaced pages and 66 exhibits. Weathers's complaint is nothing like that and remains

7

concise. A complaint will only be deemed inadequate under Rule 8 if it fails to "1) provide notice of the circumstances which give rise to the claim, or 2) set forth sufficient information to permit inferences to be drawn from existing elements." *Id*. (citing *General Star Indem. Co. v. Vesta Fire Ins. Corp.,* 173 F.3d 946, 950 (5th Cir. 1999). It's inappropriate to conclude that Weathers's notice of the circumstances that gave rise to claims doesn't exist even *after remand* when the facts are still the same. In *Badgett v Texas Taco Cabana (Feb. 2006), the Southern District of Texas Houston Division denied a motion for a* more definite statement where the court was not persuaded that the defendants could not answer the allegations asserted in Plaintiff's complaint, stating…

*"we find no statement … [i]n the motion to indicate why the defendants, from their knowledge of their own records…as well as their operations, would be unable to either admit or deny the allegations. It is too plain to require elaboration that if the defendants did not in good faith believe that they had violated the act, or that their operations were subject, in whole or in part to the Act, they could say so by denying the allegations in the complaint, and an issue would be drawn. The same would be true if they entertained a genuine doubt whether from uncertainty in the interpretation of the law or the underlying facts…More especially if they believed they had violated the Act they could say so, and they should be required to do so…"*

Moreover, the Weathers case is nothing like the circumstances in *Coleman v. H.C. Price Co.* because Weathers's case does not currently request remand as it has already been ordered for the defendants to answer, and the Weathers case is not a class action lawsuit alleging 14 defendants. Factual elements that have been admitted into evidence, received merit, and can be accepted as true include: Charge of Discrimination, Job Description stating that defined unit-specific requirements would be provided, Promise from Sunila Ali that "rest assured" Weathers would be taken care of to this effect, Reports of harassment in proximity to adverse action, HR notes transcribing Sunila Ali stating that unit specific requirements didn't exist. These elements support the facts in the Charge of Discrimination, amended Employment Discrimination Form,

and the mandate. The Defendants' use of heightened evidentiary standards referenced in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Swierkiewicz* v. *Sorema N. A.*, 534 U. S. 506, 508 (2002) is contrary to the federal rules structure of liberal pleading requirements. Ultimately, *Swierkiewicz* was remanded because the district court had impermissibly applied a heightened pleading requirement. Here, it's hypocritical and undermining to wholly ignore the amended complaint, mandate, charge of discrimination, merit, and opportunity to object/ oppose while using strategical tactics to require the court to order for a heightened standard toward Weathers's claims as a *Pro Se* litigant. It's implausible that the Defendants cannot determine a responsive pleading at this stage.

2. <u>Whether district courts favor motions for more definite statements following a higher court's orders for Defendants to answer accordingly</u>

The issues raised in the Defendant's motion for a more definite statement are impertinent as they don't show proper respect and can be stricken. It is fair to strike a motion for a more definite statement when a pleading is sufficiently detailed to formulate a response reasonably. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FRCP 12(f) The court may act (1) on its own or (2) on a motion made by a party before responding to the pleading or, if a response is not allowed, within 21 days after being served. *Whittlestone, Inc. v. Handi-Craft Co.* (9th Cir. 2010) 618 F.3d 970, 973-974

Motions for more definite statements are generally disfavored*. Suarez v. Neuces County, Texas (Sept. 9 2008); Prudhomme v. Proctor Gamble Co., 800 F. Supp. 390, 396 (E.D. La. 1992); Vanderploeg v. Swanson Ventures, Inc. and Whitestone REIT (2018); Mathes v Nugent (N.D. 1976); Davey Tree Expert Co. v P.R. Disaster Recovery, LLC. (Ohio 2023); Brown v Gibson (N.C. 2018)* A complaint is sufficient and should not be vulnerable to dismissal unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of the claim, which would entitle him to relief. *Mitchell v. E-Z Way Towers, Inc. (5th Cir. 1959)* Discovery is the proper step of the trial process to allow both sides to determine the facts of the case. A motion for a more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail. Rule 12(e) is to be read in conjunction with the liberal notice pleading requirements of FRCP 8(a), and the court should grant a Rule 12e motion **only** when a pleading is so vague and ambiguous that a responsive pleading cannot be framed.

*"In view of the great liberality of [Fed.R.Civ.P.] 8, permitting notice pleading, it is clearly the policy of the [Federal] Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss."*

All that is required by notice pleading under FRCP 8a is a "short and plain statement of the claim showing the pleader is entitled to relief." In Weathers's case, the allegations in the complaint are not so vague and ambiguous that the Defendants cannot respond. The allegations in Weathers's Complaint meet the notice pleading requirements of FRCP 8a, 8d, 8f, 10b, 10c and do not warrant a more definite statement under Rule 12e. *Rice v. Interactive Learning Sys., Inc.*, 2007 WL 2325202, at *2 (N.D. Tex. Aug. 10, 2007) ("Under Rule 8(a)(2), a plaintiff's complaint is not required to set out detailed facts about the claim; rather, it need only notify the defendant as to the nature of the claim against them and the grounds upon which that claim rests. Rule 12(e) cannot be used as a substitute for discovery, and a motion under it should be denied if the information that the defendant requests can be obtained through discovery.") Here, the Defendants must show that imposing a heightened evidentiary standard is necessary. The legal

precedent cited in the Defendants motion is insufficient to prejudice Weathers's claims as the cases cited do not directly relate to the issues at hand. In particular, they failed to explain why following the orders from the higher court is unnecessary when all facts arise out of the same transaction or occurrences of employment discrimination or how reformatting the complaint into counts would lead to the desired outcome—an answer from the Defendants. The motion for a more definite statement does not indicate any intention on the part of the Defendants ever to answer at all; rather, each case is slated toward dismissal while ignoring the evidence such as that which Mg. Bryan has overruled in Weathers's favor. The precedence in *Sisk v. Tex. Parks & Wildlife Dept., 644 F.2d 1056, 1059 (5th Cir. 1981)* is not appropriate toward the effect of the Defendants cause because Weathers's case has not been dismissed on the substance of her claims, and the orders in the mandate explicitly state in Weathers's case that the Defendants answer accordingly, whereas that is not the case in the orders for remand in *Sisk*.

Weathers opposes and objects to the Defendants' argument that Weathers's amended complaint is like a "prolix," citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 776 (7th Cir. 1994)*. In *Vicom* the 7th circuit was dismayed by a 119-page, 385-paragraph, less-than-coherent amended complaint. This is nothing like Weathers's amended complaint because Weathers's amended complaint in Section III.E contains only 3 paragraphs, a short and plain statement from the EEOC, an excerpt from the 5th circuit mandate, and a list of symptoms to conform to the matters of the case. It's frivolous if not scandalous to reference *Vicom* in Weathers's case, given that Weathers case is on remand for such redundant reasoning, where Defendants are asking the court to run the risk of committing abuse of discretion (again) where the higher court has already noticed that the government has shown considerable error and neglect. Weathers's amended complaint is in no way a prolix and should not be considered as

11

such for accusing Weathers of causing disorder for the court or reason for the Defendant's expenses. The excerpt cited in *Cafasso* cannot support the Defendants opinion that Weathers's amended complaint "is like a prolix pleading" because it is similarly ill-fit where Leave to Amend was denied in *Cafasso*. Weathers amended complaint was **granted**. Dkt #65.

3. <u>Under the 5th circuit, do the Defendants' theories about "shotgun pleadings" conform to the language and spirit of the principles that government should be held to the same high standards as pro se litigants are held to?</u>

A Defendant's claim that separate counts are required to determine their defense is not a proper reason for granting a motion for a more definite statement. *Northwest Airlines, Inc. v. Gleen L Martin Co., 9 F.R.D. 551, 553 (N.D. Ohio 1949)* At base, the rules command us never to exalt form over substance. All pleadings shall be construed as to do substantial justice. FRCP 8(f) "A claim is the aggregate of operative facts which give rise to a right enforceable in the courts." *Original Ballet Russe v. Ballet Theatre, (2nd Cir)* Weathers's amended complaint does not violate the principles in Rules 8 and 10 as defendants define in *Bauer* a "Shotgun" pleading because *Bauer* did not have the relevant facts and elements admitted into evidence with the complaint to be considered in compliance with Rule 10c. Conclusive evidence is not to be confused with conclusory allegation. Additionally, *Bauer* was not a specific employment discrimination complaint. In *Bauer*, it was not addressed how complaints can include multiple claims within a single count if they are related, such as in employment discrimination lawsuits where retaliation and discrimination can often be included as a single count of alleged acts if retaliation is directly related to and arose from the same discriminatory actions, essentially constituting a single transaction or series of occurrences. *Phillips v Girdich (2nd Cir 2005)* This promotes efficiency in pleading and streamlines the legal process by avoiding unnecessary repetition, simplifying the

court case. Weathers complaint does not constitute an improper "shotgun" pleading requiring separate counts for informed pretrial proceedings. *Bautista v Los Angeles Counts (9ᵗʰ Cir. 2000)* Unlike *Bauer*, Weathers's employment discrimination complaint stems from employment discrimination, and the employment discrimination form explicitly states that legal arguments should *not* be included in the fact section. The defendants are in bad faith in attempting to use heuristics in *Bauer* as a strategic tactic to avoid an answer where separate counts are not a jurisdictional requirement, such as answering a mandate ordered in Weathers's case. Requesting more detail beyond what is necessary to state a claim is improper. *United States v. Board of Harbor Commissioners (1878)* It's scandalous and immaterial to come to such a conclusory allegation to hold that this is the basis for the "unifying characteristic" of a shotgun pleading which renders Weathers complaint so unintelligible it wholly fails to give the Defendants adequate notice of the grounds of the claims against them, after **768 days, and precedent in mandate deeming it sufficient to require an answer**.

The Defendants disregard higher court orders by offering spiritual definitions instead of physical requirements in FRCP to prejudice Weathers from due process. For this definition, the Defendants cite *Garig v. Travis, 2021 WL 2708910, \*17 (M.D. La. June 30, 2021) (citing Weiland, 792 F.3d at 1321-23) (emphasis added)*. In *Garig,* Plaintiff failed to oppose motions to dismiss, unlike Weathers, who has used due diligence. In another case, *Ozceleb,* the Defendants argue that it's like *Cafasso* due to characteristics like having a large fact section, which doesn't align with Weathers case. In *Ozcelebi*, Plaintiff was granted leave to amend multiple times for separate counts, proving that Weathers's current format is simple and concise so as not to require various amendments for numerous counts.

13

4. <u>Does a motion for a more definite statement present prejudice against Weathers as a *Pro Se* Litigant?</u>

Departure from liberal pleading standards outlined in Rule 8(a) has been pronounced from litigation's outset, even after remand, since Weathers has been proceeding without counsel. A document filed *Pro Se* is not to be shown indifference and is "to be liberally construed" *Estelle v Gamble (1976),* and a pro se complaint, however inartful, must be held to less stringent standards than those drafted by lawyers" FRCP 8(f) All pleadings shall be construed to do substantial justice. If Weathers repleads, there could be potential for jury confusion and risk of Weathers prejudicing herself against her claims. The way the complaint is currently formatted under employment discrimination with different legal theories to support the claims is better than dividing them into separate counts, which could add confusion. Even if there were harm to be found in jurisdictional statutes incorrectly applied under Executive Order 1-50 and Houston City Ordinances, the entirety of the case should not be repleaded where alternatives available would allow the current amended complaint to have effect. The Defendants were dishonest in saying that Plaintiff's allegations failed to allege any facts supporting any claims intended to be pursued, citing *Gaggos*. However, it was found that a clerical error was made on the docket that cut off the top of the page where the box was checked for Title VII on the amended complaint; please see below:



This clerical error does not make the Charge of Discrimination or the Mandate content unactionable. The error can be corrected by a Rule 60a motion to correct clerical mistakes. In this instance, the best action is to fix the errors that have become apparent from oversight, which is better than forcing Weathers to replead, which could change the underlying ruling in the mandate, and for the Defendants to answer the statement made in the Charge of Discrimination.

## CONCLUSION AND RELIEF

For the reasons stated herein, Weathers respectfully requests that the Court strike and/ or deny the motion for a more definite statement as an improper, redundant, immaterial, impertinent, and/ or scandalous matter. Weathers should not be court-ordered to replead under Rule 12(e), because the EEOC's Charge of Discrimination is a short plain statement of claim entitled to relief, which under FRCP Rule 10c can be tied to exhibits and motions, which complies with Rule 8a, 8d, 8f, 10b, and 10c. The Defendants legal argument lacks merit and should be denied. Separate counts requested by the Defendants are not required. However, a mandate has been ordered that the Defendants answer the substance of Weathers's claims, which is still needed or risks the possibility of sanctions.

Respectfully submitted,

x _/s/ C. J. Weathers_
Caitlin Weathers

Email: j.weathersca@gmail.com
Address: 2425 Capitol St., #2143, Houston, TX 77003
Phone: 832-314-6357

**PROPOSED ORDER**

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

CIVIL ACTION NO.

_____, Plaintiff,

vs.

_____, Defendant.

**ORDER**

The issue for a Motion for More Definite Statement Dkt #67 is hereby DENIED. Motion to Strike in Opposition to More Definite Statement is hereby GRANTED.

It is SO ORDERED.

Signed on _____, at Houston, Texas.

Hon. Mag. Christina Bryan United States Magistrate Judge

## CERTIFICATE OF CONFERENCE

I certify that on December 23, 2024, I conferred in good faith via email with Plaintiff regarding the foregoing motion. Plaintiff indicated that she was opposed to Houston Methodist's motion on December 5, 2024.

X_____
Caitlin Weathers

## CERTIFICATE OF SERVICE

I certify that on December 10, 2024, a true and correct copy of this document was filed and served on all parties by the Court's ECF filing system and U.S. Mail.

Daniel Patton

Federal Bar No. 26200

Texas Bar No. 240133002

dpatton@scottpattonlaw.com

*Attorney in Charge*

X_____
Caitlin Weathers

**12-30-2024**