SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:22-CV-04085 |
| | § | |
| HOUSTON METHODIST HOSPITAL | § | |
| AND SUNILA ALI, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT HOUSTON METHODIST HOSPITAL'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff's Opposition to Defendant Houston Methodist Hospital's ("Houston Methodist") Motion For A More Definite Statement ("Response")[1] should not be considered and Houston Methodist's Motion for a More Definite Statement (the "12(e) Motion") should be granted because—

- **Houston Methodist cannot reasonably be required to frame a responsive pleading to Plaintiff's live Complaint due to the vague nature of Plaintiff's allegations, which Plaintiff does not even address in her Response;**

- **Plaintiff's claims as alleged in her Amended Complaint are neither "concise" nor "intelligible" and Plaintiff establishes no argument in her Response why they are, other than to offer mere conclusions; and**

---

[1] Dkt. 68. Plaintiff's Response "seeks to strike [Houston Methodist's Motion for a More Definite Statement, however, it is no more than a response to Houston Methodist's Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e). *Id.* at 3. In particular, Plaintiff's motion cites no authority upon which this Court may grant the relief implied in Plaintiff's caption. When ruling on a motion, a court should look to the substance of the motion in order to determine the relief sought, and is not bound by the caption. See *United States v. Carmouche*, 138 F.3d 1014, 1021 (5th Cir. 1998) (citing *United States v. Dieter*, 429 U.S. 6,7-9 (1976)) ("[W]e are not bound by the caption selected by the parties, and should examine the substance of the motion filed[.]"). In the same fashion, this Court should not be bound merely by the caption chosen by this *pro se* Plaintiff, but rather by the substance of Plaintiff's motion, which is effectively a response to Houston Methodist Motion For a More Definite Statement. Plaintiff cites no legal or factual basis for seeking to strike Houston Methodist's Motion For a More Definite Statement and Plaintiff's "motion to strike" should be denied.

-1-

- **Plaintiff's claims must be separated into separate counts in order to comport with Federal Rules of Civil Procedure 10(b) and to facilitate clear presentation of her claims.**

### INTRODUCTION

Houston Methodist's 12(e) Motion was filed for one reason and one reason only: to enable Houston Methodist to frame a responsive pleading to Plaintiff's live Complaint.[2] Rather than responding substantively to Houston Methodist's 12(e) Motion, Plaintiff devotes a considerable amount of energy to rehashing the findings of the Fifth Circuit Court of Appeals, attempting to draw on the Fifth Circuit's *dicta* in its opinion prior to remanding this matter to this Court pointing out that Houston Methodist had not yet filed an answer in this matter.[3] Indeed, as Plaintiff's live Complaint consists of meandering, unintelligible allegations, Houston Methodist requests that Plaintiff replead her allegations such that they comport with the pleading requirements set forth by the Federal Rules of Civil Procedure so that Houston Methodist would not be significantly prejudiced in framing a response to Plaintiff's live complaint.

Plaintiff also uses her Response as an opportunity to misstate and mischaracterize the law. Houston Methodist does not seek "more details" from Plaintiff concerning her claims, rather only seeks that required by Federal Rule of Civil Procedure 8. Put simply, Houston Methodist seeks for Plaintiff to provide a "short and plain statement" of her claims showing that she is entitled to relief. Curiously, Plaintiff does not even attempt to explain why Houston

---

[2] *See* Dkt. 66. Since the filing of Houston Methodist's 12(e) Motion, Plaintiff has seemingly filed a "Corrected" Complaint (Dkt. 70), concerning essentially the same vague and unintelligible facts as alleged in Plaintiff's prior Amended Complaint. Houston Methodist is unable to reasonably frame a responsive pleading to either Complaint.

[3] *See* Dkt. 68 at 4.

Methodist's 12(e) Motion should *not* be granted. Rather, Plaintiff offers mere conclusions that her live Complaint is "concise and intelligible." For the reasons discussed below, Houston Methodist's 12(e) Motion should be granted.

## I.   ARGUMENTS IN REPLY

### A.   Plaintiff's Claims Are Vague And Unintelligible, Warranting A More Definite Statement, And Plaintiff Only Offers Mere Conclusions As To Why A More Definite Statement Is Not Warranted

The standard set forth by Federal Rules of Civil Procedure 12(e) is "plainly designed to strike at unintelligibility rather than a lack of detail."[4] Indeed, Houston Methodist does not complain of Plaintiff's lack of detail in her complaint, but rather aims it's 12(e) Motion at ameliorating the unintelligibility of the claims set forth in Plaintiff's complaint. Plaintiff's assertion in her Response that her "amended employment discrimination complaint is not too vague or ambiguous to compel the court to order more details"[5] not only misstates the functional purpose of a motion for a more definite statement, it also improperly assumes that Houston Methodist is seeking "more details" from Plaintiff concerning the nature of her claims—which it is *not*.

Here, a more definite statement is warranted because Plaintiff's complaint is excessively vague and ambiguous to the point that it would prejudice Houston Methodist seriously in attempting to answer it.[6] As explained in Houston Methodist's 12(e) Motion, Plaintiff alleges

---

[4] *Atain Specialty Ins. Co. v. Nat'l Ambulance Co., LLC*, No. 16-CV-2281, 2017 WL 6334186, at *2 (S.D. Tex. Mar. 14, 2017) (quoting *Thurmond v. Compaq Computer Corp.*, No. 99-CV-711, 2000 WL 33795082, at *2 (E.D. Tex. Feb. 28, 2000)).

[5] Dkt. 68, at 5.

[6] *YETI Coolers, LLC v. Walmart Inc.*, No. 17-CV-1145, 2018 WL 5304119, at *1 (W.D. Tex. Oct. 25, 2018) (motions for a more definite statement "are normally granted only when a complaint is 'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it'" (quoting *Phillips v. ABB Combustion Eng'g, Inc.*, Civ. A. No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013))).

a confusing narrative of her general employment history at Houston Methodist, alleges facts concerning the litigation status of this matter in subsequent paragraphs, and finally turning to Plaintiff's "illness" and alleged anguish purportedly suffered after her termination from Houston Methodist, including facts regarding "the strain that [Plaintiff's] job loss caused on her family that lead to [Plaintiff's] stepmother passing away only a couple months later."[7]

Plaintiff offers no rebuttal as to the unintelligibility of her Complaint that Houston Methodist seeks to cure. Instead, Plaintiff offers mere conclusions that her complaint is "concise and intelligible."[8] As Plaintiff has not responded to Houston Methodist's substantive arguments concerning Plaintiff's complaint's lack of intelligibility, Houston Methodist's 12(e) Motion should be granted.

**B.  Plaintiff's Claims Must Be Separated Into Separate Counts, As Stated By Plaintiff's Own Cited Caselaw In Her Response**

Plaintiff argues in her response that "Defendant's claim that separate counts are required to determine their defense is not a proper reason for granting a motion for a more definite statement,"[9] citing to a 1949 opinion from the United States District Court for the Northern District of Ohio.[10] Plaintiff misstates the holding from *Northwest Airlines*. In *Northwest Airlines*, the Court held that "[u]nder Rule 10(b) separation of claims into separate counts is mandatory only if more than one claim has been joined in a complaint and separation will facilitate clear presentation."[11] The holding set forth by *Northwest Airlines* is equally

---

[7] Dkt. 66 at 6.

[8] Dkt. 68 at 2.

[9] *Id.* at 12.

[10] *Northwest Airlines v. Glenn L. Martin Co.*, 9 F.R.D. 551, 552 (N.D. Ohio 1949).

[11] *Id.*

applicable to this matter and illustrates in fact why a more definite statement of Plaintiff's claims is warranted.

Here, Plaintiff has brought a variety of claims against Houston Methodist, as apparent from her Amended Complaint. Specifically, Plaintiff seems to bring: (i) a Title VII claim, (ii) a claim under 42 U.S.C. 1981 and 1981a, (iii) claims under "Tex. Lab. Code 21," (iv) a claim for criminal fraud under the Texas Penal Code, and (v) a claim under the Houston Code of Ordinances, Executive Order 1-50."[12] Not only is it unclear which of Plaintiff's alleged facts apply to which of Plaintiff's claims, Plaintiff has also alleged facts in meandering, single-spaced, unnumbered paragraphs, doing little to "promote clarity" as set forth by Federal Rule of Civil Procedure 10(b). As a result, Plaintiff should be made to state her claims in numbered paragraphs in alignment with Federal Rule of Civil Procedure 10(b).

## CONCLUSION

Accordingly, Houston Methodist respectfully requests that the Court grant Houston Methodist's Rule 12(e) Motion for a More Definite Statement, and order that Plaintiff replead her claims against Houston Methodist. Houston Methodist further prays that it be entitled to all other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ Daniel Patton
Daniel Patton
Federal Bar No. 26200
Texas Bar No. 24013302
dpatton@scottpattonlaw.com

ATTORNEY IN CHARGE FOR DEFENDANT

---

[12] Dkt. 66 at 2-3.

OF COUNSEL:

Patrick M. Palmer II
Federal Bar No. 3542529
Texas Bar No. 24116871
palmer@scottpattonlaw.com
**SCOTT PATTON PC**
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone:   (281) 377-3311
Fax:       (281) 377-3267

## CERTIFICATE OF SERVICE

I certify that on January 6, 2025, a true and correct copy of *Defendant's Reply to Plaintiff's Response In Opposition To Defendant's Motion for a More Definite Statement* was served on all counsel of record via email and U.S. Mail in accordance with the Federal Rules of Civil Procedure.

Caitlin Weathers
2425 Capitol Street, #2143
Houston, Texas 77003
*Plaintiff Pro Se*

/s/ Daniel Patton
Daniel Patton