UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**Caitlin Weathers,**

**Plaintiff**

**V**                                                                                                        Case # 4:22 – cv- 04085

**Houston Methodist Hospital et al.,**

**Defendants**

<u>**PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT WITNESS**</u>

**COMES NOW**, Plaintiff Caitlin Weathers, in the above-styled civil action, and hereby files their Motion to Exclude Testimony of Defendant's Expert Witness, showing the Court as follows:

**Issues Before the Court**

1. Can Defendants brazenly disregard discovery deadlines, audaciously defy the Court's orders, and sidestep their ongoing duty to supplement their discovery responses?

2. Is it equitable or honorable for Defendant to disclose an expert witness over 900 days since the Charge of Discrimination was issued, knowing prejudice is inevitable as the Defendants

1

have not filed an answer to how they plead nor answered Plaintiff's interrogatories sent September 20, 2023, and again on February 13, 2025?

**Statement of Facts**

1. The essential facts of this case are not in dispute, as the Defendants have failed to file an answer as to how they plead to the Charge of Discrimination, which was deemed timely by the Fifth Circuit Court of Appeals and mandates an answer.

2. The Defendants did not confer with the Plaintiff.

3. On 10/21/2022, this Court entered a "Scheduling Order".

4. In the order, this Court noted the following sanctions for failure to comply with the terms and obligations outlined:

5. Per this Court's order, expert witnesses were to be disclosed by 01/31/2025.

6. On 03/12/2025, the Defendants filed their disclosure of expert witness Lucas David Novick.

7. The defendant's disclosure came 40 days after the court-ordered deadline for disclosure and depositions.

8. Additionally, the defendant failed to supplement their discovery responses regarding the plaintiff's request to produce documents, which included any expert witness the defendant may expect to testify at trial.

9. The defendant has failed to provide any explanation for the failure to disclose the witness.

10. The defendant has failed to note the "importance of the testimony."

11. The prejudice to the Plaintiff if the witness is allowed to testify would be substantial.

12. There is no "less harsh remedy than the exclusion of the witness [which] would be sufficient to ameliorate the prejudice and vindicate the trial court's authority."

**Legal Standard**

In Lee v. Smith, 307 Ga. 815 (2020), the Supreme Court held that a four-factor test should be used to assess whether the late identification of an expert witness should be considered.

1. Explanation for the late identification
2. Importance of the Testimony
3. Prejudice to the Opposing Party
4. Whether a less harsh remedy is available

The Defendants have failed to provide any reason for the late identification of a new attorney in this case, which presents unfair prejudice against Plaintiff Caitlin Weathers. Less harsh remedies are available that don't threaten the Pro Se Plaintiff with attorneys' fees so late in the case where an answer has yet to be filed. The court can exclude an expert's testimony if the expert was not correctly identified. *Doherty v. Brown, 339 Ga App. 567, 575 (2016)*. There are severe sanctions for last-minute identification. *Vineyard Indus., V. Baily, 343 Ga. App. 517, 521 (2017)*. Withholding essential documents can result in sanctions. *Miller v. Lynch, 351 Ga. App. 361, 367-68 (2019)*. Adhering to stipulated deadlines in case management orders is essential. *Thomas v. Peachtree Orthopaedic Clinic, P.C., 290 Ga. App. 869, 872-73 (2008)*

**Conclusion**

For the reasons stated herein, Weathers respectfully requests that the Court strike and/ or deny the expert testimony as an improper, impertinent, and/ or scandalous matter. Plaintiff Weathers is being prejudiced from a fair trial because the EEOC's Charge of Discrimination still requires an answer as mandated, and the expert testimony ignores this fact in much the same as the Defendant's answers to their interrogatories sent by Plaintiff on September 20, 2023, and February 13, 2023, have still gone unanswered.

## CERTIFICATE OF CONFERENCE

I certify that on March 17, 2025, I conferred in good faith via phone with Mike Burke regarding the foregoing motion. The Defendants responded that they weren't aware of any scheduling orders.

X _____
Caitlin Weathers
Pro Se Litigant

## CERTIFICATE OF SERVICE

I certify that on March 17, 2025, a true and correct copy of this document was filed and served on all parties by the Court's ECF filing system. An electronic email copy forwarded to the below:

*Daniel Patton Federal Bar No. 26200*

*Texas Bar No. 240133002*

*dpatton@scottpattonlaw.com Attorney in Charge*

X _____
Caitlin Weathers
Pro Se Litigant


Email: j.weathersca@gmail.com

Address: 2425 Capitol St., #2143, Houston, TX 77003

Phone: 832-314-6357