Caitlin Weathers

2425 Capitol ST #2143

J.weathersca@gmail.com

(832) 314-6357

*Plaintiff Pro Se*

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

Caitlin Weathers

v.                                                                                    Case Number: 4:22-CV-04085

Houston Methodist Hosptial

## INTERROGATORIES

INTERROGATORY NO. 1: If Defendant or someone acting on Defendant's behalf has obtained a written or recorded statement, interview, report, or memorandum from any person or persons having knowledge of the facts pertaining to the Claims or matters complained of in the Lawsuit, please identify the name, address, and telephone number of such persons, and provide a brief summary of the contents of each statement.

INTERROGATORY NO. 2: Identify every employment complaint filed to Sunila or Human Resources during Sunila Ali's employment as the manager of the Neuro ICU submitted by Plaintiff's Co-workers, including any complaints that may have been filed to the EEOC or TWC and record provided of such to Houston Methodist Hospital such as a copy would have been provided. Have there been any other occurrences during the dates of Plaintiff's employment from May 28, 2019 – October 4, 2021?

INTERROGATORY NO. 3: Identify all persons with whom Defendants have discussed the Claims and/or allegations in the Lawsuit and with respect to each person, state the number of discussions Defendant has had with each person, how the discussion was made (e.g., telephone, email, in person, etc.), the date and place of each discussion, and the substance of each discussion between the dates of May 28, 2019 – October 4, 2021.

INTERROGATORY NO. 4: Identify every mistake, misuse, abuse, lack of care, discriminatory or retaliatory act, negligent act, and improper or inadequate act or omission, that Defendants allege were committed

by any person, entity, or party, including any and all Houston Methodist employees, that defendants believe or allege contributed, directly or indirectly, to cause or proximately cause Defendants reason for termination resulting in Plaintiff bringing the Lawsuit to Court, and identify the alleged wrongdoers. What did Sunila and other Mangers in the Plaintiff's previous job roles, do in response and on the basis of what legal grounds?

INTERROGATORY NO. 5: Describe all Communications between or among Defendants and/or Houston Methodist (including former employees) that reference or relate to any terms of employment or termination from Houston Methodist about the Plaintiff or former other employees, and/or any of the Claims made regarding the basis of the Lawsuit. For each Communication identified, please include the following: a. the name, address, and telephone number of the person(s) who made the Communication; b. the mode of the Communication; c. the date of the Communication; d. whether there are any documents or recordings memorializing the Communication; and e. briefly describe the substance of the Communication.

INTERROGATORY NO. 6: Identify each unit specific policy for the Neuro ICU that would indicate grounds for any mistake, misuse, abuse, lack of care, discriminatory or retaliatory act, negligent act, and improper or inadequate act or omission, that Defendants allege were committed by any person, entity, or party, including any and all Houston Methodist employees, that defendants believe or allege contributed, directly or indirectly, to cause or proximately cause Defendants reason for termination of Plaintiff or any other employees or former employees during the time Plaintiff was employed by Houston Methodist from May 28, 2019 – October 4, 2021. Identify if there are any documents or recordings that would memorialize such policies for unit specific policies.

INTERROGATORY NO. 7: Identify every person who worked or was employed at Houston Methodist or applied to Houston Methodist that Defendants contend were NOT similarly situated to Plaintiff but was outside Plaintiff's protected class and treated equal or less favorably than Plaintiff with respect to Plaintiff's terms, conditions, status, and/or privileges of employment. For each person identified, provide the name of the identified person, the identified person's title at Houston Methodist, describe every instance of such different or more favorable treatment, any like or similar circumstances between Plaintiff and such identified person, when such disparate treatment occurred, and any witnesses to such alleged disparate treatment

INTERROGATORY NO. 8: Please identify and describe any and all negative and Adverse Employment Actions Defendants have been charged with or complained of and records made of by the EEOC, TWC, or Human Resources for the Houston Methodist Hospital, to include records of complaints made against Sunila Ali. For each, if termination occurred, please provide the following: a. the date of the negative and Adverse Employment Action performed on Plaintiff; b. the name, address, and telephone number of the person(s) who were involved in the negative and Adverse Employment Action ; c. whether there are any documents or recordings memorializing the negative and Adverse Employment Action ; and d. briefly describe the negative and Adverse Employment Action .

INTERROGATORY NO. 9: Describe the legal and factual basis for Defendants contention that Plaintiff WAS NOT the "only Caucasian in job role".

INTERROGATORY NO. 10: Describe the legal and factual basis for your contention that Defendants were NOT discriminating against the Plaintiff based on her sex, race, and color.

INTERROGATORY NO. 11: State the legal and factual basis for your contention that Defendants were NOT retaliating against the Plaintiff by Sunila Ali.

INTERROGATORY NO. 12: Identify all persons with knowledge or information relating to the lawsuit.

INTERROGATORY NO. 13: Identify all persons who provided information used, and all documents reviewed or referenced, in answering these interrogatories.

INTERROGATORY NO. 14: If you contend that there was not ANY issue on the NEURO ICU before, during, or after Plaintiff's employment regarding employees being subjected to a sexually hostile work environment, describe with particularity all facts supporting that contention.

INTERROGATORY NO. 15: If you contend that none of the employee's at Houston Methodist ever created a sexually hostile work environment towards the Plaintiff (or other co-workers or former co-workers), describe with particularity what unit specific policies protect the employees from discriminatory words and actions that created such an adverse environment for Plaintiff.

INTERROGATORY NO. 16: If you contend that none of the employees of Houston Methodist's conduct were so severe towards the Plaintiff that it altered the terms and conditions of her employment, describe with particularity all facts supporting that contention.

INTERROGATORY NO. 17: If you contend that Plaintiff should have known about unit specific policies and procedures, describe what action was taken by Defendants that would have contributed to the process of creating policies for this unit specific job role that were not particular to any individual and created fair and equal access to fulfilling this unit specific job role without possibility of discriminatory processes or motives in hiring or firing.

Caitlin Weathers

9/20/2023