UNITED STATES DISTRICT COURT for the SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA

PLAINTIFF,

Caitlin Weathers

Vs.                                                              CIVIL ACTION 4:22-CV-04085

DEFENDANTS,

Houston Methodist Hospital, et al.

MOTION FOR DEFAULT JUDGMENT

To the Honorable Magistrate Judge Christina Bryan:

Plaintiff, Caitlin Weathers, respectfully moves the court for entry of a Default Judgment against Defendant Houston Methodist Hospital, et al., for failure to answer as to how they will plead to the Charge of Discrimination, that which was mandated as sufficient by the Fifth Circuit Court of Appeals to which in this case the district court is bound.

  I.  STATEMENT OF FACTS
      1. The action was commenced on August 3, 2022, by the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission seeking relief for employment discrimination based on race, sex, and retaliation. Exhibit A
      2. The Charge of Discrimination was dually filed with the Texas Workforce Commission on August 8, 2022. Exhibit B
      3. A copy of the Charge of Discrimination was served on August 8, 2022, at Houston Methodist Hospital by the EEOC. Exhibit C
      4. The initiation of the filing of a lawsuit was granted on November 16, 2022. Exhibit D
      5. A summons was executed on December 7, 2022, by the courts to Houston Methodist Hospital and Sunila Ali. Exhibit E
      6. On September 4, 2024, the Fifth Circuit Court of Appeals mandated that the

Charge of Discrimination was timely brought, and remanded this case back to the district court for the Defendants to at least as much, file an answer. Exhibit F

7. On December 12, 2024, the Defendants filed a Motion for a More Definite Statement. This motion is not a formal answer or defense; rather, it is an inappropriate request directed to the court over 755 days after receiving notice. This motion raises an entirely new argument that disregards the intent of the law regarding the purpose of the remand. Additionally, it overlooks the ruling of the 5th Circuit Court, which preempts the district court's authority. Exhibit G

8. Despite proper notice and service to the Defendants of the EEOC's Charge of Discrimination, Notice of Right to Sue, Complaint, and 5th Circuit's Mandate, Defendants have still failed to answer as to how they will plead within the time prescribed by law that follows the orders binding over this case #4:22-CV-04085.

II.    LEGAL AUTHORITY

1. Under the Relevant Texas Rules of Civil Procedures 21 and 239, when a party against whom a judgment in an action for money damages is sought has failed to plead, a plaintiff may obtain a judgment if the defendant fails to answer.

2. Under Federal Rule of Civil Procedure 55, a party may seek a default judgment against a defendant who has failed to plead or otherwise defend.

III.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a default judgment against Defendants Houston Methodist Hospital, et. al., in the amount of $6,304,469.96, and for any such other and further relief as this Court deems just and equitable. Exhibit H

Respectfully submitted,

X ~Caitlin Weathers signature~

Caitlin Weathers

4/4/2025

*Pro Se Litigant*

Email: j.weathersca@gmail.com

Address: 2425 Capitol St., #2143, Houston, TX 77003

Phone: 832-314-6357

CERTIFICATE OF SERVICE

I certify that on April 4, 2025, a true and correct copy of this document was filed and served
at all parties by the Court's ECF filing system. An electronic email copy forwarded to the below:

Daniel Patton Federal Bar No. 26200

Texas Bar No. 240133002

dpatton@scottpattonlaw.com Attorney in Charge

X _____

Caitlin Weathers

4/4/2025

*Pro Se Litigant*

Email: j.weathersca@gmail.com

Address: 2425 Capitol St., #2143, Houston, TX 77003

Phone: 832-314-6357

UNITED STATES DISTRICT COURT for the SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA


PLAINTIFF,

Caitlin Weathers


Vs.                                                    CIVIL ACTION 4:22-CV-04085


DEFENDANTS,

Houston Methodist Hospital, et al.


      Pending before the Court is Weathers' MOTION FOR DEFAULT JUDGMENT. After

reviewing the Motion, the Response, the Record, and the applicable law, the Court is of the

opinion that it should be GRANTED.

It is SO ORDERED.

Signed this _____ of _____, 2025.



_____

Christina Bryan

UNITED STATES MAGISTRATE JUDGE

# Exhibit A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974  See enclosed Privacy Act Statement and other information before completing this form | EEOC<br>FEPA | 460-2022-02396 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Caitlin Weathers | 832-314-6357 | |

| Street Address |
|---|
| 2425 CAPITOL ST APT 2143 |
| HOUSTON, TX 77003 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No |
|---|---|---|
| HOUSTON METHODIST HOSPITAL DIS | 501+ Employees | |

| Street Address |
|---|
| 6565 FANNIN ST |
| HOUSTON, TX 77030 |

| Name | No. Employees, Members | Phone No |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest           Latest |
| Color, Race, Retaliation, Sex | 04/01/2021           10/04/2021 |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about October 4, 2021, I was discharged from my position as Patient Care Associate. I believe my termination is discriminatory based on my race (white) and sex (female).  The alleged reason for my termination is performance, which I believe to be pretext to discrimination because my performance first came into question shortly after complaining of harassment. From April 1, 2021, until my termination, I was harassed by Cameron Shonk, Sharon (last name unknown), Cassie Hall, and Amanda Roning. I reported the harassment to management officials Dante Macasaet, Sunila Ali, and Mariana Mondragon during all of August 2021, but I was ignored, and the harassment continued.  Here are a few examples of the harassment I had been subjected to:  I was called "white trash" by Cameron Shonk, I was called "psychotic" and "gay" by Sharon, and I was subjected to daily bullying from Cassie Hall and Amanda Roning. On or about August 23, 2021, I finally met with Sunila Ali and Mariana Mondragon about the issue for the first time. During this meeting, instead of my complaint being listened to, my "fit" within the company was questioned. Shortly after this meeting, I suffered a tangible harm when I was terminated. I believe that I was retaliated against for complaining about harassment and discriminated against because of my color, race (white), and sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Caitlin Weathers**<br><br>08/03/2022<br><br>Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED  AND  SWORN  TO  BEFORE  ME  THIS  DATE<br>(month, day, year) |

# Exhibit B



**U.S. Equal Employment Opportunity Commission**
**Notification & Acknowledgement of Dual-Filed Charge**

(This Notice replaces EEOC FORM 212-A)

08/03/2022

EEOC Number: 460-2022-02396
FEPA Number:

This is notice that a charge of employment discrimination, Caitlin Weathers v. HOUSTON METHODIST HOSPITAL DIS was initially received by Houston District Office on 08/03/2022 and will be dual-filed with Texas Workforce Commission Civil Rights Division.

Pursuant to the worksharing agreement, the Houston District Office intends to Investigate Charge.

The Texas Workforce Commission Civil Rights Division acknowledges receipt of the referenced charge, Caitlin Weathers v. HOUSTON METHODIST HOSPITAL DIS, and intends to Defer Investigation.

| | |
|---|---|
| Issued by: | Issued on: |
| Houston District Office | 08/03/2022 |
| Acknowledged by: | Acknowledged on: |
| Texas Workforce Commission Civil Rights Division | 08/03/2022 |

# Exhibit C

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**



**Houston District Office**
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## NOTICE OF CHARGE OF DISCRIMINATION

(This Notice replaces EEOC FORM 131)

08/08/2022

**To:**  Carole Hackett
Senior VP, Chief HR Officer
6565 FANNIN ST

HOUSTON, TX 77030

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Caitlin Weathers under: Title VII of the Civil Rights Act of 1964 (Title VII). The circumstances of the alleged discrimination are based on Color, Race, Retaliation, Sex, and involve issues of Terms/Conditions, Harassment, Discharge that are alleged to have occurred on or about 10/04/2021.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, the EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1.  Access the EEOC's secured online system at https://arc.eeoc.gov/rsp/login.jsf
2.  Enter this EEOC Charge No.: 460-2022-02396
3.  Enter this password: ▮▮▮▮▮

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC. The system will also advise you of possible actions or responses and identify your EEOC point of contact for this charge.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding it, you may send an email to HoustonIntake@EEOC.GOV.

# Exhibit D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**NOTICE OF CASE FILING**

Date Case filed:    **November 16, 2022**

Style of Case:    **Caitlin Weathers**
**v.**
**Houston Methodist Hospital, et al.**

Case number:    **4:22−cv−04085**

District Judge assigned:    **Judge Lee H. Rosenthal**

Nature of Claim:    **Civil Rights NOS 442**

The Court has granted your application for leave to proceed *in forma pauperis*. You should have already received a copy of the order granting your application. Because the court has granted your application, the above civil action number has been assigned to your case and all future filings or correspondence regarding your case must include this number.

If you submitted your complaint at the time of filing your application, it has been filed in the case with the civil action number. If you did not submit your complaint along with your application, you may file it now under the civil action number referenced above.

It is your responsibility to prepare and have one summons issued for each of the defendants named in your complaint pursuant to Fed. R. Civ. P. 4. The AO 440 summons form is available on the U.S. Courts website, www.uscourts.gov, in the Forms section. You are also responsible for service of the summons and complaint unless otherwise ordered by the court. If you do not have summons issued and served within 90 days of the filing of your complaint, the court may dismiss it, ending your case.

*Please write or type the civil action number on the front of all letters and documents. Address all mail to:*

**United States District Clerk's Office**
**P.O. Box 61010**
**Houston, TX 77208−1010**

*The case will be handled in the ordinary course of the Court's work. Writing to the Court to ask about your case will only SLOW the process.*

Date: November 23, 2022

Nathan Ochsner, Clerk

# Exhibit E

Case 4:22-cv-04085    Document 5    Filed on 12/07/22 in TXSD    Page 1 of 1

**U.S. Department of Justice**
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See "Instructions for Service of Process by U.S. Marshal"

| | | |
|---|---|---|
| PLAINTIFF<br>Caitlin Weathers | RECEIVED<br>UNITED STATES MARSHAL | COURT CASE NUMBER<br>4:22cv4085 |
| DEFENDANT<br>Houston Methodist Hospital et al | 2022 NOV 29  PM 4: 40 | TYPE OF PROCESS<br>Summons and Complaint |

SOUTHERN DIST. S/TX

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

**SERVE AT** {
Sunila Ali

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
6565 Fannin St. Houston, TX 77030

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| U.S. Clerk's Office<br>515 Rusk<br>Houston, TX 77002 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 2 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

RN Director - Neurosurgical Intensive Care Unit

United States Courts
Southern District of Texas
**FILED**

**DEC 07 2022**

Nathan Ochsner, Clerk of Court

| Signature of Attorney other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|
| *Rachel Willborg* | 713-250-5500 | 11/23/2022 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | No. 79 | No. 79 | | 12-5-22 |

I hereby certify and return that I ☐ have personally served ☒ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

| Name and title of individual served (if not shown above) | Date | Time | |
|---|---|---|---|
| | 12-7-22 | 10:51 | ☒ am  ☐ pm |

Address (complete only different than shown above)

Signature of U.S. Marshal or Deputy

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

1. I spoke to receptionist at 6565 fannin who directed me to the 11th floor of the Walter towers. 12-5-22 12:30pm

2. On 12-5-2022 @ 12:40pm Deputy spoke to a nurse on the 11th floor who informed Deputy that Ms. Ali was not in the office. Deputy left his business card.

3. Sunila Ali contacted Deputy inquiring about the legal documents. Dr Sunila Ali subsequently informed

Form USM-285
Rev. 03/21

# Exhibit F

## IV.

Alternatively, Methodist asserts that we should affirm the district court's summary judgment based on the merits of Weathers's claims. True, "[w]e may affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court." *Wantou v. Wal-Mart Stores Tex., L.L.C.*, 23 F.4th 422, 430 (5th Cir. 2022) (quoting *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015)). But the district court specifically ordered Weathers not to respond to Methodist's arguments on the merits of her claims. Methodist has yet to file even an answer to Weathers's complaint. Accordingly, it is best to remand this case for further development of the record and for the district court to rule on Weathers's claims in the first instance. *See PHH Mortg. Corp.*, 80 F.4th at 563–64. We make no forecast on the merits of Weathers's claims.

# Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-04085 |
| | § | |
| HOUSTON METHODIST | § | |
| HOSPITAL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT HOUSTON METHODIST HOSPITAL'S
RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT**

Defendant, Houston Methodist Hospital ("Houston Methodist"), seeks a Court order for Plaintiff Caitlin Weathers ("Plaintiff") to replead to provide a more definite statement of her claims, under Federal Rules of Civil Procedure 12(e), to bring Plaintiff's First Amended Complaint (the "Complaint")[1] into compliance with Federal Rules of Civil Procedure 8(a), 8(d) and 10(b).

### I.    SUMMARY OF THE ARGUMENT

Houston Methodist's Motion For A More Definite Statement should be granted because:

- **All of the factual allegations contained in Plaintiff's First Amended Complaint are so vague and ambiguous such that Houston Methodist would be prejudiced in its attempt to answer;**

- **The prolixity of Plaintiff's First Amended Complaint renders it a "shotgun pleading" in violation of Federal Rules of Civil Procedure 8 and 10; and**

---

[1] *See* Dkt. 66.

-1-

- **Plaintiff should be made to file a Second Amended Complaint that contains specific facts that support each element of the claims that she intends to pursue.**

# Exhibit H

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

---

Wrongful Termination:

Compensatory Damages
- Last Pay Stub = $1507.50/ bi-weekly (net pay was $0, based sum is on gross) = $3015.00/mo.
- Loss of (cost of COBRA) health insurance = $1050.56/ mo.
- Loss of tuition benefit = $8,000.00/ annually

$3015.00+$1050.56+$8000 = $12,065.56 economic damages/ back pay
$12065.56 x4.5 = $54,295.02 months unemployed
$54,295.02 x5 = $271,475.10 each claim
162,885.06 x5 = $1,357,375.50 pain & suffering
$814,425.30 x4 = $5,429,502 punitive damages
$5,429,502 + $874,967.966 = $6,304,469.97 pre-judgment interest

Total: $6,304,469.96

Expunge record at HMH; apology; Correct the wrong doing with anti-racist adoption. Implementation of departmental handbook. Hold the responsible parties accountable who were involved in the decision to terminate CW - allowing for personal liability under 1981 because of evidence discovered after initial complaint was made. Implement and adopt unbiased ethics training programs, add new unbiased ethics reporting mechanisms; institutionalize unbiased ethics protocols that follow Ethics Research Center's purpose. Re-regulation where possible (handbook). Implementation of better clincial decision support systems that include clinical support decisions made by PCAs to assist them in monitoring patient needs to prevent bias and error in decision making. Change the name of the process to something other than "PIP" which associates derogatory negative connotation to the term "PIP SQUEAK" which can persuade others from not reporting in the future out of fear of retaliation

---