IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-04085 |
| | § | |
| HOUSTON METHODIST | § | |
| HOSPITAL, | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT, HOUSTON METHODIST HOSPITAL'S,
RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

Defendant, Houston Methodist Hospital ("Houston Methodist"), files this Response in Opposition to Plaintiff's Motion for Default Judgment [Dkt. No. 75].

"In order to obtain a default judgment, a plaintiff must establish: (1) a default resulting from the defendant's failure to plead or otherwise respond to a complaint within the time required by Federal Rule of Civil Procedure 12; (2) a clerk's entry of default based on an affidavit or other filing according to Federal Rule of Civil Procedure 55(a); and (3) an application for default judgment based on entry of default." *Black v. NewRez LLC*, 2024 WL 1776010, *1 (S.D. Tex. Apr. 2, 2024), *report and recommendation adopted*, 2024 WL 1771037 (S.D. Tex. Apr. 24, 2024) (Bryan, M.J.).

The Fifth Circuit's view of an "appearance" for purposes of Rule 55(b)(2) is "expansive." *Sunburst Media Mgmt., Inc. v. Devine*, 2009 WL 1810166, *2 (N.D. Tex. June 24, 2009) (citing *Rogers v. Hartford Life and Accident Insurance Company*, 167 F.3d 933, 936 (5th Cir.1999)). The defendant must merely give the plaintiff a clear indication that the defendant

1

intends to pursue a defense and must be responsive to the plaintiff's formal Court action. *Sunburst*, 2009 WL 1810166 at *2 (citing *Rogers*, 167 F.3d at 937). Indeed, actions as informal as phone calls and letters between the plaintiff and the defendant's counsel generally constitute an "appearance." *Sunburst*, 2009 WL 1810166 at *2 (citations omitted).

Houston Methodist has been defending this case since at least December 29, 2022. *See* Dkt. No. 7, Houston Methodist's Rule 12(b)(6) Motion to Dismiss. Even if the Court and the parties focus only on Houston Methodist's actions post-reinstatement, Houston Methodist appeared at the Scheduling Conference on October 21, 2024 and filed a Rule 12(e) Motion for More Definite Statement on December 10, 2024. *See* Dkt. No. 67. Filing of a motion under Rule 12 constitutes an "appearance." *See, e.g., Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989). Beyond Houston Methodist's formal defense of this case, Plaintiff cannot deny that both pre- and post-reinstatement, she and Houston Methodist's counsel have had numerous telephone conversations discussing Houston Methodist's defense of this case.

The foregoing notwithstanding, a formal answer is not due until fourteen (14) days after the Court provides the parties notice of its decision on Houston Methodist's Rule 12(e) Motion. FED. R. CIV. P. 12(a)(4)(A). The Court has not yet ruled on Houston Methodist's Rule 12(e) Motion. Further, even if Houston Methodist's answer was tardy—and it is not— Plaintiff's default motion is procedurally defective and premature. Plaintiff has failed to obtain a clerk's entry of default based on an affidavit or other filing according to Federal Rule of Civil Procedure 55(a). *NewRez LLC*, 2024 WL 1776010 at *1. Plaintiff's Motion for Default Judgment is, therefore, premature and meritless and the Court should deny it as such.

Respectfully submitted,

By: /s/ Daniel Patton
        Daniel Patton
        S. D. of Tex. Admission No. 26200
        Texas Bar No. 24013302
        dpatton@scottpattonlaw.com

        ATTORNEY IN CHARGE FOR DEFENDANT

OF COUNSEL:

Michael K. Burke
S.D. Tex. Admission No. 24356
Texas Bar No. 24012359
mburke@scottpattonlaw.com
Lucas David Novick
S.D. Tex. Admission No. 3777679
Texas Bar No. 24125819
lnovick@scottpattonlaw.com
**SCOTT PATTON PC**
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone: (281) 377-3311
Fax: (281) 377-3267

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

    I certify that on April 7, 2025, a true and correct copy of *Defendant, Houston Methodist Hospital's Response In Opposition To Plaintiff's Motion to Exclude Testimony of Defendant's Expert Witness* was served on all counsel and parties of record by the Court's ECF filing system and U.S. Mail in accordance with the Federal Rules of Civil Procedure.

Caitlin Weathers
2425 Capitol Street, #2143
Houston, Texas 77003

*Pro Se Plaintiff*

        /s/ Daniel Patton
        Daniel Patton

3