# THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

PLAINTIFF,

Caitlin Weathers

*Versus*                                                              CIVIL ACTION 4:22-CV-04085

DEFENDANTS,

Houston Methodist Hospital, et al.

**TABLE OF CONTENTS**

**NATURE AND STAGE OF PROCEEDINGS**.................................................................3

**STATEMENT OF ISSUES TO BE RULED UPON**...............................................3-4

**SUMMARY OF THE ARGUMENT**....................................................................4

**ARGUMENT**.................................................................................4-15

    a. **Motion for Exclusion of Untimely Expert Witness**

    b. **Objections to Defendants' Objections to Interrogatories**

**CONCLUSION AND PRAYER**.............................................................15-16

**CERTIFICATE OF SERVICE**.................................................................17

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' EXPERT WITNESS</u>**

**<u>AND CHALLENGE AS TO SUFFICIENCY OF DEFENDANT'S RESPONSE TO</u>**

**<u>INTERROGATORIES, ADMISSIONS OF FACT, AND PRODUCTION</u>**

*(MEDIATION by Magistrate and HEARING Requested)*

Caitlin Weathers, Plaintiff, hereby requests that this Honorable Court order to exclude expert testimony of Defendant's Houston Methodist Hospital, et. al. and order that Defendant's file more accurate and complete responses to the Plaintiff's Request for Admissions of Fact, Interrogatories, and Requests for Production, or in the alternative, order that the Requests for Admissions of Fact are deemed admitted and in support thereof states as follows:

**NATURE AND STAGE OF PROCEEDINGS**

**On September 22, 2023**, Plaintiff sent attorneys for Houston Methodist Hospital Requests for Admissions of Fact, Interrogatories, and Production. It has been over **573 days** since Plaintiff sent these Requests. (EXHIBIT A) **On 10/ 21/2025,** an Answer and Responses were due, according to the Fifth Circuit Court of Appeals mandate that deemed the Charge of Discrimination timely. [DKT 62] It has been **over 200 days** since the mandate was issued, warranting an Answer and Responses to Requests. Defendants have ignored their obligations to comply with orders in the mandate by failing to adequately answer or respond to Weathers' Charge of Discrimination, Complaint, or Requests.

**STATEMENT OF THE ISSUES**

Defendants have failed to answer or otherwise respond to Requests for Admissions. Each matter on which an admission is requested shall be deemed admitted under TRCP 169 and FRCP 36. Additionally, Texas Rule of Civil Procedure 198.2 requires a party to respond to a request for admission within 30 days, except that a defendant served with a request before his answer is due

has 50 days to respond to the request.  Tex. R. Civ. P. 198.2(a).  The request is deemed admitted if a response is not served on time.  Id. 198.2(c).  *Landaverde's* responses filed on November 15, 2005, were timely; therefore, those denials are given full effect. The requests for admissions, which *Landaverde* did not respond to, were deemed admitted. "We must determine if Centurion established the elements of its suit through the matters deemed admitted." *Landaverde v. Centurion Capital Corporation* (Tex.App.- Houston, Jun. 28, 2007) If a party fails to serve a response to a request for admissions timely, the requests are deemed admitted without a court order. TEX. R. CIV. P. 198.2(c). A matter admitted this way is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission. TEX. R. CIV. P. 198.3. Deemed admissions are competent summary judgment evidence. *Schafer v. Federal Servs. Corp.*, 875 S.W.2d 455, 457 (Tex. App.—Houston, 1994) (holding that trial court was free to consider deemed admissions, although not specifically referenced in motion for summary judgment); TEX. R. CIV. P. 166a(c). Additionally, under FRCP 36 (a) (3) a matter is deemed admitted if a party fails to respond to a request for admission within 30 days of service.

**SUMMARY OF ARGUMENT**

The Defendants did not take into account the prejudice against the Plaintiff during the Status Conference held on October 21, 2024. At that time, they failed to provide answers to the Admission Requests, Interrogatories, and Production Requests. Additionally, they did not clarify how they intended to plead regarding the Charge of Discrimination or the Complaint. When the Defendants filed their Motion for a More Definite Statement on December 10, 2024 [DKT 67], it constituted an act of perjury by omission, especially since they had known about and received the Plaintiff's Requests for Admissions since September 22, 2023. The Defendants are acting in

bad faith; therefore, their motion for a more definite statement should be denied, and the requests for admissions should be deemed admitted.

**ARGUMENT**

    a.  Motion to exclude: **Rule 16(b)(1)** requires courts to issue scheduling orders that set deadlines for key stages of litigation, including expert disclosures. These orders specify deadlines for identifying expert witnesses, providing expert reports, and completing expert discovery. Any expert witness introduced after the deadline established in the scheduling order will be subject to a motion to exclude.

Grounds for Exclusion:

*Violation of the Scheduling Order:*

The primary basis for Plaintiff Weathers' objecting is that the expert Mike Burke and Lukas Novak was not disclosed or made available for discovery as required by the scheduling order. Dkt [XX]

*Failure to Comply with* Rule 26(a):

Rule 26(a)(2)(A) and (B) outline the duty to disclose expert witnesses and provide expert reports. Mike Burke is a late-introduced expert failing to comply with these requirements, which is the basis for exclusion. Dkt [XX]

*Lack of Due Diligence:*

Mike Burke, the Defendant's late expert, should have sought to modify the scheduling order, knowing he would be unable to meet the deadline. Additionally, the Defendants failed to confer, which are grounds for exclusion.

    b.  Objections to Defendants' Responses to Interrogatories:

        1.  Interrogatory 1:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

2.   Interrogatory 2:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections;

Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

    3.  Interrogator 3:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

    4.  Interrogatory 4:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the

plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

5. Interrogatory 5:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

6. Interrogatory 6:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are

adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

7.  Interrogatory 7:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

8.  Interrogatory 8:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

9.  Interrogatory 9:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue

where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

10. Interrogatory 10:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

11. Interrogatory 11:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or

influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

12. Interrogatory 12:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

13. Interrogatory 13:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

14. Interrogatory 14:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections;

Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

15. Interrogatory 15:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

16. Interrogatory 16:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the

plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge

17. Interrogatory 17:

Plaintiff's requests are not manifestly unfounded or excessive; Privilege does not apply as Plaintiff's evidence has already been introduced and merited; Requests for interrogatories are adequate, relevant, and limited to what is necessary for accuracy; Law imposes criminal liability upon whomever knowingly alters, mutilates, destroys, conceals, covers up, falsifies, or makes a false entry of any record, document, or tangible object with intent to impede, obstruct, or influence; Failure of defendants to adequately answer causes as resulting loss of rights to the plaintiff, an obstruction of justice, spoils evidence in the lawsuit, and thereby the defendants should be held in contempt of court for creating disadvantage to the plaintiff; Lack of foundation; Non-compliance with rules of evidence due hearsay and late witness testimony, Timeliness issue where evidence has already been presented; Defendants use vague and/or ambiguous objections; Defendants' objections are argumentative, badgering, and designed to harass; Based on speculation or lack of personal knowledge.

**Conclusion and Prayer**

For the reasons herein, Plaintiff, Caitlin Weathers, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff, Caitlin Weathers, and against Defendants, Houston Methodist, et al., as follows:

1. Motion for a More Definite Statement Denied

2. Request for Admissions Deemed Admitted, Granted

3. Motion for Exclusion of Expert Witness Testimony Granted

4. Request for Hearing and Mediation Granted

In conclusion, Plaintiff, Caitlin Weathers, objects to all of the Defendants' objections to interrogatories, including Sunila Ali's virtual declaration and late expert testimony. Plaintiff prays that the Defendant's Motion for More Definite Statement is DENIED, and that this court grant Plaintiff's Request for Admissions to be Deemed Admitted, and, to any other law or equity, Plaintiff may be justly entitled.

Respectfully Submitted,

Caitlin Weathers

Caitlin Weathers

PRO SE LITIGANT

2425 Capitol St., #2143, Houston, TX 77003

Email: J.weathersca@gmail.com

Phone: 832-314-6357

**Certificate of Service**

I hereby certify that on April 18, 2025, I electronically filed the foregoing through the ECF filing

system, which will automatically notify the counsel of record and send a direct email notification

of such filing.

X _____
Caitlin Weathers

Caitlin Weathers

*Pro Se Litigant*

# EXHIBIT A



Caitlin Weathers

2425 Capitol ST #2143

J.weathersca@gmail.com

(832) 314-6357

*Plaintiff Pro Se*


# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION


Caitlin Weathers

v.                                          Case Number: 4:22-CV-04085

Houston Methodist Hosptial

# REQUESTS FOR ADMISSION

Please admit or deny the following:

1. Admit Houston Methodist terminated Plaintiff's employment for discriminatory and retaliatory reasons.

2. Admit that Houston Methodist and Sunila Ali had seen complaints made by Plaintiff prior to taking adverse actions against Plaintiff.

3. Admit that Plaintiff received differential treatment compared to those similarly situated.

4. Admit that the Disciplinary/Counseling Report attached as Exhibit A is considered adverse action and occurred after Plaintiff filed reports of discrimination.

5. Admit that the Disciplinary/Counseling Report attached as Exhibit A was issued after Plaintiff filed reports of discrimination.

6. Admit that Defendants saw reports of discrimination made by Plaintiff prior to taking adverse actions in the Disciplinary/Counseling Report attached as Exhibit A

7. Admit that the Performance Improvement Plan attached as Exhibit B is an unsigned copy that was written after Plaintiff filed complaints of discrimination.

8. Admit that Defendants saw reports of discrimination before issuing of a Performance Improvement Plan attached as Exhibit B.

9. Admit that the Documentation of Termination attached as Exhibit C is an unsigned copy that was issued after the Plaintiff filed reports of discrimination.

10. Admit that the Documentation of Termination attached as Exhibit C was issued in retaliation against the Plaintiff after the Plaintiff filed reports of discrimination.

11. Admit that Defendants saw reports of discrimination before issuing Documentation of Termination attached as Exhibit C.

12. Admit that Sunila Ali never provided Unit Specific Requirements as is written in the Job Description for the role of a PCA on the Neuro ICU.

13. Admit that Sunila Ali left and took time off work between the dates of 7/17/2021 - 8/11/2021.

14. Admit that there are no written Unit Specific Requirements that were or could have been provided to the Plaintiff as reference to any adverse actions written in Exhibit A, B, and/or C.

15. Admit that Unit Specific Requirements are included in the job description for the role of a PCA on the Neuro ICU.

16. Admit that the Plaintiff filed complaints regarding illegal activity.

17. Admit that it is a protected activity for employees to file complaints involving illegal activity.

18. Admit to the Charges in the Charge of Discrimination.

19. Admit that you no longer have provided an objection to Charges in the Charge of Discrimination.