UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, | § § § § | |
| *Plaintiff*, | | |
| vs. | § § § § § § § § | CIVIL ACTION NO. 4:22-CV-04085 |
| HOUSTON METHODIST HOSPITAL, | | |
| *Defendant*. | | |

# DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, Houston Methodist Hospital ("Houston Methodist"), serves the following Objections and Answers to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

By: */s/ Daniel Patton*
Daniel Patton
S. D. of Tex. Admission No. 26200
Texas Bar No. 24013302
dpatton@scottpattonlaw.com

ATTORNEY IN CHARGE FOR DEFENDANT

OF COUNSEL:

Michael K. Burke
S.D. Tex. Admission No. 24356
Texas Bar No. 24012359
mburke@scottpattonlaw.com
Lucas David Novick
S.D. Tex. Admission No. 3777679
Texas Bar No. 24125819
lnovick@scottpattonlaw.com

**SCOTT PATTON PC**
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone: (281) 377-3311
Fax: (281) 377-3267

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on April 16, 2025, a true and correct copy of *Defendant's Objections and Answerss to Plaintiff's First Set of Interrogatories* was served on all parties of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Daniel Patton*
Daniel Patton

## GENERAL OBJECTIONS

Houston Methodist reserves the right to amend, supplement, or withdraw any answer to Plaintiff's First Set of Interrogatories as Houston Methodist deems necessary or appropriate in light of information or further knowledge obtained in the course of discovery in this lawsuit.

To the extent that Plaintiff seeks to impose upon Houston Methodist duties or obligations not specifically contained in the Federal Rules of Civil Procedure, Houston Methodist objects to such instructions, definitions, or other attempts to impose such obligations on Houston Methodist.

Houston Methodist's responses are made according to information currently in Houston Methodist's possession, custody, and control.

Houston Methodist generally objects to each discovery request to the extent that it seeks information protected by a constitutional right of privacy or applicable privacy law.

Houston Methodist generally objects to each discovery request to the extent that it seeks information that is a trade secret and/or confidential and proprietary to Houston Methodist.

Houston Methodist objects to each discovery request to the extent it calls for information or calls for the identification of documents that are not within the applicable scope of discovery in this action, are not relevant to the subject matter of this action, and/or are not reasonably calculated to lead to the discovery of admissible evidence in this action.

Houston Methodist objects to each discovery request to the extent that it is overly broad or overly inclusive and/or it calls for extensive research, investigation, information, or identification of documents, which would subject Houston Methodist to annoyance, embarrassment, oppression, or undue burden or expense.

Houston Methodist objects to each discovery request to the extent that it is vague, indefinite, uncertain, and/or ambiguous and cannot reasonably be answered.

Houston Methodist objects to each discovery request to the extent that it calls for Houston Methodist to take action other than a reasonable and thorough search for information and/or documents responsive to the discovery request, which may be maintained in the possession, custody, or control of Houston Methodist in locations where such documents are most likely to be found.

Subject to the foregoing general objections, and without waiving same, Houston Methodist submits the following specific objections and answers:

## DEFENDANT'S SPECIFIC OBJECTIONS AND ANSWERS
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

If Defendant or someone acting on Defendant's behalf has obtained a written or recorded statement, interview, report, or memorandum from any person or persons having knowledge of the facts pertaining to the Claims or matters complained of in the Lawsuit, please identify the name, address, and telephone number of such persons, and provide a brief summary of the contents of each statement.

**ASSERTIONS OF PRIVILEGE:** Houston Methodist asserts that the attorney/client and work/product privileges cover communications responsive to this interrogatory.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), *see* HMH 00001-00007; HMH 00133-00137; HMH 00180-00204; HMH 00218-00225; HMH 00231-292; HMH 00297-00345; HMH 00366-00387; HMH 00393-00395; HMH 00401; HMH 00407-00417; 00432-00440.

**INTERROGATORY NO. 2:**

Identify every employment complaint filed to Sunila or Human Resources during Sunila Ali's employment as the manager of the Neuro ICU submitted by Plaintiff's Co-workers, including any complaints that may have been filed to the EEOC or TWC and record provided of such to Houston Methodist Hospital such as a copy would have been provided. Have there been any other occurrences during the dates of Plaintiff's employment from May 28, 2019 – October 4, 2021?

**OBJECTIONS:** Houston Methodist objects to this interrogatory on the grounds that the phrase "every employment complaint" is undefined and, therefore, the request is overbroad, An "employment complaint" could constitute anything from an informal complaint by an employee to a supervisor to a formal lawsuit. Further, "every employment complaint" would included "employment complaints" seeks materials not relevant to any party's claim or defense, and is not proportional to the needs of the case taking into consideration the factors listed in Federal Rule of Civil Procedure 26(b)(1).

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), *see* HMH 00001-00007; HMH 00133-00137; HMH 00180-00204; HMH 00218-00225; HMH 00231-292; HMH 00297-00345; HMH 00366-00387; HMH 00393-00395; HMH 00401; HMH 00407-00417; 00432-00440.

**INTERROGATORY NO. 3:**

Identify all persons with whom Defendants have discussed the Claims and/or allegations in the Lawsuit and with respect to each person, state the number of discussions Defendant has had with each person, how the discussion was made (e.g., telephone, email, in person, etc.), the date and place of each discussion, and the substance of each discussion between the dates of May 28, 2019 – October 4, 2021.

**ASSERTIONS OF PRIVILEGE:** Houston Methodist asserts that the attorney/client and work/product privileges cover communications responsive to this interrogatory.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), *see* HMH 00001-00007; HMH 00133-00137; HMH 00180-00204; HMH 00218-00225; HMH 00231-292; HMH 00297-00345; HMH 00366-00387; HMH 00393-00395; HMH 00401; HMH 00407-00417; 00432-00440.

**INTERROGATORY NO. 4:**

Identify every mistake, misuse, abuse, lack of care, discriminatory or retaliatory act, negligent act, and improper or inadequate act or omission, that Defendants allege were committed by any person, entity, or party, including any and all Houston Methodist employees, that defendants believe or allege contributed, directly or indirectly, to cause or proximately cause Defendants reason for termination resulting in Plaintiff bringing the Lawsuit to Court, and identify the alleged wrongdoers. What did Sunila and other Mangers in the Plaintiff's previous job roles, do in response and on the basis of what legal grounds?

**OBJECTIONS:** Houston Methodist objects to this interrogatory on the grounds that the sentence "What did Sunila and other Mangers in the Plaintiff's previous job roles, do in response and on the basis of what legal grounds?" is vague and ambiguous.

**ANSWER:** Houston Methodist's position is that there were no mistakes, misuses, abuses, lack of care, discriminatory or retaliatory acts, negligent acts, or improper or inadequate acts or omissions, that Houston Methodist alleges were committed by any person, entity, or party, including any and all Houston Methodist employees, other than Plaintiff, that Houston Methodist believes or alleges contributed, directly or indirectly, to cause or proximately cause Plaintiff's termination.

**INTERROGATORY NO. 5:**

Describe all Communications between or among Defendants and/or Houston Methodist (including former employees) that reference or relate to any terms of employment or termination from Houston Methodist about the Plaintiff or former other employees, and/or any of the Claims made regarding the basis of the Lawsuit. For each Communication identified, please include the following: a. the name, address, and telephone number of the person(s) who made the Communication; b. the mode of the Communication; c. the date of the Communication; d. whether there are any documents or recordings memorializing the Communication; and e. briefly describe the substance of the Communication.

**OBJECTIONS:** Houston Methodist objects to the request to "[d]escribe all Communications between or among Defendants and/or Houston Methodist (including former employees) that reference or relate to any terms of employment or termination from Houston Methodist about the Plaintiff or former other employees, and/or any of the Claims made regarding the basis of the Lawsuit" on the grounds that it is an improper blockbuster interrogatory that does not describe with reasonable particularity the information sought for disclosure. Houston Methodist further objects to this interrogatory on the grounds it is outside the scope of the facts set out in Plaintiff's EEOC Charge of Discrimination and outside the scope of any investigation that could reasonably arise therefrom, making it not relevant to any party's claim or defense and, thus, not proportional to the needs of the case taking into consideration the factors listed in Federal Rule of Civil Procedure 26(b)(1).

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), *see* HMH 00001-00007; HMH 00133-00137; HMH 00180-00204; HMH 00218-00225; HMH 00231-292; HMH 00297-00345; HMH 00366-00387; HMH 00393-00395; HMH 00401; HMH 00407-00417; 00432-00440.

**INTERROGATORY NO. 6:**

Identify each unit specific policy for the Neuro ICU that would indicate grounds for any mistake, misuse, abuse, lack of care, discriminatory or retaliatory act, negligent act, and improper or inadequate act or omission, that Defendants allege were committed by any person, entity, or party, including any and all Houston Methodist employees, that defendants believe or allege contributed, directly or indirectly, to cause or proximately cause Defendants reason for termination of Plaintiff or any other employees or former employees during the time Plaintiff was employed by Houston Methodist from May 28, 2019 – October 4, 2021. Identify if there are any documents or recordings that would memorialize such policies for unit specific policies.

**OBJECTIONS:** Houston Methodist objects to this interrogatory on the grounds that the phrase "unit specific policies" is undefined and, therefore, inherently vague and

ambiguous. Houston Methodist further objects to this interrogatory on the grounds that, as it relates to Houston Methodist's "reason for termination of . . . . any other employees or former employees during the time Plaintiff was employed by Houston Methodist from May 28, 2019 – October 4, 2021" is outside the scope of the facts set out in Plaintiff's EEOC Charge of Discrimination and outside the scope of any investigation that could reasonably arise therefrom, making it not relevant to any party's claim or defense and, thus, not proportional to the needs of the case taking into consideration the factors listed in Federal Rule of Civil Procedure 26(b)(1).

**ANSWER:** Houston Methodist's position is that, other than Plaintiff, there were no mistakes, misuses, abuses, lack of care, discriminatory or retaliatory acts, negligent acts, or improper or inadequate acts or omissions, that Houston Methodist alleges were committed by any person, entity, or party, including any and all Houston Methodist employees, other than Plaintiff, that Houston Methodist believes or alleges contributed, directly or indirectly, to cause or proximately cause Plaintiff's termination.

**INTERROGATORY NO. 7:**

Identify every person who worked or was employed at Houston Methodist or applied to Houston Methodist that Defendants contend were NOT similarly situated to Plaintiff but was outside Plaintiff's protected class and treated equal or less favorably than Plaintiff with respect to Plaintiff's terms, conditions, status, and/or privileges of employment. For each person identified, provide the name of the identified person, the identified person's title at Houston Methodist, describe every instance of such different or more favorable treatment, any like or similar circumstances between Plaintiff and such identified person, when such disparate treatment occurred, and any witnesses to such alleged disparate treatment.

**OBJECTIONS:** Houston Methodist objects to the request to "[i]dentify every person who worked or was employed at Houston Methodist or applied to Houston Methodist that Defendants contend were NOT similarly situated to Plaintiff but was outside Plaintiff's protected class and treated equal or less favorably than Plaintiff with respect to Plaintiff's terms, conditions, status, and/or privileges of employment" on the grounds that it is an improper blockbuster interrogatory that does not describe with reasonable particularity the information sought for disclosure. Houston Methodist further objects to this interrogatory on the grounds it is outside the scope of the facts set out in Plaintiff's EEOC Charge of Discrimination and outside the scope of any investigation that could reasonably arise therefrom, making it not relevant to any party's claim or defense and, thus, not proportional to the needs of the case taking into consideration the factors listed in Federal Rule of Civil Procedure 26(b)(1). As worded, this interrogatory asks Houston Methodist to identify every

Houston Methodist employee who worked a job different than Plaintiff, in a different department, who worked under a different supervisor, who had a different disciplinary history than did Plaintiff, and who was terminated for different reasons than Houton Methodist terminated Plaintiff, and who Houston Methodist claims was treated the same or less favorably than was Plaintiff with respect to Plaintiff's terms, conditions, status and/or privileges of employment. Houston Methodist further objects to this interrogatory on the grounds that it is vague and ambiguous.

**INTERROGATORY NO. 8:**

Please identify and describe any and all negative and Adverse Employment Actions Defendants have been charged with or complained of and records made of by the EEOC, TWC, or Human Resources for the Houston Methodist Hospital, to include records of complaints made against Sunila Ali. For each, if termination occurred, please provide the following: a. the date of the negative and Adverse Employment Action performed on Plaintiff; b. the name, address, and telephone number of the person(s) who were involved in the negative and Adverse Employment Action ; c. whether there are any documents or recordings memorializing the negative and Adverse Employment Action; and d. briefly describe the negative and Adverse Employment Action.

**OBJECTIONS:** Houston Methodist objects to this interrogatory on the grounds it is outside the scope of the facts set out in Plaintiff's EEOC Charge of Discrimination and outside the scope of any investigation that could reasonably arise therefrom, making it not relevant to any party's claim or defense and, thus, not proportional to the needs of the case taking into consideration the factors listed in Federal Rule of Civil Procedure 26(b)(1). Houston Methodist further objects to this interrogatory on the grounds that it is not reasonably limited in temporal scope or subject matter and, thereby, it not relevant to any party's claim or defense and, thus, not proportional to the needs of the case taking into consideration the factors listed in Federal Rule of Civil Procedure 26(b)(1).

**INTERROGATORY NO. 9:**

Describe the legal and factual basis for Defendants contention that Plaintiff WAS NOT the "only Caucasian in job role".

**OBJECTIONS:** Houston Methodist objects to this interrogatory on grounds that it is inherently misleading.

**ANSWER:** Houston Methodist has not as of yet made any such contention in this lawsuit.

**INTERROGATORY NO. 10:**

Describe the legal and factual basis for your contention that Defendants were NOT discriminating against the Plaintiff based on her sex, race, and color.

**OBJECTIONS:** Houston Methodist objects to this interrogatory on the grounds that it is inherently illogical and misleading because it asks Houston Methodist to describe the legal and factual bases to prove a negative. Houston Methodist further objects to this interrogatory on the grounds that it is Plaintiff's burden to prove the facts that she deems material and it is not Houston Methodist's burden to disprove the elements of Plaintiff's claims. Houston Methodist further objects to this interrogatory on the grounds that it improperly requires Houston Methodist to marshal all of its evidence in defense of Plaintiff's claims.

**INTERROGATORY NO. 11:**

State the legal and factual basis for your contention that Defendants were NOT retaliating against the Plaintiff by Sunila Ali.

**OBJECTIONS:** Houston Methodist objects to this interrogatory on the grounds that it is inherently illogical and misleading because it asks Houston Methodist to describe the legal and factual bases to. Houston Methodist further objects to this interrogatory on the grounds that it is Plaintiff's burden to prove the facts that she deems material and it is not Houston Methodist's burden to disprove the elements of Plaintiff's claims. Houston Methodist further objects to this interrogatory on the grounds that it improperly requires Houston Methodist to marshal all of its evidence in defense of Plaintiff's claims.

**INTERROGATORY NO. 12:**

Identify all persons with knowledge or information relating to the lawsuit.

**ANSWER:** *See* Houston Methodist's Initial Discovery Protocol Responses.

**INTERROGATORY NO. 13:**

Identify all persons who provided information used, and all documents reviewed or referenced, in answering these interrogatories.

**ANSWER:**  Sunila Ali along with outside counsel.  *See* HMH 00001-00007; HMH 00133-00137; HMH 00180-00204; HMH 00218-00225; HMH 00231-292; HMH 00297-00345; HMH 00366-00387; HMH 00393-00395; HMH 00401; HMH 00407-00417; 00432-00440.

**INTERROGATORY NO. 14:**

If you contend that there was not ANY issue on the NEURO ICU before, during, or after Plaintiff's employment regarding employees being subjected to a sexually hostile work environment, describe with particularity all facts supporting that contention.

**OBJECTIONS:**   Houston Methodist objects to this interrogatory on the grounds that the phrase "ANY issue" is undefined and, therefore, inherently vague and ambiguous. Houston Methodist further objects to this interrogatory on the grounds that, as it relates to Houston Methodist's "before . . . . or after Plaintiff's employment regarding employees" other than Plaintiff "being subjected to a sexually hostile work environment" is outside the scope of the facts set out in Plaintiff's EEOC Charge of Discrimination and outside the scope of any investigation that could reasonably arise therefrom, making it not relevant to any party's claim or defense and, thus, not proportional to the needs of the case taking into consideration the factors listed in Federal Rule of Civil Procedure 26(b)(1).  Houston Methodist further objects to this interrogatory on the grounds that it is inherently illogical and misleading because it asks Houston Methodist to describe the legal and factual bases to prove a negative.  Houston Methodist further objects to this interrogatory on the grounds that it is Plaintiff's burden to prove the facts that she deems material and it is not Houston Methodist's burden to disprove the elements of Plaintiff's claims.  Houston Methodist further objects to this interrogatory on the grounds that it improperly requires Houston Methodist to marshal all of its evidence in defense of Plaintiff's claims.

**INTERROGATORY NO. 15:**

If you contend that none of the employee's at Houston Methodist ever created a sexually hostile work environment towards the Plaintiff (or other co-workers or former co-workers), describe with particularity what unit specific policies protect the employees from discriminatory words and actions that created such an adverse environment for Plaintiff.

**OBJECTIONS:**   Houston Methodist objects to this interrogatory on the grounds that the phrase "unit specific policies" is undefined and, therefore, inherently vague and ambiguous.  Houston Methodist further objects to this interrogatory on the grounds that, as

10

it relates to "a sexually hostile work environment towards . . . . (or other co-workers or former co-workers)" other than Plaintiff "is outside the scope of the facts set out in Plaintiff's EEOC Charge of Discrimination and outside the scope of any investigation that could reasonably arise therefrom, making it not relevant to any party's claim or defense and, thus, not proportional to the needs of the case taking into consideration the factors listed in Federal Rule of Civil Procedure 26(b)(1).

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), *see* HMH 00008-00105; HMH 000111-00113; HMH 00119-00132.

**INTERROGATORY NO. 16:**

If you contend that none of the employees of Houston Methodist's conduct were so severe towards the Plaintiff that it altered the terms and conditions of her employment, describe with particularity all facts supporting that contention.

**OBJECTIONS:** Houston Methodist objects to this interrogatory on the grounds that it is inherently illogical and misleading because it asks Houston Methodist to describe the legal and factual bases to prove a negative. Houston Methodist further objects to this interrogatory on the grounds that it is Plaintiff's burden to prove the facts that she deems material and it is not Houston Methodist's burden to disprove the elements of Plaintiff's claims. Houston Methodist further objects to this interrogatory on the grounds that it improperly requires Houston Methodist to marshal all of its evidence in defense of Plaintiff's claims.

**INTERROGATORY NO. 17:**

If you contend that Plaintiff should have known about unit specific policies and procedures, describe what action was taken by Defendants that would have contributed to the process of creating policies for this unit specific job role that were not particular to any individual and created fair and equal access to fulfilling this unit specific job role without possibility of discriminatory processes or motives in hiring or firing.

**OBJECTIONS:** Houston Methodist objects to this interrogatory on the grounds that the phrases "unit specific policies and procedures" and "unit specific job role" are undefined and, therefore, inherently vague and ambiguous. Houston Methodist, further, objects to this interrogatory on the grounds that it is so vague, ambiguous, and confusing that Houston Methodist cannot formulate an answer.