IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CAITLIN WEATHERS,                        §
                                         §
        *Plaintiff,*                     §
                                         §
v.                                       §        CIVIL ACTION NO. 4:22-cv-04085
                                         §
HOUSTON METHODIST                        §
HOSPITAL,                                §
                                         §
        *Defendant.*                     §

## DEFENDANT, HOUSTON METHODIST HOSPITAL'S, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR VIRTUAL HEARING AND CONFERENCES

Defendant, Houston Methodist Hospital ("Houston Methodist"), files this Response in Opposition to Plaintiff's Motion for Virtual Hearing and Conferences [Dkt. No. 82].

Plaintiff refers to Federal Rules of Civil Procedure 30(b)(4), 43(a), and 45(c)[1] in her plea to the Court to appear virtually for "hearing and conferences."[2] While Plaintiff does not make clear which "hearing and conferences" she specifically wishes to attend virtually, given the context of her request and prior correspondence with Houston Methodist's counsel, it follows that her request for virtual appearance extends to all proceedings (including hearings, conferences, mediation, depositions, and trial) in this matter.

As related to depositions, Federal Rule of Civil Procedure 30(b)(1) provides that the location of a deposition is selected by the party noticing the deposition.[3] Rule 30(b)(4) further

---

[1] As Federal Rule of Civil Procedure 45 exclusively governs subpoenas, it is not applicable to Plaintiff's request and relief sought in the motion before the Court.

[2] *See* Dkt. No. 82.

[3] *See* FED. R. CIV. P. 30(b)(1).

1

provides that the parties may stipulate, or the Court may order, that a deposition be taken by remote means.[4]  Generally, "a defendant in a civil action has at least a presumptive right to depose a plaintiff in the forum in which the action was filed."[5]  However, "if a plaintiff demonstrates hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition in the forum 'may yield to the exigencies of the particular case.'"[6]

In the instant case, Houston Methodist has the presumptive right to depose Plaintiff in the forum in which she chose to sue, particularly Houston, Texas, located in the Southern District of Texas.  Plaintiff conclusively offers that her voluntary move to a location over 1,000 miles from Houston constitutes "reasonably good cause" for the Court to grant her motion. Aside from explaining that she has received a job offer out of state, Plaintiff has provided no other facts nor evidence to support her contention that she is unable to appear in-person in Houston.  Accordingly, Plaintiff's voluntary move does not demonstrate a hardship or burden that should compel the Court to order remote depositions.[7]

On the other hand, Houston Methodist would be prejudiced should depositions be conducted by remote means.  Specifically, virtual testimony would not allow for Houston Methodist's counsel to fully observe Plaintiff's demeanor or assess her credibility.  Further, counsel taking the deposition by remote means would be unable to ascertain if Plaintiff was

---

[4] Fed. R. Civ. P. 30(b)(4).

[5] *Cruz-Cruz v. Calymayor-Barrios*, 2015 WL 12866218, at *3 (W.D. Tex. Aug. 14, 2015).

[6] *Id.* (citing *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D.N.Y. 1994)).

[7] *See G.K. v. D.M.*, 2024 WL 1801907, *4 (E.D. La. Apr. 25, 2024) (finding that the plaintiff's voluntary relocation to Poland did not constitute good cause to order remote depositions); *see also Tijerina-Salazar v. Venegas*, 2021 WL 6011137, *4 (W.D. Tex. Dec. 20, 2021) (observing that the plaintiff had not sufficiently rebutted the general presumption by claiming he was unable to enter the United States or afford to travel).

receiving off-screen assistance.[8]  Therefore, even if Plaintiff is able to overcome the initial presumption, the hardship articulated does not outweigh the prejudice to Houston Methodist.

Witness testimony at trial is governed by Federal Rule of Civil Procedure 43(a) which provides that such testimony "must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise."[9]  A small caveat applies where "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."[10]  To be sure, "inconvenience of the witness is not enough to satisfy the Rule 43 burden; neither are reasonably foreseeable circumstances."[11]

Plaintiff's mere assertion that "there is reasonably good cause" to appear remotely because she received a job offer over 1,000 miles away does not alone constitute "good cause in compelling circumstances."[12]  Put simply, not only is Plaintiff's relocation a "reasonably foreseeable circumstance,"[13] but her request to appear virtually rests solely on the fact that she would be inconvenienced by having to appear in-person.

Further, Plaintiff's request that "she not be held against her will" and assertion that "this could be seen as a form of False Imprisonment" is deeply misguided.  To be clear,

---

[8]  *See, G.K.*, 2024 WL 1801907 at *4 (finding the concern that the plaintiff could receive off-screen assistance from unidentified counsel was sufficient to require in-person depositions).

[9]  FED. R. CIV. P. 43(a).

[10]  *Id.*

[11]  *Callier v. Jascott Invs., LLC*, 2025 WL 97846, *1 (W.D. Tex. Jan. 14, 2025) (citations omitted).

[12]  *See G.K.*, 2024 WL 1801907 at *4.

[13]  *See, Callier*, 2025 WL 97846 at *1.

Houston Methodist's opposition to Plaintiff's virtual appearance does not amount to holding Plaintiff "against her will" or prevent her from accepting employment outside of Houston. Plaintiff's decision to move wherever she may choose is hers and hers alone. It does not follow, however, that Plaintiff must be permitted to skirt her in-person responsibilities related to the current lawsuit that she brought in the forum of her choosing because she chooses to leave the forum of her own volition.

For the foregoing reasons, Houston Methodist respectfully requests that the Court deny Plaintiff's Motion for Virtual Hearing and Conferences. Not only has Houston Methodist offered to consider Plaintiff's requests for virtual appearance on a case-by-case basis, but the Court's Procedures also outline how Plaintiff may request permission to appear by remote means in a timely manner prior to such scheduled appearances.

Respectfully submitted,

By: /s/ Daniel Patton
　　　Daniel Patton
　　　S. D. of Tex. Admission No. 26200
　　　Texas Bar No. 24013302
　　　dpatton@scottpattonlaw.com

　　　ATTORNEY IN CHARGE FOR DEFENDANT

OF COUNSEL:

Michael K. Burke
S.D. Tex. Admission No. 24356
Texas Bar No. 24012359
mburke@scottpattonlaw.com
Andrea Borge
S.D. Tex. Admission No. 3913406
Texas Bar No. 24131272
aborge@scottpattonlaw.com
SCOTT PATTON PC

4

5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone: (281) 377-3311
Fax: (281) 377-3267

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on May 9, 2025, a true and correct copy of *Defendant, Houston Methodist Hospital's Response In Opposition To Plaintiff's Motion For Virtual Hearing and Conferences* was served on all counsel and parties of record by the Court's ECF filing system and U.S. Mail in accordance with the Federal Rules of Civil Procedure.

Caitlin Weathers
2425 Capitol Street, #2143
Houston, Texas 77003

*Pro Se Plaintiff*

/s/ Daniel Patton
Daniel Patton