IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-cv-04085 |
| HOUSTON METHODIST HOSPITAL, | § § § § | |
| *Defendant.* | § | |

**DEFENDANT, HOUSTON METHODIST HOSPITAL'S,
RESPONSE TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S EXPERT WITNESS AND CHALLENGE AS TO
SUFFICIENCY OF DEFENDANT'S INTERROGATORIES, ADMISSIONS OF
FACT, AND PRODUCTION [DKT. NO. 83]**

Defendant, Houston Methodist Hospital ("Houston Methodist"), files this Response to Plaintiff's Response in Opposition to Defendants' Expert Witness and Challenge as to Sufficiency of Defendant's Response to Interrogatories, Admissions of Fact, and Production ("Plaintiff's Motion"). *See* Dkt. 83.

On October 21, 2024, this Court entered an Amended Scheduling Order that controls discovery in this case. *See* Dkt. 63. Pursuant to the Amended Scheduling Order, the deadline for Defendant's Designation of Expert Witnesses was January 31, 2025. *Id.* The discovery period closes on July 31, 2025. *Id.* On January 31, 2025, Houston Methodist timely filed its designation of expert witnesses naming Daniel Patton and Michael K. Burke ("Burke") as expert witnesses regarding attorney's fees.

On April 18, 2025, Plaintiff filed the above-referenced motion seeking an order from this Court to exclude expert testimony from Mr. Burke and Lucas Novick ("Novick"),

1

incorrectly named as "Lukas Novak." However, as noted above, Mr. Burke was timely designated as an expert witness on January 31, 2025. As such, there are no grounds to strike Mr. Burke's designation or otherwise exclude his testimony in this case. Similarly, there is no need to exclude expert testimony from Mr. Novick who has not been designated as an expert witness, as explained in Houston Methodist's Response in Opposition to Plaintiff's Motion to Exclude Testimony of Defendant's Expert Witness. *See* Dkt. 77. Plaintiff's motion to exclude the testimony of Houston Methodist's timely designated experts is without merit.

Additionally, Plaintiff also moves to compel Houston Methodist to respond to certain written discovery requests in an apparent discovery dispute. However, in filing her discovery motion, Plaintiff has failed to comply with the procedures of this Court. This Court's Procedures IV provides, "the requesting party must file a **letter** of no more than three pages summarizing the dispute, the date, time and method of the parties' conference and the identify of the attendees, the outcome of the discussions and the relief sought from the court." *See* Court Procedures of Magistrate Judge Christina A. Bryan § IV (emphasis in original). This Court's procedures further indicate, "[t]o the fullest extent possible, the court will dispose of discovery disputes at the conference and **without resort to motion practice**." *See id.* (emphasis added). Plaintiff has not filed the requisite letter outlining the nature of the purported discovery dispute. At a minimum, this Court should deny Plaintiff's motion as premature and improper under the procedures of this Court.

Additionally, Plaintiff requests that certain requests for admissions be deemed admitted. Plaintiff's requests for admissions were pending when this Court granted Houston Methodist's Motion for Summary Judgment on October 10, 2023, and before Plaintiff's appeal

2

to the Fifth Circuit that subsequently reinstated this case on this Court's docket. Plaintiff again served her requests for admissions on Houston Methodist on April 16, 2025, and Houston Methodist has responded to the same.[1]

Finally, Plaintiff requests that this Court deny Houston Methodist's Rule 12(e) Motion for More Definite Statement. On December 10, 2024, Houston Methodist filed a Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). *See* Dkt. 67. Plaintiff responded in opposition to Houston Methodist's Motion for More Definite Statement on December 30, 2024. *See* Dkt. 68. Houston Methodist filed a reply to Plaintiff's response in opposition on January 6, 2025. *See* Dkt. 72. In other words, the Court already has Houston Methodist's Motion for More Definite Statement under advisement, and Plaintiff has already exercised her opportunity to submit her response. Plaintiff's request here is superfluous and the Court should disregard it as such.

Respectfully submitted,

By: /s/ Daniel Patton
Daniel Patton
S. D. of Tex. Admission No. 26200
Texas Bar No. 24013302
dpatton@scottpattonlaw.com

ATTORNEY IN CHARGE FOR DEFENDANT

OF COUNSEL:

Michael K. Burke
S.D. Tex. Admission No. 24356
Texas Bar No. 24012359
mburke@scottpattonlaw.com

---

[1] In light of Plaintiff's request and out of an abundance of caution, however, Houston Methodist filed a discovery letter (Dkt. No. 84) with the Court pursuant to this Court's Procedure IV to address an alternative motion to withdraw deemed admissions.

Lucas David Novick
S.D. Tex. Admission No. 3777679
Texas Bar No. 24125819
lnovick@scottpattonlaw.com
**SCOTT PATTON PC**
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone: (281) 377-3311
Fax: (281) 377-3267

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on May 9, 2025, a true and correct copy of *Defendant, Houston Methodist Hospital's Response to Plaintiff's Response in Opposition To Defendant's Expert Witness and Challenge as to Sufficiency of Defendant's Interrogatories, Admissions of Fact, and Production* was served on all counsel and parties of record by the Court's ECF filing system and U.S. Mail in accordance with the Federal Rules of Civil Procedure.

Caitlin Weathers
2425 Capitol Street, #2143
Houston, Texas 77003

*Pro Se Plaintiff*

/s/ Daniel Patton
Daniel Patton