IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

CAITLIN WEATHERS

   *Plaintiff*

v.                                                                    CIVIL ACTION NO. 4:22-cv-04085

HOUSTON METHODIST HOSPITAL, ET. AL.,

   *Defendants*

## MOTION TO SUPPLEMENT

Plaintiff Caitlin Weathers is moving to file supplemental evidence supporting the pending Discovery Dispute Conference request, in the Response in Opposition to Defendant's Letter [Dkt 89]. The relevant fact being introduced into evidence under FRCP 15(d) is:

- Receipt of service on request for productions to Patrick Palmer EXHIBIT A

The evidence further develops the case by providing background for the discovery dispute. The time began to run anew when it was remanded to the district court. During the Status Conference, the Defendants, represented by Patrick Palmer, were aware of the discovery requests and demanded subpoenas even though the Plaintiff and Mag. Judge Christina Bryan clearly stated that the Plaintiff did not have to. The Defendants' failure to properly withdraw their attorney as per TRCP 10 as a motion after the conference places an undue burden on the Plaintiff. Additionally, the requests by the Defendants of a Discovery Dispute Conference, either

1

for depositions to be taken by Plaintiff or to ask for special privileges from the Court as to the Admissions Deemed Admitted, are improper use of meet and confer procedures.

FRCP 26(f)(2) requires the parties to do five things at a meet and confer: (a) consider the nature and basis of their claims and defenses; (b) consider the possibilities for promptly settling or resolving the case; (c) make or arrange for the disclosures required by FRCP 26(a)(1); (d) discuss any issues about preserving discoverable information and (e) develop a discovery plan. The emails from Dan Patton and Mike Burke are nothing to this effect. The sole purpose of the emails received since Patrick Palmer's improper withdrawal has been to harass for a date and location solely for the plaintiff's depositions to be taken; entirely unlike the meaning of the term confer. This is unfair, as the Plaintiff has still not received responses to production requests. Responses are still due. For this reason, Plaintiff requests that the court admit the new evidence.

X _____
Caitlin Weathers
Pro Se Litigant

### Certificate of Service

I certify that on May 11, 2025, a true and correct copy of Plaintiff, Caitlin Weathers' Reply in OPPOSITION to Defendants' Response in Opposition to Default Judgment was served on all counsel and parties of record by the Court's ECF filing system in accordance with the Federal Rules of Civil Procedure.

Dan Patton

S.D. of Tex Admission No. 26200

Texas Bar No. 24013302

dpatton@scottpattonlaw.com

*Attorney in Charge*

# EXHIBIT A



(ENCLOSED)

Caitlin Weathers

2425 Capitol ST #2143

J.weathersca@gmail.com

(832) 314-6357

*Defendant Pro Se*

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

Caitlin Weathers

v.  Case Number: 4:22-CV-04085

Houston Methodist Hospital, Sunila Ali

REQUESTS FOR PRODUCTION

Please produce the following:

1. A copy of Defendant's (to include similarly situated individuals, co-workers named in the lawsuit, and Sunila Ali's most recent resume.
2. All Documents or Electronic or Magnetic Data which were relied upon or identified by Defendant in answering Defendant's First Set of Interrogatories.
3. All pictures, photographs, DVDs, videos, tapes, cassettes, or films which reference or relate to the Claims made based on the Lawsuit.
4. Any and all Audio and/or Visual Recordings, or Electronic or Magnetic Data of any conversations and/or meetings which Defendants (to include similarly situated individuals, coworkers named in the lawsuit, and Sunila Ali) recorded during employment with Houston Methodist.
5. All Documents or Electronic or Magnetic Data exchanged between or among Defendants (to include similarly situated individuals, co-workers named in the lawsuit, and Sunila Ali) and Houston Methodist which reference or relate to the Claims made on the basis of the Lawsuit.
6. All Documents or Electronic or Magnetic Data exchanged between or among Defendant (to include similarly situated individuals, co-workers named in the lawsuit, and Sunila Ali) and any current or former employee of Houston Methodist which reference or relate to the Claims made the basis of the Lawsuit.
7. All Documents or Electronic or Magnetic Data reflecting any Communications between or among Defendants and Houston Methodist which reference or relate to Defendant's

employment at Houston Methodist, to include all those similarly situated to Plaintiff, co-workers of the Plaintiff named in the lawsuit, and Sunila Ali.

8. All Documents or Electronic or Magnetic Data reflecting any Communications between or among Defendant and any current or former employee of Houston Methodist which reference or relate to Defendant's (to include co-workers named in the lawsuit and similarly situated individuals) employment at Houston Methodist.

9. All Documents or Electronic or Magnetic Data related to Defendant's "..." employment at Houston Methodist.

10. All Documents or Electronic or Magnetic Data reflecting any Communications between or among Defendant "..." and any government agency which reference or relate to Defendant's "..." employment at Houston Methodist or Defendant's "..." termination from Houston Methodist.

11. All Documents or Electronic or Magnetic Data Defendant "..." has provided to or received from any government agency regarding any aspects of Defendant's "..." employment at

Houston Methodist and Defendant's termination from Houston Methodist.

12. All forms, applications, questionnaires, complaints, filings or other Documents

Defendant "..." provided to or received from any law enforcement, government, and/or regulatory agency regarding Plaintiff, Plaintiff's co-workers, or any other person relating to the claims in the lawsuit

13. All contracts or agreements between Defendants and similarly situated individuals to the Plaintiff at the time of her employment at Houston Methodist.

14. All Documents or Electronic or Magnetic Data which reference or relate to Defendant's job duties or responsibilities at Houston Methodist, including employees who were similarly situated to Plaintiff at the time of her employment.

15. All Documents and/or Electronic or Magnetic Data Defendants "..." received from Houston Methodist

16. All Documents and/or Electronic or Magnetic Data relating to, mentioning, or reflecting alleged issues with Sunila Ali, Cameron Shonk, Sharon Agawy, Cassie Hull, and others named in the lawsuit by present or former co-workers and similarly situated individuals

17. All Documents and/or Electronic or Magnetic Data relating to, mentioning, or reflecting Defendant's defense of Sharon Agawye's acts of discrimination, retaliation, and harassment. Complaint.

18. All Documents and/or Electronic or Magnetic Data relating to, mentioning, or reflecting Defendant's defenses of Cameron Shonk's acts of discrimination, retaliation, and harassment.

19. All Documents or Electronic or Magnetic Data which may reference or relate to complaints made about Defendant's work performance and/or disciplinary problems at Houston Methodist (e.g., performance concerns, disciplinary write-ups, performance improvement plans, communication records, disciplinary conduct reports, and employment evaluations).

20. All Documents or Electronic or Magnetic Data regarding complaints that Defendants "..." provided to or received from Houston Methodist which references or relates to whether Defendant's job performance at Houston Methodist was satisfactory or unsatisfactory.

22. All Documents or Electronic or Magnetic Data which reference or relate to every written complaint Defendants filed or received with or from any person or entity within the last ten (10) years against or regarding any of Defendant's "..." employers, supervisors, or co-employees.

23. All letters, statements, press releases, or other Documents or Electronic or Magnetic Data Defendant provided to any newspaper, radio, television or other media entity regarding Defendant's employment at Houston Methodist.

24. All written and recorded diaries, calendars, journals, notebooks or similar Documents or Electronic or Magnetic Data evidencing Defendant's impressions and feelings about how Defendant was treated during the Defendant's employment at Houston Methodist, including any injuries Defendants may allege.

25. All written and recorded diaries, calendars, journals, notebooks or similar Documents or Electronic or Magnetic Data evidencing Defendant's impressions and feelings about Defendant's termination from Houston Methodist.

32. Defendant's "..." income tax returns including all schedules, all W-2's, and all other attachments for each of the past ten (10) years through the date of the trial of the Lawsuit.

33. All pay stubs from any of Defendant's "..." employers since her employment with Houston Methodist ended to the present.

34. All pay stubs, W-2's, or any other documentation reflecting the total amount of earnings or other renumeration Defendants "..." have received with Houston Methodist.

35. Subject to the limitations concerning expert discovery under Rule 26, all reports, rough drafts of reports, and all other Documents or Electronic or Magnetic Data of any kind whatsoever prepared by each expert witness Defendant has retained or designated that in any way relate to the Lawsuit.

36. Subject to the limitations concerning expert discovery under Rule 26, a copy of the most current resume of every expert used for consultation who is not expected to testify at trial (through either live or deposition testimony).

37. All Documents or Electronic or Magnetic Data provided to, reviewed by, generated by, or prepared by every expert, or his/her associates, used for consultation even if it was generated or prepared in anticipation of litigation or for trial if said Documents or Electronic or Magnetic Data were reviewed by any expert Defendant may call to testify at trial through live or deposition testimony.

38. All Documents or Electronic or Magnetic Data and tangible things, including all tangible reports, bills, invoices, physical models, maps, compilations of data, and other material sent to, reviewed by, generated by, or prepared by every expert or his/her associates Defendant may call to testify at trial by live or deposition testimony that concerns any aspect of the Lawsuit.

39. All Documents or Electronic or Magnetic Data relating to Defendant's employment and all of Defendant's sources of income or compensation earned and/or received after

Defendant's employment at Houston Methodist ended, including, but not limited to, Defendant's job description, Documents relating to Defendant's job title, job status, rate of pay, pay stubs and vouchers, description of jobs held or work performed, employee handbooks and benefit statements of each employer, and Documents or Electronic or Magnetic Data relating to offers of insurance payments, health benefits, retirement benefits, 401(k) plans, stock transfers, or other benefits to be paid for (in part or in whole) or provided by the employer(s), regardless of whether those benefits were actually obtained, and all other Documents or Electronic or Magnetic Data relating to Defendant's gross interim earnings.

40. All applications for employment Defendant prepared or submitted from October 4, 2021 to the present.

41. All resumes, applications, letters or Documents or Electronic or Magnetic Data Defendant provided to any potential employer, headhunter, or employment agency from October 4, 2021 to the present.

42. All application forms, business cards, post cards, letters or Documents or Electronic or Magnetic Data Defendant received from any potential employer, headhunter, or employment agency

43. All letters or other similar Documents or Electronic or Magnetic Data offered to Defendant (to include similarly situated individuals and co-workers involved directly or indirectly in the lawsuit).

employment that Defendant has received from any person or entity filing complaints against Cameron Shonk, Sharon Agawy, Sunila Ali, and other employees named in the lawsuit.

47. Defendant's (to include similarly situated individuals, individuals named in the lawsuit, and Sunila Ali's employment applications, resumes, curricula vitae, reference letters, correspondence, notes, memoranda, and Documents or Electronic or Magnetic Data to or from any prospective employers relating to job interviews, job applications, pre-employment tests, offers of part-time or full-time employment and/or rejections of applications for or offers of employment, registration with any other employment agencies, telephone records and logs, job search files or records, pay stubs and vouchers, and all other Documents or Electronic or Magnetic Data relating to Defendant's efforts, if any, to obtain employment.

48. All petitions, complaints or other lawsuits or legal proceedings instituted, filed by, or filed against the Defendant or on Defendant's behalf within the last ten (10) years (other than the Lawsuit)

49. All Documents or Electronic or Magnetic Data relating to Defendant's (to include similarly situated employees, co-workers named in the lawsuit, and Sunila Ali's employment at Houston Methodist.

50. All Communications, Documents, or Electronic or Magnetic Data in Defendant's care, custody, or control that were sent from or received by Defendant's Houston Methodist email address before, during and after employment with Houston Methodist.

51. All contracts, salaries, and terms of employment for Plaintiff's similarly situated co-workers employed as Patient Care Assistants during the time Plaintiff was employed by Defendants as a Patient Care Assistant

52. All Audio and/or Visual Recordings relating to any meetings conducted at Houston Methodist or with Houston Methodist employees.