Caitlin Weathers, *Pro Se Litigant*

2425 Capital St. #2143, Houston, TX 77003

J.weathersca@gmail.com

(832) 314-6357

May 19, 2025

Honorable Mag. Judge Christina Bryan

Judge for the Southern District of Texas U.S. Courthouse

515 Rusk Avenue, Room 7007

Houston, TX 77002

Re: Houston Methodist Hospital, et. al., Case Number 4:22-cv-04085

Dear Mag. Judge Christina Bryan,

  I, Caitlin Weathers, AS, CCT, CRAT, am writing regarding the recent letter that attorney Dan Patton wrote on behalf of Houston Methodist, et al., and the recent order issued by the Court requiring parties to confer within 5 days of the order's issuance. The order states that a virtual Discovery Dispute Conference will be held if the parties cannot agree. This letter is to request this action. The two main issues that necessitate this request are that a) defendants seek to take depositions out of procedural order, which prejudices the plaintiff, and b) an opportunity for virtual depositions is necessary to prevent further prejudice.

1

**Issues with Defense Counsel**

  The reason is that the defendant's attorney, Mike Burke, was late in this case without properly filing a motion concerning Patrick Palmer's failure to file a motion for his withdrawal, which has created prejudice for me as a Plaintiff. During the phone call at 2:00 P.M. on Friday, May 16, 2025, Mike Burke argued that they didn't have to follow procedures to withdraw an attorney, nor explain. He claimed not to know about anything that Patrick Palmer said during the Status Conference held on October 21, 2024, and knew nothing about demands for subpoenas, but said that if Patrick Palmer did request subpoenas, then he "was wrong", as discovery requests were already properly served. Despite the prejudice caused by the defendants' failure to provide responses or answers at the status conference, Mike Burke argued that they "asked first," adding further burden as to demands to take my depositions. It's an impossible standard, as I wouldn't have been able to ask them for depositions before they answered requests for production. As of May 19, 2025, I still have not seen a response from the defendants to my requests for production. Once I've seen their responses to requests for production, a fair opportunity to take the defendants' depositions should be allowed, before being asked to take my depositions. Requesting my depositions before being given time to see the responses to requests for production is prejudiced. It's improper because the delay in responding to production requests has impacted the case's overall timeline. Implications of their untimeliness include delays in the discovery process, prejudice to the plaintiff, increased costs, impact on trial preparation, potential sanctions, and possibility of altering litigation strategy based on information that is, or isn't, made available because of the defendants' delays.

  Since Mike Burke was introduced late in this case, he has been unaware of the matters, including the status conference and appropriate days and times for 'meet and confer' purposes, as

I work nights Monday through Friday. This has been ignored, and in consideration of my mother, who has been diagnosed with an inoperable brain tumor merely a week before Mother's Day, I don't feel that Mike Burke has been handling this case correctly. Mike Burke's conduct has impacted my ability to participate in this case. I have lost many hours of sleep due to taking phone calls and messages that require immediate responses during hours when I cannot act, as already specified at the conference. The Court has yet to take any action to address the defense counsel's misconduct and late action in this case.

**Requests for Virtual Depositions**

Additionally, I am planning on relocating out of state. Defendants' waiting until a couple of months before the deadline to make prejudiced demands is an improper and inappropriate reason to force travel over 1,000 miles to have solely my depositions taken. Virtual depositions should be allowed in this case.

**Relief Sought**

For the reasons above, Caitlin Weathers respectfully requests that the Court allow for a Discovery Dispute Conference and Virtual Depositions to address the unresolved issues, particularly regarding Counsel's misconduct, the appropriate procedural order of depositions, and permit virtual depositions out of necessity due to relocation and undue burden of travelling over 1,000 miles for in-person depositions. Caitlin asks that the Court consider personal circumstances, including work schedule and family health issues, when scheduling hearings, conferences, and depositions, to ensure the ability to participate effectively. Additionally, Caitlin Weathers requests that the Court instruct the defendants on proper procedural guidelines concerning attorney withdrawals and deposition requests, to prevent further prejudice against her

as a pro se plaintiff. Clearer communication protocols between parties, particularly with defense counsel, to avoid further confusion and to respect Weathers' availability.



X _____
Caitlin Weathers
Pro Se Litigant

### Certificate of Conference

As required by Texas Rule of Appellate Procedure 10.1(a)(5), I certify that I have conferred, or made a reasonable attempt to confer, with all other parties, which are listed below, about the merits of this motion with the following results:

**Mike Burke**

**would not say whether motion is opposed**

_____
pro se party

5-19-25
_____
[Date]

**NOTE:** Under the Texas Code of Judicial Conduct Canon 3(B)(8), do not confer with the trial judge regarding the motion in an original proceeding in which the trial judge is the respondent.

**Certificate of Service**

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, which are listed below, on May 19, 2025, as follows:

>Dan Patton
>
>Scott Patton PC
>
>5301 Katy Freeway, Suite 201
>
>Houston, TX 77007
>
>dpatton@scottpattonlaw.com
>
>Attorney for Houston Methodist, et. al.
>
>By: email and ECF filing system

_____
pro se party

_____
[Date]

**NOTES:** Pursuant to Texas Rule of Appellate Procedure 6.3, a party's lead counsel must be served. Service on other attorneys for that party is optional, but must be listed above if they are served. Pursuant to Texas Rule of Appellate Procedure 52.7(c), the record must be served on each party in an original proceeding, including a respondent trial judge.