

5301 Katy Freeway, Suite 201
Houston, Texas 77007
Main    (281) 377-3311
Fax    (281) 377-3267

Dan Patton
Direct (281) 377-3266
*dpatton@scottpattonlaw.com*
Board Certified In Labor & Employment Law
By The Texas Board Of Legal Specialization

May 21, 2025

**<u>Via CM/ECF</u>**

Hon. Christina A. Bryan
United States Magistrate Judge
United States Courthouse
515 Rusk Street, Room 7007
Houston, Texas 77002

Re:    Civil Action No.: 4:22-cv-04085; *Weathers v. Houston Methodist Hospital*; In the United States
District for the Southern District of Texas, Houston Division

Dear Judge Bryan:

I represent Defendant, Houston Methodist Hospital ("Houston Methodist"), in this matter. I write this letter pursuant to your Court Procedure IV requiring the parties to bring discovery-related disputes to the Court's attention prior to filing any motions. This letter also responds to Plaintiff's letter/motion to the Court dated May 19, 2025. *See* Dkt. No. 92.

Houston Methodist agrees a discovery conference with the Court is necessary but for different reasons than does Plaintiff. This Court's Order dated May 9, 2025 [*See* Dkt. No. 88] directed the parties to "confer within 5 days regarding the date and location for Plaintiff's deposition." *See* Dkt. No. 88. The parties scheduled a call for the afternoon of May 9, 2025 for this purpose. Despite the clarity of the Court's Order, Plaintiff, essentially, refused to offer a date or location for her deposition unless Houston Methodist first cured perceived grievances Plaintiff has with Houston Methodist and its counsel. Plaintiff identifies these gripes in her letter/motion to the Court [*See* Dkt. No. 92], namely that: (a) Houston Methodist has not moved the Court to withdraw Patrick Palmer as counsel in this case; (b) one of Houston Methodist's lawyers, Mike Burke, has allegedly acted improperly towards her; (c) Houston Methodist has not answered her requests for production; and (d) she is entitled to depose Houston Methodist before she is required to agree to a place and date for her deposition.

It is Plaintiff's apparent belief that the Fifth Circuit's remand of this case acts as an endorsement of the merits of Plaintiff's claims and that she, therefore, runs the show and need not adhere to the rules of civil procedure. This, unfortunately, has also led to Plaintiff's apparent belief that she may selectively decide which of this Court's orders she must obey and which of them she may ignore on grounds of mere disagreement. Against this backdrop, Houston Methodist will address Plaintiff's perceived grievances and additional reasons why a discovery conference is necessary.

Patrick Palmer is no longer employed at Scott Patton PC. This does not affect Plaintiff's case and it certainly does not "prejudice" her in any way. I am attorney-in-charge for Houston Methodist and have been since the inception of this litigation. Additional counsel, including Mike Burke, are entitled to appear in this case on Houston Methodist's behalf. This, frankly, is a non-issue that Plaintiff appears to want to exploit to her perceived advantage.

Mike Burke has not acted improperly towards Plaintiff. He simply tried to comply with the Court's Order to confer with Plaintiff on a date and location for her deposition. When Plaintiff attempted to insert inapposite issues into the conversation, Mr. Burke attempted to disabuse Plaintiff of her misconceptions and steer the conversation back to its intended purpose. For example, Plaintiff insisted that former counsel, Patrick Palmer, represented to her that subpoenas were necessary to conduct discovery between the parties and before raising discovery-related disputes with the Court. This obviously not being the case, Mr. Burke simply advised Plaintiff that Mr. Palmer would not have made this representation to her and, even if he did, he was mistaken.

As Houston Methodist explained to the Court in its prior letter requesting a discovery conference [See Dkt. No. 84], on September 22, 2023, while Houston Methodist's Motion for Summary Judgment was still pending, Plaintiff served discovery including requests for admissions, requests for production, and interrogatories to Houston Methodist. On October 10, 2023, this Court granted Houston Methodist's Motion for Summary Judgment, dismissing Plaintiff' claims against Houston Methodist with prejudice.[1] Thus, at the time the Court granted summary judgment, Plaintiff's discovery requests were still outstanding and responses were not yet due.

It is Houston Methodist's position that this Court's grant of summary judgment in this case effectively mooted Plaintiff's September 22, 2023 discovery requests. **Plaintiff has since re-served her interrogatories and requests for admissions which Houston Methodist responded to timely.** Indeed, as previously noted in its prior letter to the Court [See Dkt. No. 84], Houston Methodist responded to Plaintiff's requests for admissions nine (9) days early. On May 12, 2025 Plaintiff re-served her requests for production.[2] Thus, Houston Methodist's responses to those discovery requests are not yet due and Houston Methodist will respond timely.

Plaintiff claims that Houston Methodist is attempting to conduct discovery "out of procedural order." Of course, the rules allow discovery to occur in any order, so Plaintiff's complaint is baseless. Nevertheless, Plaintiff improperly demands that Houston Methodist first respond to her requests for production and then allow Plaintiff to depose Houston Methodist. Then and only then will Plaintiff even discuss a place and date for her deposition.

As memorialized in the email attached as Exhibit 2, Houston Methodist requested dates for Plaintiff's deposition—and did so before Plaintiff requested any depositions of individual witnesses or of Houston Methodist—in late March during a telephone conference with Plaintiff.[3] Incidentally, for what it's worth, Houston Methodist also requested Plaintiff's deposition first pre-appeal/remand.[4] In any event, it was at this point Plaintiff began demanding Houston Methodist's deposition occur before her deposition. Plaintiff, however, has never properly followed the procedure provided under the rules for

---

[1] See Dkt. No. 50.

[2] See Exhibit 1.

[3] See Exhibit 2.

[4] See Exhibit 3.

requesting Houston Methodist's deposition and obstinately refuses to do so. She just simply asks for a Houston Methodist deposition without providing any topics.

Unfortunately, Houston Methodist must bring one further discovery matter to the Court's attention that it has not yet previously raised. On May 6, 2025, Houston Methodist wrote Plaintiff regarding her deficient interrogatory answers.[5] As described in the deficiency letter, in response to the interrogatories Plaintiff asserted numerous and baseless objections and, for the vast majority of them, failed to provide an answer at all.[6] Plaintiff did not respond to Houston Methodist's letter at all and, refused to confer with Houston Methodist about the deficiencies raised in the letter.[7]

As described herein, unfortunately there are several discovery-related issues the parties are unable to resolve between themselves and, therefore, Houston Methodist requests that Court conduct a conference with the parties under Court Procedure IV, to wit, the following: (1) Houston Methodist's request, if necessary, to withdraw any deemed admissions; (2) Plaintiff's deficient interrogatory answers; (3) a date and location for Plaintiff's deposition.

Finally, one last matter that will need to be addressed. Plaintiff refuses to include all counsel of record in her communications despite repeated requests to do so. Plaintiff simply sends certain communications to one counsel and certain communications to other counsel. We respectfully request this Court order Plaintiff to include all counsel of record on her communications.

Because the parties are unable to reach an agreement regarding any of the matters discussed herein, Houston Methodist now seeks a discovery conference with the Court.

Sincerely,

**Scott** | **Patton**PC

Daniel Patton

---

[5] *See* Exhibit 4 (including interrogatory answers attached).

[6] *See Id.*

[7] *See, e.g.,* Exhibit 5.

# EXHIBIT 1

**From:** Caitlin Weathers <j.weathersca@gmail.com>
**Date:** Monday, May 12, 2025 at 2:32 PM
**To:** Dan Patton <dpatton@scottpattonlaw.com>
**Subject:** Fwd: Weathers v. Houston Methodist Hospital et al.

CW

---------- Forwarded message ---------
From: **Caitlin Weathers** <j.weathersca@gmail.com>
Date: Sun, Sep 24, 2023 at 6:24 PM
Subject: Re: Weathers v. Houston Methodist Hospital et al.
To: Patrick Palmer <Palmer@scottpattonlaw.com>

Please, see attached Requests for Productions

Caitlin Weathers

2425 Capitol ST #2143

J.weathersca@gmail.com

(832) 314-6357

*Defendant Pro Se*

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

Caitlin Weathers

v.                                                          Case Number: 4:22-CV-04085

Houston Methodist Hosptial, Sunila Ali

## REQUESTS FOR PRODUCTION

Please produce the following:

1. A copy of Defendant's (to include similarly situated individuals, co-workers named in the lawsuit, and Sunila Ali's most recent resume.

2. All Documents or Electronic or Magnetic Data which were relied upon or identified

by Defendant in answering Defendant's First Set of Interrogatories.

3. All pictures, photographs, DVDs, videos, tapes, cassettes, or films which reference or

relate to the Claims made based on the Lawsuit.

4. Any and all Audio and/or Visual Recordings, or Electronic or Magnetic Data of any

conversations and/or meetings which Defendants (to include similarly situated individuals, co-workers named in the lawsuit, and Sunila Ali) recorded during employment with

Houston Methodist.

5. All Documents or Electronic or Magnetic Data exchanged between or among Defendants (to include similarly situated individuals, co-workers named in the lawsuit, and Sunila Ali)

and Houston Methodist which reference or relate to the Claims made on the basis of the

Lawsuit.

6. All Documents or Electronic or Magnetic Data exchanged between or among Defendant (to include similarly situated individuals, co-workers named in the lawsuit, and Sunila Ali)

and any current or former employee of Houston Methodist which reference or relate

to the Claims made the basis of the Lawsuit.

7. All Documents or Electronic or Magnetic Data reflecting any Communications

between or among Defendants and Houston Methodist which reference or relate to

Defendant's employment at Houston Methodist, to include all those similarly situated to Plaintiff, co-workers of the Plaintiff named in the lawsuit, and Sunila Ali.

8. All Documents or Electronic or Magnetic Data reflecting any Communications

between or among Defendant and any current or former employee of Houston Methodist

which reference or relate to Defendant's (to include co-workers named in the lawsuit and similarly situated individuals) employment at Houston Methodist.

9. All Documents or Electronic or Magnetic Data related to Defendant's "..." employment at

Houston Methodist.

10. All Documents or Electronic or Magnetic Data reflecting any Communications

between or among Defendant "..." and any government agency which reference or relate to

Defendant's "..." employment at Houston Methodist or Defendant's "..." termination from Houston

Methodist.

11. All Documents or Electronic or Magnetic Data Defendant "..." has provided to or received

from any government agency regarding any aspects of Defendant's "..." employment at

Houston Methodist and Defendant's termination from Houston Methodist.

12. All forms, applications, questionnaires, complaints, filings or other Documents

Defendant "..." provided to or received from any law enforcement, government, and/or

regulatory agency regarding Plaintiff, Plaintiff's co-workers, or any other person relating to the

claims in the lawsuit

13. All contracts or agreements between Defendants and similarly situated individuals to the

Plaintiff at the time of her employment at Houston Methodist.

14. All Documents or Electronic or Magnetic Data which reference or relate to Defendant's

job duties or responsibilities at Houston Methodist, including employees who were similarly situated to Plaintiff at the time of her employment.

15. All Documents and/or Electronic or Magnetic Data Defendants "..." received from Houston Methodist

16. All Documents and/or Electronic or Magnetic Data relating to, mentioning, or reflecting alleged issues with Sunila Ali, Cameron Shonk, Sharon Agawy, Cassie Hull, and others named in the lawsuit by present or former co-workers and similarly situated individuals

17. All Documents and/or Electronic or Magnetic Data relating to, mentioning, or reflecting Defendant's defense of  Sharon Agawye's acts of discrimination, retaliation, and harassment. Complaint.

18. All Documents and/or Electronic or Magnetic Data relating to, mentioning, or reflecting Defendant's defenses of Cameron Shonk's acts of discrimination, retaliation, and harassment.

19. All Documents or Electronic or Magnetic Data which may reference or relate to complaints made about Defendant's work performance and/or disciplinary problems at Houston Methodist (e.g.,
performance concerns, disciplinary write-ups, performance improvement plans,
communication records, disciplinary conduct reports, and employment evaluations).

20. All Documents or Electronic or Magnetic Data regarding complaints that Defendants "..." provided to or received from
Houston Methodist which references or relates to whether Defendant's job performance
at Houston Methodist was satisfactory or unsatisfactory.

22. All Documents or Electronic or Magnetic Data which reference or relate to every
written complaint Defendants filed or received with or from any person or entity within the last ten (10) years
against or regarding any of Defendant's "..." employers, supervisors, or co-employees.

23. All letters, statements, press releases, or other Documents or Electronic or Magnetic
Data Defendant provided to any newspaper, radio, television or other media entity
regarding Defendant's employment at Houston Methodist.

24. All written and recorded diaries, calendars, journals, notebooks or similar Documents

or Electronic or Magnetic Data evidencing Defendant's impressions and feelings about how Defendant was treated during the Defendant's employment at Houston Methodist, including any injuries Defendants may allege.

25. All written and recorded diaries, calendars, journals, notebooks or similar Documents or Electronic or Magnetic Data evidencing Defendant's impressions and feelings about Defendant's termination from Houston Methodist.

32. Defendant's "..." income tax returns including all schedules, all W-2's, and all other attachments for each of the past ten (10) years through the date of the trial of the Lawsuit.

33. All pay stubs from any of Defendant's "..." employers since her employment with Houston Methodist ended to the present.

34. All pay stubs, W-2's, or any other documentation reflecting the total amount of earnings or other renumeration Defendants "..."  have received with Houston Methodist.

35. Subject to the limitations concerning expert discovery under Rule 26, all reports, rough drafts of reports, and all other Documents or Electronic or Magnetic Data of any kind whatsoever prepared by each expert witness Defendant has retained or designated that in any way relate to the Lawsuit.

36. Subject to the limitations concerning expert discovery under Rule 26, a copy of the most current resume of every expert used for consultation who is not expected to testify at trial (through either live or deposition testimony).

37. All Documents or Electronic or Magnetic Data provided to, reviewed by, generated by, or prepared by every expert, or his/her associates, used for consultation even if it was generated or prepared in anticipation of litigation or for trial if said Documents or Electronic or Magnetic Data were reviewed by any expert Defendant may call to testify at trial through live or deposition testimony.

38. All Documents or Electronic or Magnetic Data and tangible things, including all tangible reports, bills, invoices, physical models, maps, compilations of data, and other material sent to, reviewed by, generated by, or prepared by every expert or his/her associates Defendant may call to testify at trial by live or deposition testimony that

concerns any aspect of the Lawsuit.

39. All Documents or Electronic or Magnetic Data relating to Defendant's employment and all of Defendant's sources of income or compensation earned and/or received after Defendant's employment at Houston Methodist ended, including, but not limited to, Defendant's job description, Documents relating to Defendant's job title, job status, rate of pay, pay stubs and vouchers, description of jobs held or work performed, employee handbooks and benefit statements of each employer, and Documents or Electronic or Magnetic Data relating to offers of insurance payments, health benefits, retirement benefits, 401(k) plans, stock transfers, or other benefits to be paid for (in part or in whole) or provided by the employer(s), regardless of whether those benefits were actually obtained, and all other Documents or Electronic or Magnetic Data relating to Defendant's gross interim earnings.

40. All applications for employment Defendant prepared or submitted from October 4, 2021 to the present.

41. All resumes, applications, letters or Documents or Electronic or Magnetic Data Defendant provided to any potential employer, headhunter, or employment agency from October 4, 2021 to the present.

42. All application forms, business cards, post cards, letters or Documents or Electronic or Magnetic Data Defendant received from any potential employer, headhunter, or employment agency

43. All letters or other similar Documents or Electronic or Magnetic Data offered to Defendant (to include similarly situated individuals and co-workers involved directly or indirectly in the lawsuit).

employment that Defendant has received from any person or entity filing complaints against Cameron Shonk, Sharon Agawy, Sunila Ali, and other employees named in the lawsuit.

47.  Defendant's (to include similarly situated individuals, individuals named in the lawsuit, and Sunila Ali's employment applications, resumes, curricula vitae, reference

letters, correspondence, notes, memoranda, and Documents or Electronic or Magnetic

Data to or from any prospective employers relating to job interviews, job applications,

pre-employment tests, offers of part-time or full-time employment and/or rejections

of applications for or offers of employment, registration with any other employment

agencies, telephone records and logs, job search files or records, pay stubs and

vouchers, and all other Documents or Electronic or Magnetic Data relating to

Defendant's efforts, if any, to obtain employment.

48. All petitions, complaints or other lawsuits or legal proceedings instituted, filed by, or filed

 against the Defendant or on Defendant's behalf within the last ten (10) years (other than the
Lawsuit)

49. All Documents or Electronic or Magnetic Data relating to Defendant's (to include similarly
situated employees, co-workers named in the lawsuit, and Sunila Ali's employment at

Houston Methodist.

50. All Communications, Documents, or Electronic or Magnetic Data in Defendant's care,

custody, or control that were sent from or received by Defendant's Houston Methodist

email address before, during and after employment with Houston Methodist.

51. All contracts, salaries, and terms of employment for Plaintiff's similarly situated co-workers
employed as Patient Care Assistants during the time Plaintiff was employed by Defendants as a
Patient Care Assistant

52. All Audio and/or Visual Recordings relating to any meetings conducted at Houston

Methodist or with Houston Methodist employees.

# EXHIBIT 2

**Subject:** Re: Mediation
**Date:** Thursday, April 10, 2025 at 10:04:59 AM Central Daylight Time
**From:** Mike Burke
**To:** Caitlin Weathers, Dan Patton, Kimberly Falcone
**Attachments:** image001.jpg

Ms. Weathers,

When we talked on the phone a couple of weeks ago you told me you would send me an email with:

    a. A description articulating what you mean when you propose a "neutral evaluation" of this case;
    b. Alternative dates when you will be available for your deposition; and
    c. Identification of which individuals you are seeking to depose.

I have not received any of the items above.  Please provide the information above at your earliest convenience.  Thank you.

Mike Burke

Michael K. Burke
Scott Patton PC
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Direct:   (281) 377-4576
Main:    (281) 377-3311
Fax:      (281) 377-3267
Cell:      (713) 553-7930
Email:   mburke@scottpattonlaw.com

**Scott | Patton PC**

Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

**From:** Caitlin Weathers <j.weathersca@gmail.com>
**Date:** Thursday, April 10, 2025 at 9:21 AM
**To:** Mike Burke <mburke@scottpattonlaw.com>, Dan Patton <dpatton@scottpattonlaw.com>, Kimberly Falcone <kfalcone@scottpattonlaw.com>, Melissa Morgan <melissa_morgan@txs.uscourts.gov>

**Subject:** Mediation

Reaching out to discuss drafting a motion for mediation. Would a joint motion or joint motion to stipulate be possible, or is HMH opposed to mediation?

--
Caitlin Weathers
Email: j.weathersca@gmail.com
Phone: (832) 314-6357

# EXHIBIT 3

**Subject:** Weathers v. Houston Methodist Hospital et al.
**Date:** Wednesday, July 26, 2023 at 2:03:16 PM Central Daylight Time
**From:** Patrick Palmer
**To:** Caitlin Weathers
**CC:** Kimberly Falcone, Dan Patton

Hi Caitlin,

Hope you are well. In light of the imminent discovery deadline approaching in this case, Houston Methodist requests to take your deposition in this matter. Please supply dates in early August during which you are available for deposition.

Thanks,

Patrick Palmer
Scott Patton PC
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Direct:   (281) 377-3286
Fax:       (281) 377-3267
Main:     (281) 377-3311
Cell:       (210) 464-4464
Email:    palmer@scottpattonlaw.com

Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

# EXHIBIT 4

**S｜P Scott ｜ Patton** PC

| | |
|---|---|
| 5301 Katy Freeway, Suite 201 | Michael K. Burke |
| Houston, Texas 77007 | Direct (281) 377-4576 |
| Main   (281) 377-3311 | *mburke@scottpattonlaw.com* |
| Fax     (281) 377-3267 | Board Certified In Labor & Employment Law |
| | By The Texas Board Of Legal Specialization |

May 6, 2025

<u>**VIA EMAIL**</u>  *j.weathersca@gmail.com*

Caitlin Weathers
2425 Capitol Street, #2143
Houston, Texas 77003

> **Re:**    **Civil Action No.: 4:22-cv-04085;** *Weathers v. Houston Methodist Hospital***,** **In the United States District Court for the Southern District of Texas, Houston Division**

Dear Ms. Weathers:

I write this letter with regard to your interrogatory answers in this case.  Houston Methodist first served you with written discovery, including interrogatories, on June 30, 2023.  You did not respond to the interrogatories until September 1, 2023 (attached).  Beyond providing some documentation, you did not respond to any of the other discovery at all.  Therefore, any objections were waived.  *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989).  Nevertheless, in response to the interrogatories you asserted numerous and baseless objections and, for the vast majority of them, failed to provide an answer at all.  In sum, your interrogatory answers are deficient as detailed below.

<u>**Interrogatory No. 1**</u>

You refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer.

Please answer this interrogatory fully.

<u>**Interrogatory No. 2**</u>

In response to this interrogatory, you refused to answer, in part, claiming "[p]rivileged healthcare information is protected and prevents [you] from having to disclose."

First, when parties are in federal court based on federal question jurisdiction, as we are in this case, there is not physician-patient privilege.  *Gilbreath v. Guadalupe Hosp. Found. Inc.*, 5 F.3d 785, 791

(5th Cir. 1993). Second, even if there were such a privilege, because the type of mental anguish allegations you have asserted as part of your claim under Title VII exceed the common emotional reaction to an injury or loss, you made your medical records relevant and discoverable, including any psychotherapist-related records. *E.E.O.C. v. Guardsmark, LLC*, 2010 WL 2756798, *2 (S.D. Tex. July 12, 2010).

Second, you only partially answered the interrogatory regarding damages. Although you provided an amount, you failed to include "the elements used to calculate such damage" or "the basis of such calculations" as the interrogatory requires.

Please answer this interrogatory fully.

## Interrogatory No. 4

You refused to answer this interrogatory at all, simply asserting "[p]rivileged." For the same reasons set forth above regarding Interrogatory No. 2, your answer is baseless.

Please answer this interrogatory fully.

## Interrogatory No. 5

As was the case with Interrogatory No. 1, you refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer. For the same reasons, your response and refusal to answer this interrogatory are improper.

Please answer this interrogatory fully.

## Interrogatory No. 6

As was the case with Interrogatories Nos. 1 and 5, you refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer. For the same reasons, your response and refusal to answer this interrogatory are improper.

Please answer this interrogatory fully.

## Interrogatory No. 8

As was the case with Interrogatories Nos. 1, 5, and 6, you refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer. For the same reasons, your response and refusal to answer this interrogatory are improper.

Please answer this interrogatory fully.

**Interrogatory No. 9**

As was the case with Interrogatories Nos. 1, 5, 6 and 8, you refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer. For the same reasons, your response and refusal to answer this interrogatory are improper.

Please answer this interrogatory fully.

**Interrogatory No. 10**

In response to this interrogatory, the only employee who you specifically identified as being similarly-situated to you was "Ashley." You then explain that the information regarding any other employees is within Houston Methodist's "discovery documents." First, it is your burden—not Houston Methodist's—to identify similarly-situated employees. *Nguyen v. University of Texas Sch. of L.*, 542 F.App'x 320, 323 (5th Cir. 2013). Second, it is not a proper response to discovery to refuse to answer on the grounds that the opposing party already has the information requested in its knowledge or possession.

Please answer this interrogatory fully.

**Interrogatory No. 11**

As was the case with Interrogatories Nos. 1, 5, 6, 8 and 9, you refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer. For the same reasons, your response and refusal to answer this interrogatory are improper.

Please answer this interrogatory fully.

**Interrogatory No. 13**

As was the case with Interrogatories Nos. 1, 5, 6, 8, 9, and 11, you refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer. For the same reasons, your response and refusal to answer this interrogatory are improper.

Please answer this interrogatory fully.

**Interrogatory No. 14**

As was the case with Interrogatories Nos. 1, 5, 6, 8, 9, 11, and 13, you refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer. For the same reasons, your response and refusal to answer this interrogatory are improper.

Please answer this interrogatory fully.

**Interrogatory No. 15**

As was the case with Interrogatories Nos. 1, 5, 6, 8, 9, 11, 13, and 14, you refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer. For the same reasons, your response and refusal to answer this interrogatory are improper.

Please answer this interrogatory fully.

**Interrogatory No. 16**

As was the case with Interrogatories Nos. 1, 5, 6, 8, 9, 11, 13, 14, and 15, you refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer. For the same reasons, your response and refusal to answer this interrogatory are improper.

Please answer this interrogatory fully.

**Interrogatory No. 17**

As was the case with Interrogatories Nos. 1, 5, 6, 8, 9, 11, 13, 14, 15, and 16, you refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer. For the same reasons, your response and refusal to answer this interrogatory are improper.

Please answer this interrogatory fully.

**Interrogatory No. 18**

As was the case with Interrogatories Nos. 1, 5, 6, 8, 9, 11, 13, 14, 15, 16, and 17, you refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer. For the same reasons, your response and refusal to answer this interrogatory are improper.

Please answer this interrogatory fully.

**Interrogatory No. 19**

As was the case with Interrogatories Nos. 1, 5, 6, 8, 9, 11, 13, 14, 15, 16, 17, and 18, you refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer. For the same reasons, your response and refusal to answer this interrogatory are improper.

Please answer this interrogatory fully.

**Interrogatory No. 20**

As was the case with Interrogatories Nos. 1, 5, 6, 8, 9, 11, 13, 14, 15, 16, 17, 18, and 19, you refused to answer this interrogatory at all, asserting baseless objections and rationale for refusing to answer. For the same reasons, your response and refusal to answer this interrogatory are improper.

Please answer this interrogatory fully.

I would like to address another issue as a prophylactic measure. I am aware that you believe Houston Methodist is not current on its discovery responsibilities. That is a matter in dispute between the parties as Houston Methodist takes the diametrically-opposed view. Regardless, your subjective belief that Houston Methodist is not current on its discovery obligations is no grounds to refuse to answer Houston Methodist's discovery and answer it fully. Neither does your *pro se* status grant you any privileges to disregard your discovery obligations. As one federal court recently admonished a *pro se* plaintiff such as yourself:

> Plaintiff appears to view discovery as a tit for tat endeavor—that because one party does not do what she thinks they ought to do, or because a party does something differently than she did, she is not obligated to respond properly. Plaintiff should dispel herself of this notion immediately. A party may not refuse to comply with an opposing party's discovery requests "simply because [s]he believes that the opposing parties have not fully complied with [her] discovery requests to them." Plaintiff herself instigated this litigation, thereby willingly subjecting herself to the rules of this Court and all federal rules governing discovery. They must be followed. And Plaintiff's responsibility for complying with discovery rules is independent of Defendant's obligations.

*McCoy v. SC Tiger Manor, LLC*, 2021 WL 1326302, *4 (M.D. La. Apr. 8, 2021) (quoting *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 581 (N.D. Tex. 2018)).

Houston Methodist hereby requests that you provide full and complete answers to all of the foregoing interrogatories, properly verified, no later than close of business on **Tuesday, May 13, 2025**. If you refuse to comply, Houston Methodist will have no choice but to seek redress from the Court. As always, if you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Scott | Patton PC

Michael K. Burke

C. INTERROGATORIES

INTERROGATORY NO. 1: If Plaintiff or someone acting on Plaintiff's behalf has obtained a written or recorded statement, interview, report, or memorandum from any person or persons having knowledge of the facts pertaining to the Claims or matters complained of in the Lawsuit, please identify the name, address, and telephone number of such persons, and provide a brief summary of the contents of each statement.

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or to the facts in the timeline, evidence submitted, and summary of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response in this regard when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

What Do the Defendents plead?

INTERROGATORY NO. 2: List all damages claimed by Plaintiff as a result of the Claims made the basis of the Lawsuit. For each type of damage listed, please state in detail the elements used to calculate such damage, the basis of the calculations, and the amount of damages sought by Plaintiff in this lawsuit.

Privileged healthcare information is protected and prevents me from having to disclose. Calculations are within the jurisdictional limits of the court and currently do not exceed over $2,000,000.00

INTERROGATORY NO. 3: Identify every employment complaint filed or submitted by Plaintiff or on Plaintiff's behalf with any governmental body or agency, including, but not limited to, the United States Department of Labor, Equal Employment Opportunity Commission, and/or the Texas Workforce Commission, from June 1, 2010 to the present, pertaining to alleged discrimination, retaliation and/or harassment by Houston Methodist, current or former employers, or any other third party.

EEOC deferred my complaint to the TWC and then received it back from the TWC on or before 8/11/2022 when I signed the charge of discrimination. This is the only complaint I have ever had to file against an employer.

Have any of the named employees ever been involved in other cases related to discrimination, sexual harassment or retaliation? Please provide their background.

INTERROGATORY NO. 4: Identify each hospital, clinic, mental or psychiatric treatment center, substance abuse treatment center, medical facility, doctor, counselor, therapist, clergy person, chiropractor, doctor, osteopathic practitioner, or any person practicing the medical or healing arts who has examined or treated Plaintiff for any physical, emotional, or mental illness, anguish, suffering, disease, injury, accident, or any other reason from June 1, 2018 to the present.

Privileged

INTERROGATORY NO. 5: Identify all persons with whom Plaintiff has discussed the Claims and/or allegations in the Lawsuit and with respect to each person, state the number of discussions Plaintiff had with each person, how the discussion was made (e.g., telephone, email, in person, etc.), the date and place of each discussion, and the substance of each discussion.

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or to the facts in the timeline, evidence submitted, and summary of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response in this regard when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

10 INTERROGATORY NO. 6: Identify every mistake, misuse, abuse, lack of care, discriminatory or retaliatory act, negligent act, and improper or inadequate act or omission, that Plaintiff alleges was committed by any person, entity, or party, including Houston Methodist, that Plaintiff believes or alleges contributed, directly or indirectly, to cause or proximately cause Plaintiff's Claims in the Lawsuit, and identify the alleged wrongdoer.

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or to the facts containing substance to the claim within the timeline, evidence submitted, and summary of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

Provide the handbook for the NEURO ICU unit that was advertised and continues to be advertised in job postings for the job role I fulfilled as a PCA where Sunila Ali was/ is the manager. Are all named employees in the lawsuit still employed by Houston Methodist? If so, what has been their involvement with the case and has there been any ongoing communications. Please provide all communications between staff involved.

INTERROGATORY NO. 7: Describe all Communications between Plaintiff and any government entity that reference or relate to its investigation regarding Plaintiff's termination from Houston Methodist. For each Communication identified, please include the following: a. the name, address, and telephone number of the person(s) who made the Communication; b. the mode of the Communication; c. the date of the Communication; d. whether there are any documents or recordings memorializing the Communication; and e. briefly describe the substance of the Communication.

EEOC deferred my complaint to the TWC and then received it back from the TWC on or before 8/11/2022 when I signed the charge of discrimination. This is the only complaint I have ever had to file against an employer.

INTERROGATORY NO. 8: Describe all Communications between or among Plaintiff and/or Houston Methodist (including former employees) that reference or relate to any alleged discriminatory and/or retaliatory aspects of Plaintiff's employment or alleged termination from Houston Methodist, and/or any of the Claims made the basis of the Lawsuit. For each Communication identified, please include the following: a. the name, address, and telephone number of the person(s) who made the Communication; b. the mode of the Communication; c. the date of the Communication; d. whether there are any documents or recordings memorializing the Communication; and e. briefly describe the substance of the Communication. 11

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or to the facts containing substance to the claim within the timeline, evidence submitted, and summary of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

Describe all Communications between or among Plaintiff and/or Houston Methodist (including former employees) that reference or relate to any alleged discriminatory and/or retaliatory aspects of Plaintiff's employment or alleged termination from Houston Methodist, and/or any of the Claims made the basis of the Lawsuit. For each Communication identified, please include the following: a. the name, address, and telephone number of the person(s) who made the Communication; b. the mode of the Communication; c. the date of the Communication; d. whether there are any documents or recordings memorializing the Communication; and e. briefly describe the substance of the Communication

INTERROGATORY NO. 9: Identify each specific Protected Activity for which Plaintiff contends Plaintiff was wrongfully retaliated against. For each protected activity identified, please include following: a. the date of the Protected Activity; b. specifically what You stated in the report and/or complaint; c. the name, address, and telephone number of the person(s) who were involved with or witnessed the Protected Activity; d. whether there are any documents or recordings memorializing the Protected Activity; and e. the alleged Adverse Employment Action that occurred as a result of the Protected Activity.

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or to the facts containing substance to the claim within the timeline, evidence submitted, and summary of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

Provide an answer as to whether the Defendants admit or deny retaliation and discrimination to the Protected Activity submitted in the docket, including the charge of discrimination, timeline, and summary of recollections, for which Plaintiff contends Plaintiff was wrongfully retaliated against. For each protected activity described, please include an answer as to whether the Defendents admit or deny

INTERROGATORY NO. 10: Identify every person who worked or was employed at Houston Methodist or applied to Houston Methodist that Plaintiff contends was similarly situated to Plaintiff but was outside Plaintiff's protected class and treated differently or more favorably than Plaintiff with respect to Plaintiff's terms, conditions, status, and/or privileges of employment. For each person identified, provide the name of the identified person, the identified person's title at Houston Methodist, describe every instance of such different or more favorable treatment, any like or similar circumstances between Plaintiff and such identified person, when such disparate treatment occurred, and any witnesses to such alleged disparate treatment. 12

All PCA's employed throughout the duration of employment with Houston Methodist's Neuro ICU department. Specifically, Ashley was an African American hired to fulfill my job role while I was adversely being put through a termination process without having been provided with a factual basis for such an adverse action, would have been found in a departmental handbook for the Neuro ICU. The information regarding the names of the employees is within HMH's discovery documents which include all the names of employees hired during my employment, including Ashley's.

Please provide a departmental handbook for the Neuro ICU as is written in the job description for my former job role in HMH's job listing

INTERROGATORY NO. 11: Please identify and describe any and all negative and Adverse Employment Actions Plaintiff alleges she suffered. For each Adverse Employment Action identified, please provide the following: a. the date of the negative and Adverse Employment Action performed on Plaintiff; b. the name, address, and telephone number of the person(s) who were involved in the negative and Adverse Employment Action ; c. whether there are any documents or recordings memorializing the negative and Adverse Employment Action ; and d. briefly describe the negative and Adverse Employment Action .

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or responded to the substance of the charges as outlined with facts in the timeline, evidence submitted, and summary of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

Respond with an answer to the substance of the charges and as to whether the defendants admit or deny the charges in the charge of discrimination.

INTERROGATORY NO. 12: Describe the legal and factual basis for your contention that you were the "only Caucasian in [your] job role," as alleged on page 8 of your Complaint.

Within discovery documents contains the list of PCA's who were employed during my employment with HMH's Neuro ICU unit with Sunila Ali as the hiring manager. I was a minority in the role as to those who were similarly situated based on physical characteristics such as skin color, hair color, and eye color. I was the only white skinned, blonde-haired, green-eyed employee and also the only employee in my job role with an historically "white" last name, as is evidenced in the discovery document. I am a citizen of the United States of America and my rights are unalienable.

INTERROGATORY NO. 13: Describe the legal and factual basis for your contention that you were discriminated against on the basis of your sex as alleged on page 3 of your Complaint.

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or to the facts in the timeline, evidence submitted, and summary of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response in this regard when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

Respond with an answer to the substance of the charges and as to whether the defendants admit or deny the charges in the charge of discrimination.

INTERROGATORY NO. 14: State the legal and factual basis for your contention that you were retaliated against by Sunila Ali in that "she was going to initiate the 'PIP' process which precedes termination," as alleged on page 3 of Your Complaint.

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or to the facts in the timeline, evidence submitted, and summary of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response in this regard when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

Respond with an answer to the substance of the charges and as to whether the defendants admit or deny the charges in the charge of discrimination.

INTERROGATORY NO. 15 Identify all persons with knowledge or information relating to your claim for damages.

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or to the facts in the timeline, evidence submitted, and summary of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response in this regard when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

Respond with an answer to the substance of the charges and as to whether the defendants admit or deny the charges in the charge of discrimination.

INTERROGATORY NO. 16 Identify all persons who provided information used, and all documents reviewed or referenced, in answering these interrogatories. 13

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or to the facts in the timeline, evidence submitted, and summary of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response in this regard when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

Respond with an answer to the substance of the charges and as to whether the defendants admit or deny the charges in the charge of discrimination.

INTERROGATORY NO. 17 If you contend that you were subjected to a sexually hostile work environment, describe with particularity all facts supporting that contention, including any individual who allegedly committed acts of sexual harassment.

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or to the facts in the timeline, evidence submitted, and summary of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response in this regard when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

Respond with an answer to the substance of the charges and as to whether the defendants admit or deny the charges in the charge of discrimination.

INTERROGATORY NO. 18 If you contend that any employee of Houston Methodist created a sexually hostile work environment towards you, describe with particularity such employee's words and actions that allegedly created such an environment.

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or to the facts in the timeline, evidence submitted, and summary of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response in this regard when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

Respond with an answer to the substance of the charges and as to whether the defendants admit or deny the charges in the charge of discrimination.

INTERROGATORY NO. 19 If you contend that any employee of Houston Methodist's conduct was so severe towards you that it altered the terms and conditions of your employment, describe with particularity all facts supporting the contention.

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or to the facts in the timeline, evidence submitted, and summary of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response in this regard when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

Respond with an answer to the substance of the charges and as to whether the defendants admit or deny the charges in the charge of discrimination.

INTERROGATORY NO. 20 If you contend that you complained about the alleged sexual harassment to one or more of Houston Methodist's agents or employees, identify the person to whom the complaints were made, specify the date each complaint was filed, describe the exact conduct complained of, describe what action was taken in response to the complaints, and describe what action should have been taken. 14

Due to the nature of this lawsuit and the basis for which this case was brough forward in court, I do not feel safe or comfortable sharing this information because of fear of retaliation and persecution. Defendents have still not given an answer as to how they plead or whether they admit or deny the charges in the charge of discrimination or to the facts in the timeline, evidence submitted, and summary

of recollections. I have a right to plead the 5th to protect myself from harm and feel that it is an abuse to expect a response in this regard when defendants have failed to respond to the charges with an answer that the court can recognize. Again, the charge of discrimination is sufficient and timely.

Respond with an answer to the substance of the charges and as to whether the defendants admit or deny the charges in the charge of discrimination.

# EXHIBIT 5

**Subject:** Re: Civil Action No.: 4-22-cv-04085; Weathers v. Houston Methodist Hospital
**Date:** Wednesday, May 14, 2025 at 12:26:19 PM Central Daylight Time
**From:** Caitlin Weathers
**To:** Mike Burke
**Attachments:** image001.jpg, Caitlin Weathers 2.pdf

Only a judge can make orders!

Procedures require a subpoena and motion to compel prior to requesting a conference. I never received a subpoena or motion to compel discovery. I am following procedures. You are not following procedures! I sent requests for productions that need to be responded to and my responses to my requests for interrogatories have only been partly answered. Defendants still haven't answered my requests for productions (attached).

CWEATHERS

On Wed, May 14, 2025 at 9:53 AM Mike Burke <mburke@scottpattonlaw.com> wrote:

Ms. Weathers,

You provided no response at all to my letter to you last week (attached). I am writing to provide you one last chance to: (a) confer regarding your improper interrogatory answers as outlined in the attached letter; and (b) comply with the **Court's order** of May 9 **requiring** the parties to confer regarding the place and date of your deposition. I am available today until approximately 1:30 p.m. to confer over these matters and any other matters you would like to discuss in this case. Falling short of that, we will have to include these two items and your continued refusal to follow rules and Court orders in our discussion with the Judge when she schedules a conference with the parties. Thank you.

Mike Burke

Michael K. Burke
Scott Patton PC
5301 Katy Freeway, Suite 201
Houston, Texas 77007

Direct:   (281) 377-4576

Main:    (281) 377-3311

Fax:     (281) 377-3267
Cell:    (713) 553-7930
Email:  *mburke@scottpattonlaw.com*



Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.