IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-04085 |
| | § | |
| HOUSTON METHODIST HOSPITAL, | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S MOTION TO VACATE THE SCHEDULING ORDER**

Defendant, Houston Methodist Hospital ("Houston Methodist"), respectfully requests and moves the Court to vacate the current schedule in this case until after resolution of Houston Methodist's Rule 12(e) Motion for More Definite Statement [Dkt. No. 67] and, if necessary, enter a schedule to govern the remainder of the case at that time. In support of the following, Houston Methodist respectfully shows the Court as follows:

**BACKGROUND**

This is an employment case. Plaintiff filed her Original Complaint on November 20, 2023 against Houston Methodist and Sunila Ali ("Ali").[1] Houston Methodist filed its Motion for Summary Judgment seeking dismissal of Plaintiff's claims on May 22, 2023.[2] On October 10, 2023, this Court granted Houston Methodist's Motion for Summary Judgment, dismissing Plaintiff' claims against Houston Methodist and Ali, with prejudice.[3]

---

[1] Dkt. No. 1.

[2] *See* Dkt. No. 31.

[3] *See* Dkt. No. 50.

After reinstatement of this case post-appeal and remand, Plaintiff filed her First Amended Complaint on December 4, 2024.[4] Houston Methodist filed its Rule 12(e) Motion for More Definite Statement on December 10, 2024.[5] Plaintiff responded to Houston Methodist's Rule 12(e) Motion for More Definite Statement on December 30, 2024.[6] Houston Methodist filed its Reply in Support of Rule 12(e) Motion for More Definite Statement on January 6, 2025.[7] The Court has not yet ruled on Houston Methodist's Rule 12(e) Motion for More Definite Statement and Houston Methodist has yet to file a formal answer to Plaintiff's First Amended Complaint[8] as provided under the Federal Rules of Civil Procedure.[9]

On October 21, 2024 the Court entered its Amended Scheduling Order.[10] The Amended Scheduling Order provides the following deadlines:[11]

| | |
|---|---|
| **DISCOVERY** | July 30, 2025 |
| **DISPOSITIVE MOTIONS DEADLINE** | August 29, 2025 |
| **ALL OTHER MOTIONS DEADLINE** | September 30, 2025 |
| **MEDIATION**, if appropriate | July 30, 2025 |
| **JOINT PRETRIAL ORDER** | November 21, 2025 |
| **PRETRIAL CONFERENCE** | January 9, 2026 |

---

[4] Dkt. No. 66.

[5] Dkt. No. 67.

[6] Dkt. No. 68.

[7] Dkt. No. 72.

[8] Dkt. No. 66.

[9] *See* FED. R. CIV. P. 12(a)(4)(A).

[10] Dkt. No. 63.

[11] *Id.*

**TRIAL**                                                            January 12, 2026

### GOOD CAUSE

As the Court is aware, discovery in this case has not gone smoothly.[12]  Additionally, though ordered by the Court to confer regarding the date and location for her deposition,[13] Plaintiff has refused.  Instead, Plaintiff has insisted on deposing Houston Methodist first but has never taken the appropriate steps to depose Houston Methodist.  As a result of Plaintiff's mulishness and disregard for this Court's order, no depositions have taken place in this case.

In determining whether good cause exists to amend a scheduling order under Rule 16(b)(4), courts consider: (1) the explanation for the failure to timely move for leave to amend/for the need for relief from the scheduling order deadlines; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[14]  Typically, courts focus on the diligence of the parties in considering the above factors.[15]

All four factors are met in this case.  Houston Methodist has been diligent in attempting to work up the case.  Houston Methodist served written discovery to Plaintiff prior to appeal and remand.  Houston Methodist has sought Plaintiff's deposition since at least late March/early April of this year.[16]  The need for relief from the Scheduling Order arises not from lack of Houston Methodist's diligence but from: (a) Plaintiff's obstinance; and (b) the

---

[12] *See, e.g.*, Dkt. Nos. 83-86, 89-93.

[13] Dkt. No. 88, p. 2.

[14] *Epic Tech, LLC v. Fusion Skill, Inc.*, 2022 WL 463832, *2 (S.D. Tex. Feb. 15, 2022); *In re BP p.l.c. Sec. Litig.*, 2014 WL 2112823, *16 (S.D. Tex. May 20, 2014), *aff'd sub nom.*, *Ludlow v. BP, P.L.C.*, 800 F.3d 674 (5th Cir. 2015).

[15] *Epic Tech*, 2022 WL 463832 at *2.

[16] *See* Dkt. No. 93, p. 13 of 36.

uncertainty of what claims and defenses will remain for trial after the Court's ruling on Houston Methodist's Rule 12(e) Motion for More Definite Statement and Houston Methodist files a formal answer. Relief from the Amended Scheduling Order will allow for the parties to complete depositions and also allow the parties the opportunity to file dispositive motions once the pleadings are closed and discovery is complete. This is not only important but critical. Vacating the remainder of the deadlines in the Amended Scheduling Order until such time as the Court rules upon Houston Methodist's Rule 12(e) Motion for More Definite Statement would not prejudice any of the parties in this case nor inconvenience the Court. To the contrary, it would contribute to the orderly presentation of this case and allow the parties to complete depositions will full knowledge of the claims and defenses at issue and remaining for trial. Finally, vacating the Amended Scheduling Order is the most practical means to prevent prejudice and ensure the parties a full and fair opportunity to adequately prepare and present their cases at trial.

  This extension is not sought to delay this case but rather so that justice may be done.

  For these reasons and for good cause shown, Houston Methodist requests that the Court vacate the Amended Scheduling Order [Dkt. No. 63] in this case until such time as the Court has ruled on Houston Methodist's Rule 12(e) Motion for More Definite Statement. Dkt. No. 67.

Respectfully submitted,

By: /s/ *Daniel Patton*
    Daniel Patton
    S.D. Tex. Admission No. 26200
    Texas Bar No. 24013302
    dpatton@scottpattonlaw.com

ATTORNEY IN CHARGE FOR HOUSTON METHODIST

OF COUNSEL:

Michael K. Burke
S.D. Tex. Admission No. 24356
Texas Bar No. 24012359
mburke@scottpattonlaw.com
**LUCAS D. NOVICK**
S.D. Tex. Admission No. 3777679
Texas Bar No. 24125819
lnovick@scottpattonlaw.com
**SCOTT PATTON PC**
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone:  (281) 377-3311
Fax:      (281) 377-3267

## CERTIFICATE OF CONFERENCE

     I hereby certify that I attempted to confer in good faith with Plaintiff on August 5, 2025 regarding the foregoing motion but she is opposed to the relief sought.

                         /s/ *Michael K. Burke*
                         Michael K. Burke

## CERTIFICATE OF SERVICE

  I certify that on August 6, 2025, a true and correct copy of *Defendant's Motion to Vacate Scheduling Order* was served on all counsel and parties of record by the Court's ECF filing system and email in accordance with the Federal Rules of Civil Procedure.

Caitlin Weathers
2425 Capitol Street, #2143
Houston, Texas 77003

       *Pro Se Plaintiff*

       */s/ Daniel Patton*
       Daniel Patton