IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

CAITLIN WEATHERS,

   *Plaintiff,*

v.     CIVIL ACTION NO. 422-CV-04085

HOUSTON METHODIST HOSPITAL, ET. AL.,

   *Defendants*

## PLAINTIFF'S OBJECTION IN OPPOSITION TO DEFENDANTS MOTION TO VACATE THE SCHEDULING ORDER

Plaintiff, Caitlin Weathers, respectfully requests that the court deny Defendants, Houston Methodist Hospital, et. al., motion to vacate the scheduling order, and deny Defendents entry of a new schedule to govern the remainder of this case. In opposition to the Defendants motion, Caitlin Weathers respectfully shows the court the following:

### BACKGROUND

This is an employment discrimination lawsuit filed with the Equal Employment Opportunity Commission against Houston Methodist Hospital, et al., based on race, sex, and retaliation. The lawsuit was deemed timely served by the Fifth Circuit Court of Appeals, warranting the Defendants to file an answer as to how they plead.[1] On 10/21/2024, a Scheduling

---

[1] Dkt. No. 60, No. 61, No. 62

1

Conference was held, at which time attorneys Patrick Palmer and Scott Patton presented their preferred and ultimately chosen dates for how this case would proceed. [2] At that time, according to FRCP Rule 12(a)(1)(A)(i), Defendants were procedurally due to file an answer and did not give their answer as to how they would plead. Given this procedural posture, it was appropriate and unopposed by Defendants for Plaintiff Weathers' amended complaint to conform to the matters of the case, which was granted without any objections on 12/04/2024. [3] Despite having argued about the substance of the case in earlier proceedings, as a procedural tactic, the Defendants then filed a Motion for More Definite Statement on 12/10/2024. [4] The Amended Scheduling order that was entered on October 21, 2024, did not include Plaintiffs' request for more than one opportunity for mediation and is not based on Plaintiffs' preferences.

## ARGUMENTS AND OBJECTIONS

- <u>Objection</u>: Lack of Good Cause and Legal Standing, Improper, Hearsay,

    Argument: The "good cause" standard under Federal Rule of Civil Procedure 16(b) states that a scheduling order can only be modified for good cause with the judge's consent. Good cause means that the schedule cannot be met despite the party's diligence. Lack of diligence or underestimating time is usually not considered "good cause". Such delay is to be accompanied by "prejudice, bad faith, or futility" for an extension to be granted. Such instances do not exist in this case, as it is due to the nature of the Defendant's negligence and their failure to provide timely responses to Plaintiff's production requests, which has subsequently caused inefficiency. The Defendants' argument is inaccurate, incomplete, and misleading, as the Plaintiff is not mulish or to be regarded as an animal;

---

[2] Dkt. No. 63
[3] Dkt. No. 65, 66
[4] Dkt. No. 67

the Defendants are solipsistic. Discovery was due on 7/30/2025, and Defendants did not respond to Weathers' production request until August 4, 2025, to which Weathers objects in its entirety and seeks deemed admission due to its untimeliness. **Exhibit A**

- Objection: Prejudice to the Plaintiff

    Argument: Modifying the scheduling order will delay the trial further and could incur additional expenses and litigation costs, disrupt the trial and case progression, impact the integrity of the evidence, and negatively affect the fairness, which creates prejudice against the Plaintiff who has already incurred prejudice in having to seek remand. [5]

- Objection: Impact on Court Efficiency

    Argument: Granting the Defendants' motion wastes court resources

- Objection: Untimeliness of the Motion

    Argument: Deadlines for filing motions to vacate and failing to meet the deadline are valid objections. The Defendants lack diligence in their filing, unduly delaying bringing the request until seven days after the deadline for discovery has ended. Scheduling orders help judges manage cases efficiently. Ignoring deadlines undermines court authority and causes delays. The court emphasizes that parties must be diligent in following the scheduling order. Failing to bring information to court promptly disadvantages both parties. Additionally, while Defendants fail to mee the requirements for mistake, inadvertence, surprise, or excusable neglect they lack any newly discoverable evidence or extraordinary circumstances for relief to be provided. [6]

---

[5] Dkt. No. 53
[6] Liljeberg v. Health Services Acquisition Corp.

## CONCLUSION

The defendants cannot wait until seven days after the discovery deadline to request new scheduling orders because it undermines efficient litigation, prejudices the Plaintiff, and violates the "good cause" standard in FRCP 16(b). Courts expect parties to be diligent and have a valid reason for seeking extensions.

Respectfully submitted,

By: Caitlin Weathers

*Plaintiff,* Pro Se Litigant

2616 Erwin Rd. #2218

Durham, NC 27705

Email: j.weathersca@gmail.com

Phone: (832) 314-6357

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 8/6/2025 I served the above Objection in Opposition to Defendants Motion to Vacate the Scheduling Order to:
Scott Patton
5301 Katy Freeway, Suite 201
Houston, TX 77007
Phone: (832) 377-3311
Fax: (281) 377-3267
via electronic ECF through the court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the court and via email.

X_____
Caitlin Weathers

# EXHIBIT A

