United States District Court
Southern District of Texas
**ENTERED**
August 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-CV-4085 |
| | § | |
| HOUSTON METHODIST | § | |
| HOSPITAL, ET AL., | § | |
| *Defendants.* | § | |

## ORDER

This case is before the Court on Defendants' Motion for More Definite Statement.[1] ECF 67. Having reviewed the parties' submissions and the law, the Court grants the motion, dismisses certain claims sua sponte, and orders Plaintiff to show cause why she should be permitted to replead certain claims before filing a Second Amended Complaint.

### I.    Background

Plaintiff, proceeding pro se and in forma pauperis, on November 16, 2022 filed a form "Complaint Under Title VII of the Civil Rights Act of 1964" against Houston Methodist Hospital (Methodist) and Sunila Ali. ECF 1. On October 10, 2023, the Court granted Defendants' Motion for Summary Judgment on grounds that

---

[1] The parties consented to the jurisdiction of this Magistrate Judge for all purposes including final judgment. ECF 25.

her claims were time-barred and, as to Sunila Ali, because individuals are not liable under Title VII.  ECF 50.  On appeal, the Fifth Circuit reversed the Court's ruling as to the statute of limitations, affirmed the Court's ruling dismissing claims against Ali, and remanded the case to this Court for further proceedings.  ECF 61.

Upon reopening this case after remand, the Court entered an Amended Scheduling Order, setting November 29, 2024 as the deadline for amending pleadings.  ECF 63.  On December 4, 2024, the Court granted Plaintiff's timely Motion for Leave to Amend and Plaintiff's Amended Complaint was docketed the same day.  ECF 65; ECF 66.  Despite the Fifth Circuit's affirmance of dismissal of Plaintiff's claims against Defendant Sunila Ali, Plaintiff's Amended Complaint identifies Ali as a Defendant.  The Amended Complaint also asserts non-viable claims under the Texas Penal Code and a Houston Ordinance and adds new claims under Chapter 21 of the Texas Labor Code (TCHRA) and 42 U.S.C. § 1981.  ECF 66.  The Court's Order granting leave to amend specifically authorized Defendants to file a Motion for More Definite Statement and informed Plaintiff that

> [I]f the Court grants a Motion for More Definite Statement it may require Plaintiff to show cause why the Court should not dismiss her claim against Sunila Ali, the dismissal of which was affirmed by the Fifth Circuit, and any claims under the Texas Penal Code, Houston Ordinances, or Executive Order I-50.

ECF 65.  Defendant's Motion for More Definite Statement is now before the Court. ECF 67.

## II.    Pleading Standards

### A. Federal Rules of Civil Procedure 8 and 10

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To comply with Rule 8, a complaint must contain enough facts to state a plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  No technical form of pleading is required, but "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).  While the Court interprets pro se pleadings liberally, they still must comply with Rule 8(a).  *Carmouche v. Hooper*, 77 F.4th 362, 367 (5th Cir. 2023).

While Rule 8(d)(1) states that no technical form of pleading is required, Federal Rule of Civil Procedure 10(b) seeks to further enhance clarity by providing that claims and defenses should be set forth in numbered paragraphs "each limited as far as practicable to a single set of circumstances."  *See Int'l Longshoremen's Ass'n Warehouse Workers Loc. 1504-8 v. S. Atl. & Gulf Coast Int'l Longshoremen's Ass'n, AFL-CIO*, No. CIV.A. 07-CV-00494, 2007 WL 7082343, at *1 (S.D. Tex. Nov. 20, 2007) (noting that plaintiffs' "amended complaint would . . . benefit from numbered paragraphs as required by Rule 10(b)," but excusing the failure because the claims were otherwise "clearly and separately stated and identified").

**B. Federal Rule of Civil Procedure 12(e)**

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." A motion for more definite statement is "a mechanism to enforce the minimum requirements of notice pleading" under Rule 8. *McClain v. United Airlines, No*. CV H-24-0050, 2024 WL 420907, at *1 (S.D. Tex. Feb. 5, 2024) (citing *McCollim v. Allied Custom Homes, Inc.*, No. 08-CV-3754, 2009 WL 1098459, at *2 (S.D. Tex. Apr. 23, 2009)). Rule 12(e) is designed to strike at "unintelligibility rather than a lack of detail." *Id.* Motions for more definite statement are generally disfavored but should be granted when "the complaint is so unintelligible that the court cannot 'make out one or more potentially viable legal theories,' and is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to itself.'" *Id.* (citations omitted). "Shotgun" pleadings fall into the category described in *McLain* as appropriate for more definite statement because such pleadings fail to provide the defendants with adequate notice of the claims being brought against them and the facts that support each claim. *See In re Ozcelebi*, 635 B.R. 467, 470 (Bankr. S.D. Tex. 2021) (ordering plaintiffs to "rectify their shotgun pleading errors violating Federal Rules of Civil Procedure 8(a)(2), 9(b), and 10(b), by filing a more definite statement"); *Jenkins v. Am. Sw. Mortg. Corp*., No. SA18CA460FBHJB, 2018 WL

7199141, at *2 (W.D. Tex. Nov. 7, 2018) (holding that even in the absence of a motion a court has a "supervisory obligation" to order a more definite statement "when a shotgun complaint fails to link adequately a cause of action to its factual predicates" (citations omitted)).

### III.    Analysis

### A. Defendants' Motion for More Definite Statement is granted.

Plaintiff's Amended Complaint exemplifies a shotgun pleading and if not corrected would be subject to dismissal under Rule 12(b)(6).  *See Moreno v. Ethicon Inc*., No. 4:20-CV-04372, 2022 WL 831548, at *1 (S.D. Tex. Mar. 17, 2022) (dismissing plaintiff's "textbook one-size-fits-all-form complaint.).  Plaintiff's Amended Complaint contains a lot of factual allegations about her employment with Defendant Methodist.  ECF 66.  However, some of these allegations are not plausible.  As one example, Plaintiff alleges that Defendant is still committing the wrongful employment acts against her, but her employment terminated on October 4, 2021.  ECF 66 at 4.  In addition, it is impossible to tell which claims Plaintiff asserts against each Defendant and the factual basis for those claims.  Further, the Amended Complaint is generally confusing and unorganized.  For these reasons, Defendant's Motion for More Definite Statement is granted and Plaintiff is ordered to replead.

### B. Plaintiff's claims under the Texas penal code and Executive Order 1-50, and any TCHRA claim against Ali are dismissed.

When a party proceeds in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss claims that are frivolous or malicious, or fail to state a claim on which relief may be granted. Therefore, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e), the Court sua sponte dismisses Plaintiff's claims for violations of Chapter 32 of the Texas Penal Code and Houston Code of Ordinances, Executive Order 1-50, and any TCHRA claim against Ali. *See Lebouef v. Island Operating Co., Inc.*, 342 F. App'x 983, 984 n.1 (5th Cir. 2009) (recognizing that § 1915(e) authorizes sua sponte dismissal by the district court).

The Court's reasoning for the sua sponte dismissals are as follows: Chapter 32 of the Texas Penal Code addresses criminal fraud and criminal statutes do not provide a private right of action. *Carmon v. Carrington Mortg. Servs.*, LLC, No. 4:22-CV-03534, 2025 WL 1168280, at *3 (S.D. Tex. Apr. 22, 2025), *report and recommendation adopted*, No. 4:22-CV-03534, 2025 WL 1332046 (S.D. Tex. May 7, 2025). Therefore, the Texas Penal Code does not authorize Plaintiff to sue for violations of Chapter 32. Next, the Houston Executive Order Plaintiff references establishes a code of conduct and reporting mechanism for City of Houston employees which simply does not apply here and cannot state a claim upon which relief can be granted. *See* https://www.houstontx.gov/execorders/1-50.pdf (last

6

visited August 13, 2025).  Last, to the extent Plaintiff intends to assert a TCHRA claim against Ali, it must be dismissed for the same reason the Title VII claim was dismissed—TCHRA does not provide for liability against individual defendants like Ali.  *See West v. R&K Enter. Sols.*, No. 3:23-CV-1371-G-BN, 2024 WL 3891533, at *8 (N.D. Tex. July 19, 2024), *report and recommendation adopted*, No. 3:23-CV-1371-G-BN, 2024 WL 3891838 (N.D. Tex. Aug. 21, 2024) (holding that Texas courts of appeals and federal courts have found that TCHRA does not permit individual liability); *Ochoa v. Bradfute Enters., LLC*, No. EP-24-CV-228-KC, 2025 WL 841752, at *8 n. 1 (W.D. Tex. Mar. 11, 2025) (noting "[t]here is no individual liability under either the ADA or TCHRA").

### C. Plaintiff must show cause to support her new claim against Ali under 42 U.S.C. § 1981.

In an apparent attempt to avoid the Fifth Circuit's ruling affirming the dismissal of her Title VII claims against Sunila Ali, Plaintiff now pleads claims under 42 U.S.C. § 1981 and TCHRA.  It appears that Plaintiff has abandoned all of her Title VII claims because she did not check the box for Title VII on the form Complaint or list 42 U.S.C. §§ 2000e as another federal law pursuant to which she is bringing claims.  ECF 66 at 3.

As previously mentioned, Plaintiff's Amended Complaint does not specify which causes of action she asserts against each Defendant, nor does it identify the factual basis for each cause of action.  The Amended Complaint includes conclusory

and generic allegations that Plaintiff suffered discriminatory termination of employment, unequal terms and conditions of employment, retaliation, and harassment and hostile work environment. ECF 66 at 3. The Amended Complaint further makes the conclusory allegations that Plaintiff suffered discrimination based on her race (Caucasian), color (non-Hispanic white), and gender/sex (female). ECF 66 at 4. The Amended Complaint contains a narrative statement of Plaintiff's factual allegations, but the statement does not connect the facts to the elements of the causes of action she is asserting. For example, it is entirely unclear which wrongful act (termination, work conditions, retaliation, or harassment) was based on her race, color, and/or gender. It is also entirely unclear whether she is suing Methodist, Ali, or both for each wrongful act.

Moreover, to the extent Plaintiff is attempting to assert a § 1981 claim against Ali, the allegations in the Amended Complaint fail to support such a claim. In *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 337 (5th Cir. 2003) the Fifth Circuit held that an individual may be liable under § 1981 if she is "essentially the same" as the employer in exercising authority over the plaintiff. District courts within the Fifth Circuit generally have interpreted *Foley* to recognize individual liability under Section 1981 for supervisors who exercise control over employment decisions and are personally involved in the complained-of conduct, but have refused to allow individual liability under Section 1981 against a mere co-worker. *See, e.g., Miller*

*v. Wachovia Bank, N.A.,* 541 F.Supp.2d 858, 862-63 (N.D.Tex. 2008) (discussing several district court and circuit cases and noting that "the cases that have addressed the issue suggest that a § 1981 suit against a mere coworker is invalid."); *Nicholson v. A.H.D. Houston, Inc.*, No. 4:21-CV-02624, 2022 WL 4543201, at *8 (S.D. Tex. Sept. 28, 2022) (holding that § 1981 liability is possible against an individual defendant that is "essentially the same" as the employer for the purposes of the complained-of conduct but a plaintiff must "at a minimum" allege that the individual defendant exercised supervisory or managerial authority over her.").

Plaintiff's Amended Complaint identifies Ali as the Neuro-ICU Director. ECF 66 at 3.  Plaintiff alleges in that she began working as a Patient Care Assistant in the Neuro-ICU in June 2021 and in August 2021 reported discrimination and harassment to Ali.  *Id.* at 4.  On August 23, 2021, Plaintiff met with Ali and a human resources employee, Mariana Mondragon, about her reports.  *Id.*  Ali and Mondragon placed Plaintiff on a performance improvement plan (PIP) but did not resolve her complaints.  *Id.*  On September 30, 2021, Plaintiff again reported harassment by a co-worker.  *Id.* at 5.  On October 4, 2021, Methodist fired Plaintiff.  *Id.*

These alleged facts fail to show that Ali was "essentially the same" as Methodist because she exercised of control over Plaintiff.  The Amended Complaint fails to allege that Ali was personally involved in any harassing conduct.  *See* ECF 66 at 5 (stating "From April 1, 2021, until my termination, I was harassed by

Cameron Shonk, Sharon Agway, Cassie Hull, and Amanda Ronning.").   The

Amended Complaint fails to allege that Ali made the decision to terminate Plaintiff's

employment.   Therefore, the Amended Complaint does not plead a plausible claim

for relief under Section 1981 against Ali.

### IV.    Conclusion and Order

For all of the reasons discussed above, it is

ORDERED that Defendant's Motion for a More Definite Statement (ECF 67)

is GRANTED.  The Court will order Plaintiff to file a Second Amended Complaint.

However, it is further

ORDERED that before filing a Second Amended Complaint, Plaintiff must

show cause why Plaintiff should be permitted to assert a new claim under § 1981

against Ali, including cause for being able to, in good faith, plead sufficient facts to

state a plausible claim for Ali's individual liability under § 1981 in accordance with

Fifth Circuit standards.  It is further

ORDERED that Plaintiff must file her Show Cause Brief within 21 days of

entry of this Order.  Defendants may file a Response within 14 days of filing of the

Show Cause Brief, and Plaintiff may file a Reply 7 days later.  Upon consideration

of the parties' filings, the Court will issue an Order setting forth clear guidance for

Plaintiff's Second Amended Complaint.  It is further

ORDERED that Plaintiff's claims for violation of Chapter 32 of the Texas Penal Code, Houston Ordinance Executive Order 1-50, and any TCHRA claim against Ali individually are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e) for failure to state a claim.

Signed on August 13, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge