IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAITLIN WEATHERS, *Plaintiff,* § § § | |
| V. § | CIVIL ACTION NO. 4:22-CV-4085 |
| § | |
| HOUSTON METHODIST HOSPITAL, ET AL., *Defendants.* § § § | |

# **ORDER**

This employment discrimination case is before the Court on issues raised in Plaintiff's "Objections," in which she requests, among other relief, that the Requests for Admissions she served on September 22, 2023 be deemed admitted (ECF 83); Defendant's May 8, 2025 Letter to the Court (ECF 84); Plaintiff's Reply in support of her Objections (ECF 86); Plaintiff's Response and Motion to Strike Defendant's May 8, 2025 Letter (ECF 89); Plaintiff's Motion for Discovery Dispute Conference (ECF 90); Plaintiff's Motion to Supplement (ECF 91); Plaintiff's Motion for a Discovery Dispute Conference (ECF 92); and Defendants' Letter to the Court Regarding Discovery (ECF 93).[1]  It is ORDERED that Plaintiff's Motion to Supplement (ECF 91) is GRANTED.  The remaining filings are addressed below.

---

[1] The parties consented to the jurisdiction of this Magistrate Judge for all purposes including final judgment.  ECF 25.

### A. The Court's Discovery Dispute Procedures

As an initial matter, the Court once again reminds the parties of the Court's discovery dispute resolution procedures, available on the website for the Southern District of Texas at https://www.txs.uscourts.gov/sites/txs/files/U.S.-Magistrate-Judge-Christina-A.-Bryan-Court-Procedures.CABrev04.10.22.pdf. According to Defendant's Letter, Plaintiff objected to conferring with Defendant's counsel by telephone or video. ECF 84. Plaintiff objects in her Motion to Strike that Defendant's Letter is an improper *ex parte* communication and an attempt to enter inadmissible evidence into the record. *See* ECF 89. Plaintiff is mistaken on all counts. This is a discovery dispute, not a dispositive motion or trial. Defendant's submission is not governed by the Federal Rules of Evidence. Further, a letter to the Court, filed on the public docket and available to Plaintiff, does not constitute *ex parte* communication. Moreover, the parties are required by the Court to first confer by telephone or video and then, if no agreement is reached, to file a joint letter summarizing the dispute and requesting a conference.

### B. Defendant's Discovery Responses

With the above reminder, the Court addresses the issue of Plaintiff's Requests for Admissions and Requests for Production. The Court's October 10, 2023 Summary Judgment Opinion and Order (ECF 50) closed this case and relieved Defendant of the obligation to respond to discovery that was outstanding on that

date, including Plaintiff's September 22, 2023 Requests for Admissions and September 24, 2023 Requests for Production. This ruling is consistent with the Court's post-remand issuance of an Amended Scheduling Order setting July 30, 2025 as the discovery deadline. ECF 63. On April 16, 2025, Plaintiff served new Requests for Admissions on Defendant, identical to the September 2023 Requests. Defendant served timely responses on May 7, 2025. ECF 84 at 2. Even if the September 22, 2023 Requests for Admissions were deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3), the Court now deems the admissions withdrawn and replaced with the May 7, 2025 responses to the Requests for Admissions.

It appears from Plaintiff's filings that she has not served new Requests for Production, mistakenly relying on her previous, now moot, requests. In accordance with the Court's recent Order vacating the Amended Scheduling Order and thereby effectively extending the July 30, 2025 discovery deadline to a date to be reset by future order (ECF 96), Plaintiff may promptly serve new Requests for Production at this time if she chooses to do so.

As for Plaintiff's deposition, the Court previously ordered the parties to confer and set a date and location. ECF 88. Plaintiff is not entitled to postpone her deposition until after she has received complete discovery from Defendant. The point of a discovery deposition is to find out what the deponent knows. Plaintiff

does not need Defendant's discovery to answer questions about her personal knowledge and claims.

For these reasons, it is

ORDERED that to the extent Requests for Admission have been deemed admitted, the deemed admissions are withdrawn and of no force and effect. It is further

ORDERED that Defendants' Request for a Discovery Conference (ECF 84; ECF 93) and Plaintiff's Motion for a Discovery Dispute Conference (ECF 92) are DENIED at this time. Any other relief requested in ECF 83, 84, 86, 89, 90, 92, 93 is DENIED at this time.

Signed on August 13, 2025, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge