IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

CAITLIN WEATHERS,

 *Plaintiff,*

v.                CIVIL NO. 4:22-CV-04085

HOUSTON METHODIST HOSPITAL, ET AL.,

 *Defendants.*

## PLAINTIFFS' SHOW CAUSE BRIEF

This 'Show Cause Brief' asserts claims against Sunila Ali under 42 U.S. Code Section 1981, responding to orders from the Southern District of Texas, Houston Division. It provides a detailed account of facts to plead plausible claims regarding Sunila Ali's liability. Following the standards of the Fifth Circuit Court of Appeals, the brief presents the claims to address the court's request for clarification on the allegations against the defendant. It connects Sunila Ali's alleged actions to the legal protections under federal law, aiming to offer the court insight into the issues while advocating for justice and accountability.

## I.    <u>TABLE OF CONTENTS</u>

Table of Contents………………………………………………………………..…1-2

Parties……………………………………………………………………………...3

Jurisdictional Statement……………………………………………………………...3

Statement of Facts…………………………………………………………………4

Issues Presented……………………………………………………………………...4

Statement of the Case………………………………………………………………..4-6

Summary of the Argument…………………………………………………………...6

Argument……………………………………………………………………………6-15

    1.  Proper Party to this Case…………………………………………………6-8

        A.  Plaintiff is in Good Faith

        B.  No Leave of Court is Necessary to Correct a Clerical Error

        C.  Amendment is Not Futile

    2.  Defendant's Individual Liability…………………………………………...8-14

        A.  Unequal Treatment

        B.  Retaliation for Protected Activity

        C.  Discriminatory Termination

        D.  Harassment and Hostile Work Environment

    3.  Legal Theories Not Required…………………………………………...14

    4.  Procedural Permissibility……………………………………………14-15

Conclusion…………………………………………………………….........15

Certificate of Service……………………………………………………16

Certificate of Compliance (Exhibit Included) ……………………………...............17

## II.    PARTIES

Plaintiff CAITLIN WEATHERS was a resident and citizen of Houston, Texas, at the time of employment.

Defendant SUNILA ALI is a resident of Texas and employed within 100 miles of the place of employment and was served at 6565 Fannin St., Houston, TX 77030 on 12/08/2025. ECF 5.

Defendant HOUSTON METHODIST HOSPITAL is a corporation in Houston, TX, located at the address of 6565 Fannin St., Houston, TX 77030.

## III.    JURISDICTIONAL STATEMENT

The District Court for the Southern District of Texas has original jurisdiction over this civil action under 28 U.S.C. § 1331, as it involves claims arising under federal law (specifically, 42 U.S.C. § 1981). The court has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367, if applicable.

The amount in controversy exceeds $75,000, which is a requirement for jurisdiction under 28 U.S.C. § 1332 because it pertains to matters involving a plaintiff from Texas and defendants also residing in Texas. As the plaintiff, Caitlin Weathers, was a citizen of Texas at the time of her employment and filing, and both defendants, Houston Methodist Hospital and Sunila Ali, are located within Texas, complete diversity is not necessary, and federal jurisdiction is appropriately established based on federal questions.

Defendant Houston Methodist Hospital is a non-profit corporation incorporated under Texas law and operates in Houston. Defendant Sunila Ali is a Texas resident employed within 100 miles of the workplace at 6565 Fannin St., Houston, TX, where all relevant events occurred. This establishes the court's jurisdiction over the parties and the subject matter of the case.

## IV.    STATEMENT OF FACTS

Plaintiff's Amended Complaint identifies Ali as the Neuro-ICU Director. ECF 66 at 3. Plaintiff began working as a Patient Care Assistant in the Neuro-ICU in June 2021 and, in August 2021, reported discrimination and harassment to Ali—Id at 4. On August 23, 2021, the Plaintiff met with Ali and Mariana Mondragon, a human resources employee, regarding her reports. Id. Exerting control over Plaintiff, Ali, and Mondragon placed Plaintiff on a performance improvement plan (PIP) but did not resolve her complaints. Id. On September 30, 2021, Plaintiff again reported harassment by a co-worker—Id, at 5. On October 4, 2021, Sunila Ali, acting "essentially the same" as Methodist, terminated the Plaintiff's employment. Id.

## V.    ISSUES PRESENTED

This 'Show Cause Brief' demonstrates why the court should not dismiss claims against Sunila Ali under 42 U.S.C. Section 1981.

1. **Plaintiff does not attempt to avoid the Fifth Circuit's ruling or abandon separate Title VII claims. Sunila Ali is a necessary party for a just resolution of the case.**

2. **Plaintiffs' allegations against Sunila Ali are sufficient to establish a plausible claim for Sunila Ali's liability in accordance with the Fifth Circuit Court of Appeals**

3. **Federal Rules of Civil Procedure 8 and 12 do not require Plaintiffs to plead legal theories in their complaints**

4. **Adding Sunila Ali as a defendant is procedurally permissible under Rule 15 of the Federal Rules of Civil Procedure**

## VI.    STATEMENT OF THE CASE

Plaintiff Caitlin Weathers, Proceeding *Pro Se* and *In Forma Pauperis,* is a white woman whom Methodist hired as a Patient Transporter in May 2019. In June 2021, Weathers started a

4

new position as a Patient Care Assistant in Methodist's Neurological Intensive Care Unit *under the Supervision of Sunila Ali*. ECF 62 at 2. In August 2021, Weathers texted Ali that her co-workers were harassing her and discriminating against her because of her race. After Ali failed to respond, Weathers e-mailed Mariana Mondragon in Human Resources (HR) about her concerns. On August 23, 2021, Plaintiff met with Ali and Mariana Mondragon about her reports and was placed on a Performance Improvement Plan without having her complaints resolved. On September 30, 2021, Plaintiff again reported harassment by a co-worker. Then, on October 4, 2021, Sunila Ali and Houston Methodist, acting in concert, terminated the Plaintiff's employment. ECF 66

      On November 16, 2022, Plaintiff filed an in-person employment discrimination complaint against Houston Methodist and Sunila Ali in the Southern District of Texas, Houston Division, with the Clerk of the Court. ECF 1. On October 10, 2023, the Southern District of Texas, Houston Division, abused its discretion in granting Defendants' Motion for Summary Judgment on the ground that Plaintiff's claims were time-barred. ECF 62 at 10. On appeal, the Fifth Circuit Court of Appeals found that the district court failed to consider relevant factors that should have been given significant weight. As such, the Fifth Circuit reversed the District Court's ruling and remanded Plaintiff's claims for further proceedings. ECF 62. However, any claims under Title VII were dismissed against Sunila Ali.

      Upon reopening this case after remand, the District Court entered new scheduling orders setting November 29, 2024, as the deadline for amending pleadings. ECF 63. On December 4, 2024, the District Court granted Plaintiff's timely Motion for Leave to Amend, submitted in person with the Clerk of the Court, and Plaintiff's unopposed Amended Complaint was docketed the same day. ECF 65; ECF 66. The Amended Complaint, in its current state, contains a clerical

error that omits the top of page 3, where the box for Title VII was checked when handed to the clerk. As is, the Amended Complaint contains only blank white space at the top of page 3, and neither a checked nor an unchecked box can be seen, as it was omitted by mistake of the clerk, who is identified as "mem4" in the docket text. ECF 66.

## VII.    SUMMARY OF ARGUMENT

The Defendant, Sunila Ali, discriminated against the Plaintiff, Weathers, based on race and retaliation. This discrimination involved taking adverse actions while in a supervisory role, as Sunila Ali exerted control over Weathers shortly after Weathers reported experiencing harassment and discrimination. Ultimately, this resulted in Weathers' termination from her position, a decision driven by Sunila Ali. These actions violate Title 42, Section 1981 of the U.S. Code.

The Plaintiff is a member of a protected class and has experienced discrimination due to her personal characteristics. Despite being qualified for her position, Weathers faced negative employment actions because Sunila Ali engaged in intentional discrimination. These actions were deliberate decisions motivated by prejudice. Sunila Ali's direct involvement in committing and causing discriminatory adverse actions is a central reason for a Section 1981 claim, which prohibits intentional race-based discrimination and retaliation. Sunila Ali was aware of a hostile work environment but dismissed Weathers' complaints of race-based discrimination and harassment, demonstrating deliberate indifference to illegal conduct.

## VIII.    ARGUMENT

1. **Plaintiff does not attempt to avoid the Fifth Circuit's ruling or abandon Title VII claims. Sunila Ali is a necessary party for a just resolution of the case.**

A. The amendment to include Sunila Ali as a defendant under Section 1981 is made in good faith and is not intended to undermine the higher court's decision. This new claim is based on the same set of facts and constitutes a legitimate expansion of the case, following the appellate court's recognition of Sunila Ali's supervisory authority. The decision to include Section 1981 claims against Sunila Ali is based on a legal distinction between statutes, rather than an attempt to evade the higher court's ruling. The higher court's decision specifically addressed supervisor liability under Title VII. Upon remand, it is the District Court's responsibility to consider any remaining issues, which may include new claims arising from the same operative facts for which the Plaintiff has a legal basis to pursue. In alignment with the higher court's decision, the addition of the Section 1981 claim is made in good faith to advance the case's merits and is a proper use of the amendment process. The higher court did not dismiss the facts of the case; instead, it based its decision on a specific legal point. The amendment does not relitigate the issue decided on appeal but instead pursues a different legal avenue. *McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)*

B. Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within a specified period. The standard emphasizes that amendments may be made freely when justice so requires, especially in cases where correcting a clerical error would enhance the clarity and accuracy of the pleadings without affecting the substantive rights of the parties involved. No leave from the court is necessary to correct a clerical error in the record, such as the omission of the checked box beside the Title VII claims in the Plaintiff's Amended Complaint Form. The District Court has the discretion to rectify clerical errors, including omissions, in its judgments or orders at any time. The court can make these corrections on its own, known as 'sua

sponte,' to ensure that its records are accurately maintained. It is important to note that clerical errors, like omissions, are not considered mistakes in legal reasoning or substance.

C. The standard for assessing the futility of an amendment involves the consideration of whether the amended claims would survive a motion to dismiss. Courts will assess whether the amendment is sufficiently compliant to state a plausible claim, adhering to the standards in *Bell Atlantic Cor V. Twombly, 550 U.S. 544 (2007); and Ashcroft v. Iqbal*. Here, the amendment is not futile because Sunila Ali is an appropriate defendant in this case. She qualifies as such because her conduct was "essentially the same" as that of Houston Methodist, as established in *Foley v. University of Houston Sys., 355 F.3d 333, 337 (5th Cir. 2003),* and she was personally involved in the intentional discrimination against Weathers. Sunila Ali participated in this discrimination by taking direct, adverse actions against Weathers based on her protected characteristics. These actions were not accidental; they were deliberate choices driven by prejudice. Supervisors can be considered proper parties in a Section 1981 claim when they are directly involved in discriminatory acts, whether through inaction on complaints or by allowing a hostile environment to continue. Sunila Ali was not merely a co-worker; she exercised supervisory authority over the plaintiff, Caitlin Weathers, as noted in *Miller v. Wachovia Bank, N.A., 541 F. Supp. 2d 858, 862-63 (N.D. Tex. 2008)*. Evidence that Sunila Ali exercised control over Caitlin Weathers is reflected in the defendant's rationale for termination, which was based on negative performance evaluations used to discipline Weathers. Sunila Ali leveraged these evaluations to control Weathers in proximity to protected activity.

**2. <u>Plaintiffs' allegations against Sunila Ali are sufficient to establish a plausible claim for Sunila Ali's liability in accordance with the Fifth Circuit Court of Appeals</u>**

Defendant Sunila Ali was willfully negligent and deliberately disregarded her duties through her actions and/or omissions within her role as a director holding supervisory duties over Plaintiff Caitlin Weathers. *Randle v. City of Aurora (1995)* Plaintiffs have a right to bring claims against individual Defendants under Section 1981. *Crosby v. City of Gastonia, 635 F. 3d 634 (4th Cir. 2011)*. Specifically, Defendant was deliberate and willfully negligent in, but not limited to, the following:

A.  Unequal Treatment: Under the *McDonnell Douglas v. Green (1973)* framework*,* to establish a claim for unequal treatment, the Plaintiff must show that they were treated differently or unfairly and that this differential treatment was based on a protected characteristic. The legal standard assesses whether the treatment aligns with discriminatory intent or motive that violates civil rights laws under 42 U.S.C. 1981. This applies here as Sunila Ali subjected the plaintiff, Weathers, to unfair scrutiny of her work and created a negative paper trail that could justify termination. This situation disproportionately affects Weathers, who belongs to a protected category as a non-Hispanic white, the only racial demographic that is statistically declining in the Houston-Harris County area. EXHIBIT A. The Performance Improvement Plan initiated against her was inadequate. It represented excessive discipline, especially considering that Sunila Ali failed to fulfill her supervisory duties, including failure to provide the specific unit requirements outlined in the job description and required by Houston Methodist's accreditation agency since 2009, *Det Norske Veritas*. Section 1981 prohibits racial discrimination in employment, and an allegation of unequal treatment directly evokes the protections under this statute. *Johnson c. Railway Express Agency, Inc., 421 U.S. 454 (1975)*

Facts to Claims:

A.1

9

Fact - The plaintiff began her job as the only white employee in her role as a Patient Care Assistant in the Neuro-ICU in June 2021, establishing an employment relationship with the hiring director, Sunila Ali. In August 2021, Plaintiff reported incidents of discrimination and harassment to Ali. On August 23, 2021, the plaintiff met with Ali and Mariana Mondragon, a human resources employee, to discuss her reports. During this meeting, the Plaintiff was informed that a handbook outlining unit-specific requirements "does not exist," despite its existence being stated in the job description.

Claim- Sunila Ali's failure to implement unit-specific requirements as outlined in the job description constitutes willful negligence, prejudice, and deliberate discrimination. This deviation from standard policies violates the guidelines established by Houston Methodist Hospital's accreditation agency, *Det Norske Veritas*. This deliberate act demonstrates unequal treatment compared to other teams.

A.2

Fact- On August 23, 2021, the Plaintiff met with Ali and Mariana Mondragon, a human resources employee, to discuss her reports. During this meeting, Ali and Mondragon exerted control over the Plaintiff by placing her on a Performance Improvement Plan (PIP), but they did not address her complaints.

Claim- Sunila Ali informed the Plaintiff that she was meeting with human resources to address her complaints of harassment and discrimination. However, instead of resolving these complaints, she placed the Plaintiff on a Performance Improvement Plan. Sunila Ali's inconsistent explanations reveal a pretext for discriminatory motives.

A.3

Fact - In June and August 2021, the Plaintiff reported incidents of discrimination and harassment to Sunila Ali. On August 23, 2021, Ali, in her role as the Plaintiff's supervisor, placed the Plaintiff on a Performance Improvement Plan, despite the Plaintiff having received positive reviews from their previous supervisor.

Claim- The close temporal proximity between Plaintiff's protected activity (complaints of harassment and discrimination) and the adverse employment action (PIP) creates a strong inference that the disciplinary action was motivated by prejudice and discrimination.

A.4

Fact- Sunila Ali claims the Plaintiff was terminated for poor performance, but the Plaintiff was a high-performing employee in the years leading up to the termination.

Claim – Previous performance reviews contradict Sunila Ali's stated reason for termination, suggesting that this rationale is a false pretext for discrimination.

Fact- On October 4, 2021, Sunila Ali exercised control over Plaintiff Caitlin Weathers in her role as a PCA. Exhibit B

B.  Retaliation: The standard for retaliation claims entails demonstrating that the Plaintiff engaged in a protected activity and the Defendant took an adverse action against the Plaintiff as a result. There must be a causal connection between the protected activity and the retaliation. Proximate cause can be the "but-for" cause to meet this standard as established by the Supreme Court in the case of *University of Tex. Sw. Med. Ctr. V. Nassar, 570 U.S. 338 (2013)*. This applies here, as shortly after Plaintiff Caitlin Weathers filed reports of discrimination and harassment, Sunila Ali, as manager or supervisor, wrote negative performance reviews in adverse action to the reports despite Plaintiff Caitlin Weathers having received previous positive reviews, with the negative reviews coming suspiciously soon after Plaintiff Caitlin Weathers engaged in protected activity.

The Plaintiff's internal reports of discrimination and harassment constitute protected activity, and the subsequent adverse employment actions corroborate a retaliation claim. Any adverse employment action taken against an employee after they engage in protected activity can constitute retaliation. *Burlington N. & Santa Fe Ry. Co. v. White (2006).*

    <u>Facts to Claims:</u>

B.1

Fact – Plaintiff engaged in protected activity

Evidence- Plaintiff filed internal complaints of discrimination and harassment throughout August 2021.

B.2

Fact- Employer took adverse action

Evidence: Termination on October 4, 2021, and negative performance reviews as part of the performance improvement plan, as well as allegations of creating a hostile work environment, as complaints of harassment were left unresolved throughout August and September.

B.3

Fact- Adverse action would not have occurred without the protected activity

B.1, B.2, B.3 Evidence- Suspicious timing as temporal proximity between the protected activity and the adverse action exists where termination occurred 4 days after the last September 30, 2021, complaint of ongoing harassment. This, in concert with evidence of pretext and disparate treatment, shows that Weathers was treated differently and adversely.

C. Discriminatory Termination: The termination of Caitlin Weathers by Sunila Ali was pretextual, racially motivated, and constituted retaliation. The justification provided by Sunila Ali for firing Caitlin is unjust, particularly because it occurred shortly after Caitlin engaged in a protected

12

activity. Sunila Ali's actions directly impacted Caitlin's employment status. As a supervisor, she can be held liable for discriminatory practices related to her role. In the case of *Pacheco v. Mineta*, *448 F.3d 783 (5th Cir. 2006),* it is established that such liability can arise. The defendant engaged in discriminatory disciplinary actions and displayed inconsistencies in the workplace. Official company policies outlining unit-specific requirements were never provided to Caitlin. When she requested an employee handbook, Sunila Ali informed her that "none existed." This lack of a formal handbook meant that the rules enforced in Caitlin's Performance Improvement Plan were inconsistent across teams, suggesting that judgments were based on prejudice rather than established policy. The deviation from normal procedures, combined with the suspicious timing of the termination and historical context, shows a disproportionate impact on Caitlin as a member of a protected class, especially since she was the only employee in her job role of her race. These elements, taken together, provide sufficient circumstantial evidence to support a claim of discriminatory termination when considering the "totality of circumstances," which cumulatively reveal a discriminatory motive. The reason offered by Sunila Ali for Caitlin's alleged poor performance is a plausible pretext for discrimination.

D. Harassment: When determining claims for a hostile work environment, the court evaluates whether the defendant's conduct was unwelcome, based on a protected characteristic, and whether it affected the terms and conditions of employment. In this case, Defendant Sunila Ali was aware of a hostile work environment, as evidenced by the reports made by Plaintiff Caitlin Weathers. However, Ali dismissed Weathers' complaints of discrimination and harassment, demonstrating deliberate indifference. This response resulted in a harmful tangible employment action that falls under both racially motivated discrimination and retaliation as outlined in Section 1981.

Defendant Sunila Ali's acts and/or omissions constitute a failure to use due care as described above. Defendant's failure to use due care was a proximate and producing cause of Plaintiff's injuries and damage as described in the Amended Complaint. ECF 66. Defendant is therefore liable to Plaintiff for her personal injuries and damage sustained as a direct result of Defendant's willful negligence and the intentional adverse actions taken against her.

**3.** **Federal Rules of Civil Procedure 8 and 12 do not require Plaintiffs to plead legal theories in their complaints**

Under Federal Rule of Civil Procedure 8, the Plaintiff is not required to plead specific legal theories. Instead, it is sufficient to provide a short and plain statement showing that the pleader is entitled to relief. This standard focuses on whether the allegations provide the Defendant with enough notice of the claims being made. To establish individual liability for a manager or supervisor, in this case, the plaintiff doesn't need to specify legal theories in the pleadings. Instead, the focus is on the manager's actions or omissions that contributed to the alleged harm. This approach considers factors such as the supervisor's authority, direct involvement, and relevant policies. This understanding enables a more comprehensive evaluation of accountability and the surrounding circumstances of the case. A complaint's factual allegations, not its legal theories, are the deciding factors. *Johnson v. City of Shelby (2014); Bell Atlantic Corp. v. Twombly; Ashcroft v. Iqbal*. The underlying principle is that the parties' chosen legal arguments do not bind the court; instead, the court has a duty to apply the proper governing law to the issues and claims presented.

**4.** **Adding Sunila Ali as a defendant is procedurally permissible under Rule 15 of the Federal Rules of Civil Procedure**

Under Rule 15 of the Federal Rules of Civil Procedure, plaintiffs are granted latitude to amend their pleadings to add parties as necessary. This rule facilitates justice by allowing parties to correct oversights and ensure all relevant actors are held accountable. Since the allegations against Ali are integral to the plaintiff's claims, the procedural addition is justified and complies with federal amendment guidelines. Adding Sunila Ali as a defendant in the Amended Complaint is procedurally permissible under Rule 15, given the necessary adjudication of Sunila Ali as a relevant party involved in the alleged discriminatory practices. *Sanchez v. Teco Energy, Inc., 57 F 3d 563 (5th Cir. 1995)*

## IX.    <u>CONCLUSION</u>

Considering the foregoing, the claims against Defendant Sunila Ali under 42 U.S.C. Section 1981 are both warranted and necessary for ensuring accountability and justice. Plaintiff Caitlin Weathers has demonstrated that she experienced discrimination and retaliation during her employment, and that Ali played a significant role in the failure to address these issues, ultimately leading to her wrongful termination. This 'Show Cause Brief' substantiates the allegations against Ali and highlights her role as a necessary party in this case. The procedural requirements to amend the complaint are met, and removing Ali from the proceedings would undermine the Plaintiff's ability to seek redress for the harm suffered. Therefore, it is respectfully requested that the court deny any motion for dismissal regarding claims against Sunila Ali and allow this case to proceed, allowing the Plaintiff to fully present her allegations and seek the recovery to which she is entitled under federal law.

Respectfully submitted,

Caitlin Weathers
*Pro Se & Informa Pauperis Plaintiff*

15

9/2/2025
Phone: 832-314-6357
Email: j.weathersca@gmail.com
2616 Erwin Rd., 2218
Durham, NC 27705

## X.    CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September 2025, a true and correct copy of the foregoing Plaintiff's Show Cause Brief was served upon all parties of record, through electronic filing and email, as follows:

Houston Methodist Hospital, Et. Al.

Represented By:

Scott Patton PC

5301 Katy Freeway, Suite 201

Houston, Texas 77007


Dated: September 2, 2025

Caitlin Weathers

2616 Erwin Rd., 2218

Durham, NC 27705

Email: J.weathersca@gmail.com

Phone: 832-314-6357

## XI.    <u>CERTIFICATE OF COMPLIANCE</u>

I, Caitlin Weathers, hereby certify that the foregoing document complies with the formatting rules of the Southern District of Texas District Court, including the type size and margins. This document has been prepared in 12-point Times New Roman font, double-spaced, and has margins of at least 1 inch on all sides.

Respectfully submitted,

Caitlin Weathers

2616 Erwin Rd., 2218

Durham, NC 27705

Email: J.weathersca@gmail.com

Phone: 832-314-6357

09/02/2025

# EXHIBIT A

## Race\Ethnicity: 1980 - 2010
## City of Houston

 PLANNING & DEVELOPMENT DEPARTMENT

*Source: 1980-2000, 2010 PL94-171 Data, US Census Bureau*
*Date: July 5, 2012*

*Note: Asian* includes American Indian and Alaska Native, Native Hawaiian and Other Pacific Islander populations*

| Race\Ethnicity | Census 1980 | Census 1990 | Census 2000 | Census 2010 | Numerical Change 1980-1990 | Numerical Change 1990-2000 | Numerical Change 2000-2010 | Numerical Change 1980-2010 |
|---|---|---|---|---|---|---|---|---|
| Total Population | 1,595,138 | 1,631,766 | 1,953,631 | 2,099,451 | 36,628 | 321,865 | 145,820 | 504,313 |
| White | 834,061 | 662,766 | 601,851 | 537,901 | (171,295) | (60,915) | (63,950) | -296,160 |
| Black or African American | 436,392 | 448,148 | 487,851 | 485,956 | 11,756 | 39,703 | (1,895) | 49,564 |
| Hispanic or Latino | 281,331 | 450,556 | 730,865 | 919,668 | 169,225 | 280,309 | 188,803 | 638,337 |
| Asian* | 34,259 | 66,993 | 106,620 | 129,098 | 32,734 | 39,627 | 22,478 | 94,839 |
| Other | 9,095 | 3,303 | 26,444 | 26,828 | (5,792) | 23,141 | 384 | 17,733 |

# EXHIBIT B

## DOCUMENTATION OF TERMINATION

REVIEW AND APPROVAL OF ALL SUPPORTING DOCUMENTATION WITH HUMAN RESOURCES AND
SECOND LEVEL MANAGEMENT IS REQUIRED PRIOR TO INITIATING ANY TERMINATION. *

| Employee Name: | Caitlin Weathers | Entity: | HMH-Main | Effective Date: | 10/4/2021 |
|---|---|---|---|---|---|
| Job Title: | PCA | Dept: | NICU | Employee ID: | 1061235 |

**Termination Reason (check one):**        CONDUCT ☐        PERFORMANCE ☒
Detailed description of events :

**DETAILS OF ISSUE(S):** Violation of Policy HR01 - Managing for Performance – Poor Performance – failure to fulfill the employer's standards and expectations required to perform the essential functions of their job. In the event competence is a root cause for an adverse event, management will explore remediation through performance improvement plan coaching and/or education/training as determined appropriate.

**Most Recent Incident:**
On 9/30/2021, Ms. Caitlin Weathers had beds 29-37.  She was rounding on her side to pick up trash and dirty linens and noticed patient in bed 31 Ms. BB had their SCDs off. Ms. Caitlin asked the nurse about them being off. The nurse explained that the patient is agitated/restless, and she is giving patient break from SCDs. This patient had been restless and agitated all day. In front of the patient's sister, Caitlin continued to talk about turning SCDs on. Nurse explained to Caitlin that the SCDs been on all day, even the husband requested to turn them off for short period of time. The nurse asked if they can step out of the room to continue this conversation.  Even outside the room Caitlin kept insisting the nurse should turn the SCDs on. Even Charge Nurse explained that there was a reason the SCDs were off and it is best to always check with the nurse first. The charge nurse made the observation that Caitlin was unable to comprehend the explanation provided as she kept arguing that the SCDs should be on, instead of understanding patient's need and condition.

Ms. Caitlin failed to meet PIP and DCR expectation of unable to comply with instructions provided by nurses, performing out of PCA scope of practice and contributing to a disruptive work environment.

Pursuant to Policy HR01 - Managing for Performance, Caitlin Weather employment with Houston Methodist is being terminated effective immediately.

**HISTORY:**
- PIP – 8/23/2021
- DCR – 8/23/2021

*Ms. Caitlin refused to sign this document.*

| | | |
|---|---|---|
| Employee Signature: | Date: | 10/4/2021 |

NOTE: Employee signature does not indicate agreement with this report, only acknowledgement of receipt.

| | | |
|---|---|---|
| Human Resources Signature: | Mariana Mondiagon | Date: 10/4/2021 |
| Supervisor's Signature: | | Date: 10/4/2021 |
| Second Level Signature: | | Date: |

Caitlin Weathers_1061235_Term Performance_10-01-21                    Human Resources – Original

HMH 00203