IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-04085 |
| | § | |
| HOUSTON METHODIST HOSPITAL, *et al.*, | § | |
| | § | |
| *Defendant*. | § | |

**HOUSTON METHDIST'S RESPONSE TO PLAINTIFF'S SHOW CAUSE BRIEF**

Defendant, Houston Methodist Hospital ("Houston Methodist"), hereby responds to Plaintiff's Show Cause Brief.[1]

**BACKGROUND**

This is an employment case. Plaintiff filed her Original Complaint on November 20, 2023 against Houston Methodist and Sunila Ali ("Ali").[2] Houston Methodist filed its Motion for Summary Judgment seeking dismissal of Plaintiff's claims on May 22, 2023.[3] On October 10, 2023, this Court granted Houston Methodist's Motion for Summary Judgment, dismissing Plaintiff' claims against Houston Methodist and Ali, with prejudice.[4]

After reinstatement of this case post-appeal and remand, Plaintiff filed her First Amended Complaint, on December 4, 2024.[5] In the First Amend Complaint, Plaintiff added,

---

[1] Dkt. No. 105.

[2] Dkt. No. 1.

[3] *See* Dkt. No. 31.

[4] *See* Dkt. No. 50.

[5] Dkt. No. 66.

among other items, a cause of action under 42 U.S.C. § 1981 against Sunila Ali ("Ali"), individually.[6] Houston Methodist filed its Rule 12(e) Motion for More Definite Statement on December 10, 2024.[7] Plaintiff responded to Houston Methodist's Rule 12(e) Motion for More Definite Statement on December 30, 2024.[8] Houston Methodist filed its Reply in Support of Rule 12(e) Motion for More Definite Statement on January 6, 2025.[9]

On August 13, 2025, the Court granted Houston Methodist's Rule 12(e) Motion for More Definite Statement.[10] In the order, the Court dismissed, with prejudice, Plaintiff's claims for violation of Chapter 32 of the Texas Penal Code, Houston Ordinance Executive Order 1050, and the TCHRA against Ali. The Court also ordered Plaintiff to "show cause why Plaintiff should be permitted to assert a new claim under § 1981 against Ali, including cause for being able to, in good faith, plead sufficient facts to state a plausible claim for Ali's individual liability under § 1981 in accordance with Fifth Circuit standards."[11] Evidently in response to the Court's order, Plaintiff filed her Show Cause Brief on September 2, 2025.[12]

## ARGUMENT AND AUTHORITY

Plaintiff's Show Cause Brief amounts to nothing more than a disagreement with the Court's Order granting Houston Methodist's Rule 12(e) Motion or, at best construing it

---

[6] In addition to the § 1981 claims against Ali, Plaintiff added claims against Houston Methodist under Chapter 32 of the Texas Penal Code, Houston Ordinance Executive Order 1050, and claims against Houston Methodist and Ali under the Texas Commission on Human Rights Act ("TCHRA").

[7] Dkt. No. 67.

[8] Dkt. No. 68.

[9] Dkt. No. 72.

[10] Dkt. No. 98.

[11] *Id.* at p. 10.

[12] Dkt. No. 105.

liberally, a motion for reconsideration of the Court's ruling. In any event, Plaintiff's brief "do[es] little to illuminate any factual basis for the Plaintiff's claims"[13] under § 1981 against Ali. Instead, as the Court has observed, Plaintiff continues to rely on pure conclusion and subjective belief to support "generic allegations that Plaintiff suffered discriminatory termination of employment, unequal terms and conditions of employment, retaliation, and harassment and hostile work environment."[14]

More specifically, the Court observed that Plaintiff's "alleged facts fail to show that Ali was 'essentially the same' as Methodist because she exercised of control over Plaintiff. The Amended Complaint fails to allege that Ali was personally involved in any harassing conduct. See ECF 66 at 5 (stating 'From April 1, 2021, until my termination, I was harassed by Cameron Shonk, Sharon Agway, Cassie Hull, and Amanda Ronning.'). The Amended Complaint fails to allege that Ali made the decision to terminate Plaintiff's employment."[15] In her Show Cause Brief, Plaintiff fails to address any of these deficiencies.

In her Show Cause Brief, Plaintiff attempts to enhance the allegations the Court has already found short to plausibly allege Ali was "essentially the same" as Houston Methodist by merely re-adorning them with the conclusory phrase "exerted control" or other similar verbiage.[16] Simply adding conclusory, qualifying language to her pleadings allegations does

---

[13] *Sims v. Champion*, 2017 WL 2951446, *1 (N.D. Miss. July 7, 2017) (describing *pro se* plaintiff's response to court's order to show cause highlighting the deficiencies in the plaintiff's pleading).

[14] Dkt. No. 98, p. 8.

[15] *Id.* at pp. 9-10.

[16] *See, e.g.*, Dkt. No. 105, p. 4 ("Exerting control over Plaintiff, Ali, and Mondragon placed Plaintiff on a performance improvement plan (PIP) but did not resolve her complaints."); *Id.* at p. 8 ("Evidence that Sunila Ali exercised control over Caitlin Weathers is reflected in the defendant's rationale for termination, which was based on negative performance evaluations used to discipline Weathers."); *Id.* at p. 10 ("On August 23, 2021, the Plaintiff met with Ali and Mariana Madragon, a human resources employee, to discuss her reports. During this meeting, Ali and Madragon exerted control

3

nothing to show the Court that Plaintiff can plausibly allege Ali was "essentially the same" as Houston Methodist for § 1981 purposes.[17]

Relatedly, Plaintiff overlooks the fact that it is not enough to allege Ali exercised control over Plaintiff, but she must plausibly allege that Ali also engaged in the discriminatory conduct at issue.[18] As the Court observed, Plaintiff only complains that Cameron Shonk, Sharon Agway, Cassie Hull, and Amanda Ronning engaged in behavior that Plaintiff claims was racially discriminatory.[19] Plaintiff's Show Cause Brief does not address or refute the Court's observation on this point.

Plaintiff, further, failed to allege that Ali made the decision to terminate Plaintiff's employment.[20] At best, in her Show Cause Brief Plaintiff claims her termination was "a decision driven by Sunila Ali."[21] Plaintiff also concludes that "she experienced discrimination and retaliation during her employment, and that Ali played a significant role in the failure to address these issues, ultimately leading to her wrongful termination."[22] But Plaintiff fails to show the Court how she can support these bare conclusions with any factual allegations. And even if these allegations are true, they fail to show Ali made the decision to terminate Plaintiff but, rather, at best that she was involved to some extent with others in the process that led to

---

over the Plaintiff by placing her on a Performance Improvement Plan (PIP), but they did not address her complaints."); *Id.* at p. 11 ("Fact-On October 4, 2021, Sunila Ali exercised control over Plaintiff Caitlin Weathers in her role as a PCA.").

[17] *Minor v. Jackson Mun. Airport Auth., ("JMAA")*, 2016 WL 4869696, *3 (S.D. Miss. Sept. 13, 2016).

[18] *Foley v. University of Houston Sys.*, 355 F.3d 333, 337 (5th Cir. 2003).

[19] Dkt. No. 98, pp. 9-10.

[20] *Ibid.*

[21] Dkt. No. 105. p. 6.

[22] *Id.* at p. 15.

4

Plaintiff's termination. This is not enough to plausibly allege Ali was "essentially the same" as Houston Methodist in terminating Plaintiff's employment.

Continuing further, "§ 1981 . . . can be violated only by purposeful discrimination."[23] Generalized allegations regarding alleged disparate treatment are not specific enough to plead discriminatory intent.[24] "An allegation that similarly situated non-minorities received better treatment 'could create the necessary inference and set the predicate for establishing the section 1981 claim.'"[25] But neither Plaintiff's pleading nor her Show Cause Brief even attempt to allege the existence of similarly-situated employees, outside of Plaintiff's protected class, who received allegedly more favorable treatment from Ali than did Plaintiff. Rather, what Plaintiff seems to argue by her oft-repeated allegation that Ali failed to implement unit-specific requirements within the Neuro-ICU unit is that this failure led to unequal treatment of the employees in the Neuro-ICU team "*compared to other teams.*"[26]

Plaintiff's Show Cause Brief does not help her in displaying to the Court that her she has or can plausibly plead the requisite intent on Ali's part. Evidently in an attempt to connect her coworkers' alleged actions to Ali, Plaintiff argues Ali "was willfully negligent and deliberately disregarded her duties through her actions and/or omissions within her role as director holding supervisory duties over Plaintiff Caitlin Weathers."[27] But, again, § 1981 only provides redress for intentional discrimination.[28] Plaintiff's willful negligence and deliberate

---

[23] *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982).

[24] *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 (5th Cir. 2017).

[25] *Id.* at 386 (quoting *Crosby v. Kilgore*, 9 F.3d 104, 1993 WL 481800, *1 (5th Cir. 1993)).

[26] Dkt. No. 105, p. 10 (italics added).

[27] Dkt. No. 105, p. 9.

[28] *General Bldg. Contractors*, 458 U.S. at 391.

indifference theories are insufficient to plausibly allege intentional racial discrimination on Ali's part.[29]

This Court has previously considered a case with similar allegations, *Thomas v. Grundfos*.[30] In *Grundfos*, the plaintiff sued his former employer for employment discrimination and retaliation under Title VII and the TCHRA.[31] In his second amended complaint, the plaintiff added causes of action for retaliation under § 1981 against several individuals, including Henrik Baek and Astrid Friis.[32] Baek and Friis moved to dismiss the plaintiff's § 1981 causes of action against them, asserting the plaintiff's allegations were insufficient to plausibly allege individual liability under § 1981.[33] After reviewing the Fifth Circuit's holding in *Foley* and its progeny, this Court observed:

> Plaintiff's Second Amended Complaint does not allege that Baek or Friis were personally involved in any discriminatory or retaliatory actions against him. The Complaint alleges: (1) that "the investigation [of his internal complaint of discrimination] was conducted by Atrid [sic] Norgaard Fris [sic], and Henrik Baek from Grundfos corporate;" (2) "no investigation was done on the discrimination and retaliation issues by Atrid Norgaard Fris and Henrik Baek; (3) "I contacted Hentik [sic] Baek by phone about the matter and nothing was done"; and (4) "I informed Atrid Norgaard Fris and Henrik Baek of threat Billy Baxter made to me." While assumed to be true, these allegations fail to state a § 1981 race discrimination or retaliation claim against Baek and/or Friis individually.[34]

---

[29] *See, e.g.*, *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 80 (2d Cir. 2021) (allegations of deliberate indifference insufficient to plausibly state a claim of intentional discrimination under § 1981); *Zaidi v. Amerada Hess Corp.*, 723 F. Supp. 2d 506, 517 (E.D.N.Y. 2010) (negligent conduct insufficient to impose liability under § 1981).

[30] *Thomas v. Grundfos, CBS*, 2019 WL 7838172 (S.D. Tex. Sept. 20, 2019), *report and recommendation adopted*, 2020 WL 553665 (S.D. Tex. Feb. 4, 2020), *aff'd sub nom.*, *Thomas v. Grundfos, CBS*, 2021 WL 4693055 (5th Cir. Oct. 7, 2021).

[31] *Id.* at *1.

[32] *Ibid.*

[33] *Ibid.* The motion to dismiss in *Grundfos* was filed post-answer, so this Court treated the motion as one under Rule 12(c) applying the identical analysis as that used under Rule 12(b)(6).

[34] *Thomas v. Grundfos, CBS*, 2019 WL 7838172, *2 (S.D. Tex. Sept. 20, 2019), *report and recommendation adopted*, 2020 WL 553665 (S.D. Tex. Feb. 4, 2020) (internal record citations omitted), *aff'd sub nom.*, *Thomas v. Grundfos, CBS*, 2021 WL 4693055 (5th Cir. Oct. 7, 2021).

This Court's conclusion is equally applicable here—as it has already rightfully observed in its Order—despite Plaintiff's protests in her Show Cause Brief. Plaintiff has not sufficiently shown to the Court how she can plausibly allege that Ali acted "essentially the same" as Houston Methodist with respect to the conduct of which Plaintiff claims.

## CONCLUSION

Based upon all of the foregoing, the Court should dismiss Plaintiff's § 1981 causes of action against Ali, with prejudice, because cannot show she can plausibly allege that Ali acted "essentially the same" as Houston Methodist, and any further amendment to her pleadings on this point would be futile.

Respectfully submitted,

By: /s/ Daniel Patton
Daniel Patton
S.D. Tex. Admission No. 26200
Texas Bar No. 24013302
dpatton@scottpattonlaw.com

ATTORNEY IN CHARGE FOR HOUSTON METHODIST

OF COUNSEL:

Michael K. Burke
S.D. Tex. Admission No. 24356
Texas Bar No. 24012359
mburke@scottpattonlaw.com
LUCAS D. NOVICK
S.D. Tex. Admission No. 3777679
Texas Bar No. 24125819
lnovick@scottpattonlaw.com
SCOTT PATTON PC
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone:  (281) 377-3311
Fax:    (281) 377-3267

## CERTIFICATE OF SERVICE

      I certify that on September 16, 2025, a true and correct copy of *Defendant's Response to Plaintiff's Show Cause Brief* was served on all counsel and parties of record by the Court's ECF filing system and email in accordance with the Federal Rules of Civil Procedure and the parties' agreement.

Caitlin Weathers<br>
2616 Erwin Rd., #2218<br>
Durham, North Carolina 27705

*Pro Se Plaintiff*

/s/ Daniel Patton
Daniel Patton