IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAITLIN WEATHERS, <br> *Plaintiff,* <br><br> V. <br><br> HOUSTON METHODIST HOSPITAL, ET AL., <br> *Defendants.* | § <br> § <br> § <br> §    CIVIL ACTION NO. 4:22-CV-4085 <br> § <br> § <br> § |

# **ORDER**

On June 9, 2025, the Court granted Plaintiff leave to "appear remotely for Court settings and conferences other than trial unless the Court orders otherwise."[1] ECF 88.  The Court expressly declined to rule at that time on Plaintiff's request to attend her deposition remotely and ordered the parties to confer.  *Id.*  On August 13, 2025, the Court terminated multiple motions and letter requests seeking a discovery dispute conference, partly due to intervening Court orders and partly because the parties were not engaging in meaningful conversations or attempting to resolve disputes without Court involvement.  *See* ECF 101.  Plaintiff now seeks clarification of the Court's August 13, 2025 Order.  ECF 103.

---

[1] The parties consented to the jurisdiction of this Magistrate Judge for all purposes including final judgment.  ECF 25.

Plaintiff argues that Defendants' insistence that she appear in person for deposition and the Court's August 13, 2025 Order conflict with the Court's May 2025 Order permitting her to appear remotely for court settings and conferences. *Id.* There is no conflict between the Court's Orders. The Court did not grant Plaintiff leave to appear remotely for her deposition, a proceeding which is neither a "court setting" nor a "conference."

Generally, a plaintiff must sit for her deposition in the forum in which she brought the action. *Leamon v. KBR, Inc.*, No. CV H-10-253, 2011 WL 13340583, at *1 (S.D. Tex. Nov. 1, 2011) (citations omitted). Having chosen the forum, "it is the plaintiff who is generally required to bear any reasonable burdens of inconvenience that the action represents." *Deugoue v. Trans Union LLC*, No. 1:23-CV-00753-RP, 2024 WL 3730654, at *1 (W.D. Tex. Aug. 7, 2024). However, a Court has discretion to issue a protective order under Federal Rule of Civil Procedure 26(c) if good cause, such as undue burden, warrants an exception to the general rule. *Leamon*, 2011 WL 13340583, at *1. In addition, Federal Rule of Civil Procedure 30(b)(4) provides that the parties may stipulate, or the court may order, that a deposition be taken by remote means.

Plaintiff is proceeding in this case pro se and in forma pauperis. Plaintiff recently started a new job in Durham, North Carolina. The discovery deadline in this case is November 14, 2025, and as far as the Court is aware no depositions have

been taken. Because the parties have been unable to communicate effectively and reach agreements on simple issues, the Court must issue an order to facilitate the discovery process. To be clear, Plaintiff must appear in person for any trial of this case. However, good cause exists for allowing the pro se, in forma pauperis Plaintiff to appear for her deposition by video from North Carolina. Alternatively, Defendant may choose to take Plaintiff's deposition in person in North Carolina. It is therefore

ORDERED that Defendants may choose either to depose Plaintiff by Zoom or other video platform, or take Plaintiff's deposition in person in Durham, North Carolina. If Defendants choose to conduct the deposition by video, no party other than Plaintiff and a court reporter may be in the room during Plaintiff's deposition. In addition, Plaintiff may not operate her electronic devices when being questioned during the deposition. If Defendants' counsel chooses to travel to North Carolina, at the request of either party, the Court will attempt to facilitate the taking of the deposition in the John Hervey Wheeler Courthouse, 323 E. Chapel Hill Street, Durham, NC 27701. It is further

ORDERED that Plaintiff must appear for her deposition prior to taking the 30(b)(6) deposition of Defendant or a deposition of Sunali Ali. Depositions of defense witnesses may also be conducted remotely. It is further

ORDERED that all deadlines in the Amended Scheduling Order, including the November 14, 2025 discovery deadline, remain in place at this time.

Signed on October 02, 2025, at Houston, Texas.

                                                Christina A. Bryan
                                      United States Magistrate Judge