United States District Court
Southern District of Texas

**ENTERED**

October 02, 2025

Nathan Ochsner, Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-CV-4085 |
| | § | |
| HOUSTON METHODIST | § | |
| HOSPITAL, ET AL., | § | |
| *Defendants.* | § | |

## ORDER

This is an employment discrimination case with a lengthy procedural history.[1] On August 13, 2025, the Court granted Defendants' Motion for More Definite Statement, dismissed some of Plaintiff's claims with prejudice, and ordered Plaintiff to show cause why she should be permitted to replead claims against individual Defendant Suni Ali. ECF 98. Plaintiff has filed her Show Cause Response (ECF 105) and Defendants have replied to her Response. ECF 106. In sum, the Court finds Plaintiff has satisfied her burden to show cause for leave to file a Second Amended Complaint amending her Title VII claims against Houston Methodist[2] and asserting a § 1981 claim against Ali. This ruling is without prejudice to future Motions for Summary Judgment.

---

[1] The parties consented to the jurisdiction of this Magistrate Judge for all purposes including final judgment. ECF 25.

[2] The Court noted in its August 13, 2025 Order that Plaintiff did not check the box for "Title VII" on the form Complaint and appeared to be pursuing her claims under § 1981. ECF 98 at 7. Plaintiff responded that the absence of the checked box on the docketed form is merely a "clerical error." ECF 105 at 7. Upon review, it does appear that the top of the page where the box should be located, ECF 66 at 3, is cut off on the docketed version. Therefore, the Court accepts Plaintiff's representation that she has not abandoned her Title VII claims against Houston Methodist.

## I.     Procedural background.

Plaintiff, proceeding pro se and in forma pauperis, filed on November 16, 2022 a form "Complaint Under Title VII of the Civil Rights Act of 1964" against Houston Methodist Hospital (Methodist) and Sunila Ali.  ECF 1.  On October 10, 2023, the Court granted Defendants' Motion for Summary Judgment on grounds that her claims were time-barred and, as to Sunila Ali, because individuals are not liable under Title VII.  ECF 50. On appeal, the Fifth Circuit reversed the Court's ruling as to the statute of limitations, affirmed the Court's ruling dismissing claims against Ali, and remanded the case to this Court for further proceedings.  ECF 61.

After remand, the Court entered an Amended Scheduling Order, setting a November 29, 2024 pleading amendment deadline.  ECF 63.  On December 4, 2024, the Court granted Plaintiff's timely Motion for Leave to Amend and Plaintiff's Amended Complaint was docketed the same day.   ECF 65; ECF 66.   Despite the Fifth Circuit's affirmance of dismissal of Plaintiff's claims against Defendant Sunila Ali, Plaintiff's Amended Complaint continued to identify Ali as a Defendant.  The Amended Complaint also asserted non-viable claims under the Texas Penal Code and a Houston Ordinance and added new claims under Chapter 21 of the Texas Labor Code (TCHRA) and 42 U.S.C. § 1981.  ECF 66.  With leave of Court, Defendants filed a Motion for More Definite Statement.  ECF 67.

On August 13, 2025, the Court issued an Order characterizing Plaintiff's Amended Complaint as a "shotgun pleading" and ordering Plaintiff to replead.  ECF 98 at 5.   The

Court also dismissed with prejudice Plaintiff's claims under the Texas Penal Code, City of Houston Executive Order 1-50, and under TCHRA against Ali. *Id.* at 6-7. The Court described the deficiencies in Plaintiff's pleading with respect to her § 1981 claims, including the factual deficiencies in her allegations against Dr. Ali individually. *Id.* at 7-10. Specifically, the Court ordered that, before Plaintiff would be permitted to file an amended pleading asserting a § 1981 claim against Ali, Plaintiff must show cause "for being able to, in good faith, plead sufficient facts to state a plausible claim for Ali's individual liability under § 1981 in accordance with Fifth Circuit standards." Plaintiff has, by the slimmest of margins, met her burden.

## II.    Legal standards for individual liability under § 1981.

In *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 337 (5th Cir. 2003) the Fifth Circuit held that an individual may be liable under § 1981 if she is "essentially the same" as the employer in exercising authority over the plaintiff. District courts within the Fifth Circuit generally have interpreted *Foley* to recognize individual liability under Section 1981 for supervisors who exercise control over employment decisions and are personally involved in the complained-of-conduct but have refused to allow individual liability under Section 1981 against a mere co-worker. *See, e.g., Miller v. Wachovia Bank, N.A.,* 541 F.Supp.2d 858, 862-63 (N.D. Tex. 2008) (discussing several district court and circuit cases and noting "the cases that have addressed the issue suggest that a § 1981 suit against a mere coworker is invalid."); *Nicholson v. A.H.D. Houston, Inc.*, No. 4:21-CV-02624, 2022 WL 4543201,

at *8 (S.D. Tex. Sept. 28, 2022) (holding that § 1981 liability is possible against an individual defendant that is "essentially the same" as the employer for the purposes of the complained-of conduct but a plaintiff must "at a minimum" allege that the individual defendant exercised supervisory or managerial authority over her.").

### III.    Plaintiff has put forth factual allegations, which taken as true, state only a § 1981 wrongful termination claim against Dr. Ali.

Plaintiff alleges that in June 2021 she "started a new position as a Patient Care Assistant in Methodist's Neurological Intensive Care Unit *under the supervision of Sunila Ali*. ECF 105 at 5 (emphasis in original). Plaintiff complained to Ali that co-workers were harassing Plaintiff and Ali failed to respond. *Id.* On August 23, 2021, Plaintiff met with Ali and a Human Resources (HR) representative "and was placed on a Performance Improvement Plan without having her complaints resolved." *Id.* She complained of co-worker harassment again on September 30, 2021 and "[t]hen, on October 4, 2021, Sunila Ali and Houston Methodist, acting in concert, terminated Plaintiff's employment." *Id.*

Plaintiff makes the following argument in her Show Cause Response:

The Plaintiff is a member of a protected class and has experienced discrimination due to her personal characteristics. Despite being qualified for her position, Weathers faced negative employment actions because Sunila Ali engaged in intentional discrimination. These actions were deliberate decisions motivated by prejudice. Sunila Ali's direct involvement in committing and causing discriminatory adverse actions is a central reason for a Section 1981 claim, which prohibits intentional race-based discrimination and retaliation. Sunila Ali was aware of a hostile work environment but dismissed Weathers' complaints of race-based discrimination and harassment, demonstrating deliberate indifference to illegal conduct.

*Id.* at 6.  In sum, Plaintiff alleges that (1) Ali was Plaintiff's supervisor; (2) Ali was aware of, but did not respond to Plaintiff's complaints of harassment by co-workers; (3) Ali took part in a meeting on August 23, 2021, after which Plaintiff was placed on PIP; and (4) Ali was involved in the decision to terminate Plaintiff's employment.  *Id.*

Plaintiff's § 1981 claim depends on Ali's status as Plaintiff's supervisor.  District courts in the Fifth Circuit consistently hold that only supervisors may be liable in their individual capacity under § 1981.  *See Brown v. Valvoline, LLC*, No. 4:22-CV-04059, 2024 WL 990056, at *2 (S.D. Tex. Mar. 7, 2024) (holding that "[t]he caselaw is clear that any § 1981 claims against non-supervisor employees "must be dismissed"); *Chung v. Cartier N. Am., Inc*., No. 3:23-CV-2605-L-BK, 2024 WL 4045774, at *2 (N.D. Tex. Aug. 19, 2024) (holding that "any § 1981 claims against 'non-supervising employees must be dismissed.'"), *report and recommendation adopted*, No. 3:23-CV-2605-L, 2024 WL 4051383 (N.D. Tex. Sept. 4, 2024).  However, Plaintiff cannot simply allege in a conclusory fashion that Ali was her supervisor.  Plaintiff must plead facts to support the allegation that Ali was her supervisor and "essentially the same" as Plaintiff's employer. *Foley*, 355 F.3d at 337.

In *Brown*, the district court found sufficient, as a matter of pleading, plaintiff's allegations that the individual supervisor had the ability to (1) hire and fire employees; (2) discipline employees; (3) withhold vacation time; and (4) reduce work responsibilities to menial tasks.  2024 WL 990056, at *3.  In *Chung*, the district court allowed a plaintiff's §

1981claims against individual supervisors to survive a motion to dismiss where the individual defendants controlled the plaintiff's: (1) working conditions; (2) at will employment; (3) participation in conversations with the employer; (4) pay; and (5) working hours.  2024 WL 4045774, at *2.

Plaintiff's allegations in the First Amended Complaint are more conclusory than the allegations deemed sufficient to survive dismissal in *Brown* and *Chung*.  Nonetheless, Plaintiff has alleged that Ali was responsible for putting Plaintiff on a PIP on August 31, 2025 and has attached the Documentation of Termination stating that Plaintiff was terminated for poor performance.  ECF 105 at 21.  The Documentation of Termination was signed by Ali and a Human Resource representative on October 4, 2021.  Thus, Plaintiff has alleged at least some facts to support her allegation that Ali had authority to control Plaintiff's working conditions, issue disciplinary measures, and terminate Plaintiff's employment.  Solely as a matter of pleading, the Court concludes that Plaintiff has met her burden to show cause for leave to assert a § 1981 wrongful termination claim against Ali individually.   However, Plaintiff has not met her burden and is NOT granted leave to file § 1981 harassment and hostile work environment claims against Ali individually because she has not alleged any facts showing Ali personally participated in the alleged harassment.

## IV.    Conclusion and Order

For the reasons discussed above, it is

ORDERED that Plaintiff is granted leave to file a Second Amended Complaint on or before October 27, 2025 consistent with the rulings in this Order and the Court's August 13, 2025 Order.  Specifically, Plaintiff may file a Second Amended Complaint asserting ONLY Title VII claims against her employer, Houston Methodist Hospital, for discrimination, retaliation, and hostile work environment and §1981 claims against Sunali Ali for discrimination and retaliation based on her termination.  It is further

ORDERED that Plaintiff's Second Amended Complaint must set out separately each of her claims against each Defendant and the facts she alleges to support each claim.  To be clear, the Second Amended Complaint must set forth her claims against Houston Methodist separately from her claims against Ali.  It is further

ORDERED that Plaintiff must set out each of her claims in compliance with Federal Rule of Civil Procedure 8, which requires a complaint to contain "a short and plaint statement of the claim showing that the pleader is entitled to relief" and *Bell v. Twombly*, 550 U.S. 544, 570 (2007), which requires a complaint to contain enough facts to state a plausible claim for relief.  Although Rule 8(d)(1) provides that no technical form of pleading is required, given Plaintiff's history of confusing pleadings it is also

ORDERED that the Second Amended Complaint must set out Plaintiff's allegations in numbered paragraphs "each limited as far as practicable to a single set of circumstances," in accordance with Federal Rule of Civil Procedure 10(b). It is further

ORDERED that due to the age and lengthy procedural history of this case, the Court will not consider a further motion to dismiss or motion for definite statement by any Defendant, but this ruling is without prejudice to Defendants' rights to assert all arguments in a future motion for summary judgment filed on or before December 19, 2025. ECF 102.

Signed on October 02, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge