IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:22-cv-04085 |
| | § | |
| HOUSTON METHODIST HOSPITAL | § | |
| and SUNILA ALI, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER AND DEFENSES

Defendants, Houston Methodist Hospital (the "Hospital") and Sunila Ali ("Ali") (collectively "Houston Methodist"), file this Original Answer and Defenses to Plaintiff, Caitlin Weathers's ("Plaintiff"), Second Amended Complaint [Dkt. No. 113] (the "Amended Complaint"). As provided by Rule 8 of the Federal Rules of Civil Procedure, all allegations not expressly admitted herein are denied.

## ANSWER

1. Paragraph 1 of the Amended Complaint does not contain any factual allegations, and therefore, no response is required. To the extent a response is required for pleading purposes, Houston Methodist admits Plaintiff purports to bring causes of action against the Hospital for discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 and that Plaintiff purports to bring causes of action against Ali for discrimination and retaliation under 42 U.S.C. § 1981 as alleged in Paragraph 1 of the Amended Complaint. Houston Methodist, further, admits that Plaintiff purports to seek damages and "other relief" as alleged in Paragraph 1 of the Amended Complaint. Houston

Methodist, however, denies any wrongdoing and denies that Plaintiff is entitled to damages or any "other relief." Except as expressly admitted, Houston Methodist denies the remainder of the allegations in Paragraph 1 of the Amended Complaint.

### JURISDICTION AND VENUE

2.     Houston Methodist admits that this Court has jurisdiction over the parties and the subject matter of this suit as alleged in Paragraph 2 of the Amended Complaint. Houston Methodist, further, admits venue is proper in this Court as alleged in Paragraph 2 of the Amended Complaint.

### PARTIES

3.     Houston Methodist admits the allegations in Paragraph 3 of the Amended Complaint.

4.     Houston Methodist admits the allegations in Paragraph 4 of the Amended Complaint.

5.     Houston Methodist admits that Ali is an individual and that she was Plaintiff's supervisor for a portion of Plaintiff's employment at the Hospital.

### FACTUAL ALLEGATIONS

6.     Houston Methodist is without sufficient information or belief to admit or deny whether Plaintiff was the only non-Hispanic white Caucasian within her job roles throughout the duration of her employment at the Hospital. Houston Methodist denies the remainder of the allegations in Paragraph 6 of the Amended Complaint.

7.     Houston Methodist denies the allegations in Paragraph 7 of the Amended Complaint.

8. Houston Methodist admits that Plaintiff reported to Elizabeth Seay that Plaintiff believed a patient visitor had been smoking marijuana on or about September 17, 2020. Houston Methodist lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 8 of the Amended Complaint.

9. Houston Methodist admits the Hospital terminated Plaintiff's employment on October 4, 2022. Houston Methodist lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 9 of the Amended Complaint.

10. Houston Methodist admits Plaintiff worked first as a Patient Transporter and then as a Patient Care Assistant at the Hospital during her employment from May 28, 2019 to October 4, 2021. Houston Methodist admits Ali hired Plaintiff into the role of Patient Care Assistant. Houston Methodist admits poor performance was the reason for the Hospital's termination of Plaintiff's employment. Houston Methodist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint.

11. Houston Methodist denies the allegations in Paragraph 11 of the Amended Complaint.

## CAUSES OF ACTION

### Count I—Title VII Discrimination

12. Houston Methodist denies the allegations in Paragraph 12 of the Amended Complaint.

### Count II—Title VII Retaliation

13. Houston Methodist denies the allegations in Paragraph 13 of the Amended Complaint.

### Count III—Title VII Hostile Work Environment

14. Houston Methodist denies the allegations in Paragraph 14 of the Amended Complaint.

### Count IV—Section 1981 Discrimination

15. Houston Methodist denies the allegations in Paragraph 15 of the Amended Complaint.

### Count V—Section 1981 Retaliation

16. Houston Methodist denies the allegations in Paragraph 16 of the Amended Complaint.

### PRAYER FOR RELIEF

17. Plaintiff's prayer contains no factual allegations, and therefore, no response is required. To the extent necessary for pleading purposes, Houston Methodist denies any allegation or inference that it has engaged in unlawful employment practices and further denies that Plaintiff is entitled to any relief.

### HOUSTON METHODIST'S DEFENSES

18. Subject to and without waiving the foregoing, and without waiving the burden of proof Plaintiff would ordinarily be required to carry on any element of any claim asserted by Plaintiff, and in the alternative where necessary, Houston Methodist submits the following:

## FIRST DEFENSE

19. Plaintiff has failed to state a claim upon which relief can be granted against Houston Methodist; in the alternative, assuming Plaintiff has stated a *prima facie* case, all conduct and actions on the part of Houston Methodist concerning Plaintiff were wholly based on legitimate, non-discriminatory reasons and were based on factors other than Plaintiff's race, gender, or any other protected class.

## SECOND DEFENSE

20. Houston Methodist did not engage in any conduct that violated or could have been reasonably perceived as a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*

## THIRD DEFENSE

21. Houston Methodist did not engage in any conduct that violated or could have been reasonably perceived as a violation of 42 U.S.C. § 1981.

## FOURTH DEFENSE

22. Houston Methodist is not liable because, even if it had not taken into account an impermissible factor, it would have come to the same decision(s) of which Plaintiff complains

## FIFTH DEFENSE

23. Houston Methodist asserts Plaintiff's claims are barred, in whole or in part, to the extent she failed to properly preserve or assert her claims within the applicable statute of limitations or other applicable prescriptive periods.

### SIXTH DEFENSE

24. Any decisions regarding the employment of Plaintiff, and the terms and conditions thereof, were made in a non-discriminatory manner, and for legitimate, non-discriminatory reasons. At all times relevant to this lawsuit, Houston Methodist acted in good faith, without malice, and did not violate any provision of applicable law, rule, regulation, or guideline. At all times relevant to this lawsuit, Houston Methodist had reasonable grounds for believing its actions with respect to Plaintiff were not in violation of any rule, regulation, or guideline.

### SEVENTH DEFENSE

25. Houston Methodist denies that any of the Hospital's employees or agents engaged in any wrongdoing that may have resulted in injury to Plaintiff. However, even if such conduct did occur, such employees were not acting within the course and scope of their employment, and therefore, were not agents of the Hospital.

### EIGHTH DEFENSE

26. Plaintiff may not recover damages or pursue any claims under Title VII based on conduct outside the scope of Plaintiff's underlying Charge of Discrimination filed on August 3, 2022.

### NINTH DEFENSE

27. Plaintiff's claims are barred in whole or in part because the alleged conduct, if any, by Houston Methodist was not the proximate cause of Plaintiff's damages.

### TENTH DEFENSE

28. Plaintiff's claims are barred in whole or in part by estoppel.

## ELEVENTH DEFENSE

29. Plaintiff's claims are barred in whole or in part because Plaintiff's damages were caused by one or more persons, including Plaintiff, for whom Houston Methodist is not legally responsible.

## TWELFTH DEFENSE

30. Plaintiff may not recover damages as she failed to exercise reasonable efforts to mitigate her damages.

## THIRTEENTH DEFENSE

31. Houston Methodist asserts an offset for any amounts received by Plaintiff since the occurrence of any alleged adverse employment action.

## FOURTEENTH DEFENSE

32. Houston Methodist denies there is any legal or factual basis that permits Plaintiff to recover attorneys' fees from Houston Methodist in this action.

## FIFTEENTH DEFENSE

33. Plaintiff is not entitled to compensatory damages on any of his claims because she has not suffered any mental or emotional harm caused by Houston Methodist's alleged conduct.

## SIXTEENTH DEFENSE

34. Houston Methodist pleads that Plaintiff's alleged damages are too speculative to allow recovery.

## SEVENTEENTH DEFENSE

35. Houston Methodist did not engage in any conduct that would qualify as malicious, intentional, reckless, willful, malicious, extreme, or outrageous.

## EIGHTEENTH DEFENSE

36. Houston Methodist, at all relevant times, acted without malice, in good faith and with just cause, exercised due care, complied with all applicable laws, statutes, rules, and regulations, and breached no duty or obligation, if such duties and obligations may have been owed to Plaintiff.

## NINETEENTH DEFENSE

37. To the extent Plaintiff seeks punitive damages or exemplary damages, Houston Methodist invokes its rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution and affirmatively pleads that to award Plaintiff punitive damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments inasmuch as:

   a. Punitive damages can be assessed in an amount left to the discretion of the jury and judge;

   b. In assessing such penalty or exemplary awards, a plaintiff must prove a defendant's conduct on a standard less than "beyond a reasonable doubt" as should be required in assessing punishment;

   c. Any defendant who is subject to the award does not have the right to refuse to testify against itself, but must in fact take the witness stand and/or give deposition testimony or subject itself to the consequences of a default judgment; and

   d. The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* requirement and/or other prerequisites of a criminal fine and therefore

permits punishment based upon undefined standards in violation of a defendant's rights to due process.

### TWENTIETH DEFENSE

38. Plaintiff is barred from asserting any claim for punitive damages since any alleged discriminatory conduct would be contrary to the Hospital's anti-discrimination and anti-retaliation policies, programs, and procedures, all of which constitute good faith efforts to comply with the applicable federal laws.

### TWENTY-FIRST DEFENSE

39. To the extent any of the Hospital's managers or supervisors are found to have acted with malice or reckless indifference to Plaintiff's rights, that manager or supervisor acted contrary to Houston Methodist's good-faith efforts to comply with federal laws. Accordingly, Plaintiff is not entitled to recover punitive or liquidated damages.

### TWENTY-SECOND DEFENSE

40. Plaintiff's recovery in this matter, if any, must be limited by applicable statutory damages caps and limitations on damages.

### TWENTY-THIRD DEFENSE

41. If Houston Methodist prevails, Houston Methodist seeks recovery of its attorneys' fees and costs incurred in defending this action.

### TWENTY-FOURTH DEFENSE

42. Houston Methodist reserves the right to add additional defenses or affirmative defenses as they become known through further investigation and/or discovery.

## PRAYER FOR RELIEF

43. For these reasons, Houston Methodist asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs and attorney's fees against Plaintiff, and award Houston Methodist all other further relief the Court deems appropriate.

Respectfully submitted,

By: /s/ Daniel Patton
**DANIEL PATTON**
S.D. Tex. Admission No. 26200
Texas Bar No. 24013302
dpatton@scottpattonlaw.com
ATTORNEY-IN-CHARGE FOR DEFENDANTS

OF COUNSEL:

**MICHAEL K. BURKE**
S.D. Tex. Admission No. 24356
Texas Bar No. 24012359
mburke@scottpattonlaw.com
**LUCAS D. NOVICK**
S.D. Tex. Admission No. 3777679
Texas Bar No. 24125819
lnovick@scottpattonlaw.com
**SCOTT PATTON PC**
717 Texas Ave., Suite 3100
Houston, Texas 77002
Phone:   (281) 377-3311
Fax:     (281) 377-3267

## CERTIFICATE OF SERVICE

I certify that on November 10, 2025, a true and correct copy of this document was filed and served on all parties listed below in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system and by email pursuant to the parties' agreement under Federal Rule of Civil Procedure 5(b)(F).

Caitlin Weathers
2616 Erwin Rd., #2218
Durham, North Carolina 27705
*j.weathersca@gmail.com*

*Pro Se Plaintiff*

/s/ *Daniel Patton*
Daniel Patton