United States District Court
Southern District of Texas
**ENTERED**
November 26, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-CV-4085 |
| | § | |
| HOUSTON METHODIST | § | |
| HOSPITAL, ET AL., | § | |
| *Defendants.* | § | |

## **ORDER**

On November 24, 2025, Plaintiff filed "Exhibit "A-1" in Support of Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action," seeking production of certain personnel and employment records of multiple individuals for the period 5/28/2019 to present.[1]  ECF 120.  Attached to "Exhibit A-1" is a Subpoena directed to Defendant Houston Methodist Hospital directing it to produce the documents to Plaintiff in North Carolina by December 2, 2025.  *Id.*  For unknown reason, Plaintiff's "Exhibit A-1" was docketed as "Additional Exhibits re: 74 MOTION."  The Motion filed at docket entry 74 is "Plaintiff's Motion to Exclude Testimony of Defendant's Expert Witness," which the Court denied on August 13, 2025.  ECF 100.

---

[1] The parties consented to the jurisdiction of this Magistrate Judge for all purposes including final judgment.  ECF 25.

On November 25, 2025, Plaintiff sent an ex parte email to the Court's case manager stating:

> I expedited my application and issued a subpoena to defendants in case #4:22-cv-04085 to the Clerk of the Court for signature but they didn't sign the application and instead submitted it as a motion - I didn't file a motion. They're supposed to send the subpoena to the defendants, can you explain or clarify why they did that and correct if needed. I didn't request that they submit it as a motion and there is no accompanying motion. It's an application for the Clerk of the Court to sign and send the subpoena to the defendants. I'm not sure why they submitted it as a motion in my name as the filer because I didn't file a motion.

Plaintiff's email is confusing. Plaintiff apparently is under the mistaken impressions that (1) ECF 120 was docketed as a motion (it was not); (2) the clerk's office is responsible for serving subpoenas (it is not); and (3) she is required to issue a subpoena to request documents from Defendant (she is not).

Federal Rule of Civil Procedure 34 permits a party to serve requests for production of documents to another party. Plaintiff may serve her request directly on counsel for Defendant at the address on the docket by email or mail. The Court takes no position as to the timeliness, relevance, or proportionality of the request for production set forth in Exhibit A-1 quoted above. In addition, it is

ORDERED that the clerk will docket Plaintiff's November 25, 2025 email to the Court. It is further

ORDERED Plaintiff may not seek legal or procedural advice from the Court or Court's staff. Plaintiff's pro se status does not relieve her of the obligation to

comply with all federal and local rules.  *See Ades v. United States*, No. 22-10044, 2022 WL 1198206, at *1 (5th Cir. Apr. 22, 2022) ("Pro se litigants are given liberal construction in their briefing, but they are still required to follow the rules of procedure and to brief relevant points."); *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").  It is further

ORDERED that Plaintiff must copy opposing counsel on all communications with the Court.

Signed on November 25, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge