United States District Court
Southern District of Texas
**ENTERED**
April 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS, *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-CV-4085 |
| | § | |
| HOUSTON METHODIST HOSPITAL, ET AL., *Defendants.* | § | |

# SUMMARY JUDGMENT OPINION AND ORDER

This employment discrimination case is before the Court on Defendants' Motion for Summary Judgment.[1] ECF 127. Having considered the parties' submissions and the law, the Court grants Defendants' Motion.

## I. Background

The facts in this section are undisputed unless otherwise noted. Plaintiff, a white female, was hired by Houston Methodist Hospital (Methodist) in May 2019 as a patient transporter. ECF 129 at 13. In September 2020, Plaintiff reported an incident in which she discovered a strong scent of marijuana in a patient's room and a Patient Care Assistant (PCA), a nurse, and the patient's visitor all "ganged up "on her, but she did not report that the incident was due to her race or sex. *Id* at 16-18.

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes including final judgment. ECF 25.

On October 9, 2020, someone prepared but did not sign a "Communication Record" regarding the September 2020 incident that was the subject of Plaintiff's report. That same day, the Manager of the Patient Transport Department drafted a letter recommending Plaintiff as a "deserving candidate" for a position with Methodist. *Id.* at 19.

On May 3, 2021, Plaintiff was informed that she had been approved for a transfer to the position of Patient Care Assistant in the Neurological Intensive Care Unit (NICU) under the supervision of Sunali Ali, the NICU Director. *Id.* at 25-26. On August 1, 2021, while Ali was out of the office, Plaintiff reported to another manager that she was being harassed and discriminated against by co-workers, but again her report did not mention race or sex. *Id.* at 30. She also sent Ali and undated text accusing an unnamed nurse of attempting to rub her breasts against Plaintiff. *Id.* at 31. Plaintiff met with Ali and human resources representative Mariana Mondragon on August 23, 2021 to discuss her concerns. ECF 127-1 at 24. On the same day as that meeting, Ali issued a Disciplinary Counseling Report and Performance Improvement Plan (DCR/PIP) to Plaintiff. *Id*. at 33-35; ECF 131 at 45-46. The DCR described several incidents where Plaintiff failed to follow directions from nurses, removed or repositioned devices on patients, or failed to properly focus on tasks. ECF 129 at 33-35, 39. The September 9, 22, and 30, 2021 entries on the PIP indicate that Plaintiff met some expectations but consistently did

not meet others. ECF 131 at 45-46. On September 30, 2021, Plaintiff sent Ali and others an email reporting that a nurse, Sharon Agway, harassed and refused to communicate with Plaintiff. *Id.* at 45. Plaintiff did not state that Agway's actions were motivated by Plaintiff's race or sex. *Id*.

On October 4, 2021, Methodist terminated Plaintiff's employment. *Id.* at 47. The Documentation of Termination states the reason for termination as performance issues, and describes a recent incident, possibly the one described in Plaintiff's September 30, 2021, email, in which Plaintiff, a PCA, failed to listen or abide by nurse instructions. *Id*.

Plaintiff filed an EEOC Charge of Discrimination and received a right-to-sue letter on August 11, 2022. ECF 1-1 at 1. Plaintiff filed her Complaint in this Court on November 16, 2022. ECF 1. The Court previously granted summary judgment in Defendants' favor, based in part on statute of limitations grounds. ECF 50. Applying equitable tolling principles, the Fifth Circuit reversed the summary judgment decision as to Methodist, affirmed the decision as to Ali, and remanded the case to the district court. ECF 60. After remand, Plaintiff filed an Amended Complaint. ECF 66. After further motion practice, Plaintiff filed a Second Amended Complaint. ECF 113. Plaintiff's Second Amended Complaint, her operative pleading, asserts Title VII claims for discrimination, retaliation, and hostile work

environment against Methodist, and § 1981 claims for discrimination and retaliation against Ali. *Id.* Defendants now move for summary judgment on all claims.

## II. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the

most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

## III. Analysis

Defendants move for summary judgment on all of Plaintiff's claims. As a threshold matter, the Court must rule on Plaintiff's evidentiary objections. ECF 131 at 19-25. Plaintiff objects to Defendants' Exhibit 1, the transcript of her deposition, because of allegedly harassing behavior at the deposition and irrelevant questions. *Id.* at 21. Plaintiff's objections are overruled because she improperly objects to the entirety of the deposition and fails to object to specific testimony, making it impossible for the Court to assess the basis for her objection. Nonetheless, the Court has not relied on Plaintiff's deposition testimony in reaching its decision.

Plaintiff objects to Defendants' Exhibit 2, the Declaration of Sunali Ali, on grounds of hearsay, speculation, lack of personal knowledge, and relevance. *Id.* at 19-20. Again, Plaintiff improperly objects to the Declaration in its entirety without citing specific statements. Nonetheless, having reviewed Ali's Declaration the Court finds nothing objectionable and overrules Plaintiff's objections.

Plaintiff objects to Defendants' Exhibit 3, the Declaration of Mariana Mondragon as hearsay, prejudicial, irrelevant, and not based on personal knowledge. *Id.* at 20-21. Again, without the benefit of Plaintiff's citation to specific statements in the Declaration, the Court has reviewed it and overrules Plaintiff's objections.

Plaintiff objects to Defendant's Exhibit 4, the DCR, and Exhibit 5, the PIP, on the basis of lack of foundation, hearsay, and prejudice. However, Plaintiff has submitted these same documents in support of her Motion for Partial Summary Judgment (ECF 129) and in her Response (ECF 131). Further, Exhibits 4 and 5 are business records of Defendant. Plaintiff's objections to Exhibits 4 and 5 are overruled.[2]

Having resolved the evidentiary objections, the Court turns to an analysis of Plaintiff's claims.

### A. Defendants are entitled to summary judgment on Plaintiffs' discrimination claims under Title VII and § 1981.

#### 1. Legal Standards

Plaintiff's claims for discrimination under Title VII and 42 U.S.C. § 1981 are subject to the familiar *McDonnell Douglas* burden-shifting framework. *Lauderdale v. Texas Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 166 (5th Cir.

[2] Plaintiff does not object to Exhibits 6 (the PCA job description), 8 (her EEOC Charge of Discrimination), 9 (the EEOC Determination and Notice of Rights), and 10 (transcript of Ali deposition).

2007) ("the inquiry into intentional discrimination is essentially the same for individual actions brought under sections 1981 and 1983, and Title VII."). Pursuant to the *McDonnell Douglas* framework, a plaintiff relying on circumstantial evidence of discrimination must first demonstrate a prima facie case. *Vuong v. U.S. Dept. Veterans Affairs,*, No. 25-20199, 2026 WL 737338, at *4 (5th Cir. Mar. 16, 2026). A prima facie case of discrimination requires a plaintiff to show she: "(1) is a member of a protected class, (2) was qualified for the position at issue, (3) was the subject of an adverse employment action, and (4) was replaced by someone outside the protected class or was treated less favorably than others similarly situated in nearly identical circumstances." *Id.* (citing *Lee v. Kansas City S. Ry. Co*., 574 F.3d 253, 259 (5th Cir. 2009) and *Okoye v. Univ. of Tex. Hou. Health Sci. Ctr*., 245 F.3d 507, 513 (5th Cir. 2001)).

If a plaintiff meets her prima facie burden, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment action. *Id.* If the employer meets this burden of production, then the plaintiff must present evidence that the employer's proffered reason is merely pretextual. *Id*. "In contrast to the minimal burden that a plaintiff bears when establishing his prima facie case, a plaintiff must produce 'substantial evidence of pretext.'" *Hernandez v. Metro. Transit Auth. of Harris Cty*., 673 F. App'x 414, 417 (5th Cir. 2016). (quoting *Auguster v. Vermilion Par. Sch. Bd*., 249 F.3d 400, 402–03 (5th Cir. 2001)). The

plaintiff always bears the ultimate burden to prove discrimination. *Vuong*, No. 25-20199, 2026 WL 737338, at *4; *Outley v. Luke & Assoc., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016).

**2. Plaintiff has not satisfied her prima facie burden or presented sufficient evidence of pretext.**

**a. Plaintiff's prima facie burden**

Plaintiff is a white female, satisfying the first element of her prima facie case. Some question exists as to whether Plaintiff was qualified for her position. *Compare* ECF 129 at 19 with ECF 129 at 49. Giving Plaintiff the benefit of the doubt, the Court finds a fact issue on this second element of Plaintiff's prima facie case. Plaintiff was indisputably given a DCR, put on a PIP, and then terminated, satisfying her burden to establish an adverse employment action. *See Yarbrough v. SlashSupport, Inc.*, 152 F.4th 658, 664 (5th Cir. 2025) (holding adverse employment actions are no longer limited to "ultimate" employment actions, citing *Hamilton v. Dall. Cnty*., 79 F.4th 494, 506 (5th Cir. 2023) (en banc)). Nonetheless, Plaintiff cannot succeed on her discrimination claim because she has presented no evidence on the fourth element of a prima face case of discrimination, i.e., that she was replaced by someone outside the protected class or was treated less favorably than others similarly situated in nearly identical circumstances. *Okoye,* 245 F.3d at 513.

Plaintiff identifies a PCA named Roberto Palomares, Jr., a Hispanic male PCA assigned to the NICU, as a similarly situated co-worker who was not

disciplined for performing tasks that are beyond the duties of a PCA. ECF 131 at 3-4, 15, 56. While this conclusory allegation may suffice for pleading a prima facie case of discrimination, more is required to survive summary judgment. *Mercado v. United Airlines, Inc.*, No. CV H-25-4696, 2026 WL 485776, at *5 (S.D. Tex. Feb. 20, 2026) (determining whether a comparator is similarly situated is more appropriate for adjudication at summary judgment than as a matter of pleading). To survive summary judgment, Plaintiff must present evidence of a comparator who "(a) 'held the same job or responsibilities,' (b) 'shared the same supervisor or had their employment status determined by the same person,' and (c) 'have essentially comparable violation histories.'" *Faulk v. Owens Corning Roofing & Asphalt, L.L.C.*, No. 25-10356, 2025 WL 3678430, at *3 (5th Cir. Dec. 18, 2025) (quoting *Lee*, 574 F.3d at 259)).

Plaintiffs has presented no evidence of facts that could demonstrate Roberto Palomres, Jr. was similarly situated to Plaintiff, such as: when he was hired; who his supervisor was; when he allegedly performed duties outside the scope of PCA duties; how often he performed duties outside the scope of PCA duties; whether he was asked by a supervisor to perform the PCA duties allegedly outside the scope of PCA duties; and whether he had previously received written or oral warnings related to his job performance. To survive summary judgment, Plaintiff must present evidence of a similarly situated comparator who, "under nearly identical circumstances," was

treated better because he did not suffer an adverse employment action. *See id.* (affirming dismissal of plaintiff's discrimination claim for lack of evidence that the two named comparators were similarly situated and treated better under nearly identical circumstances). Furthermore, Plaintiff asserts only that Roberto was not disciplined for performing non-PCA tasks, but the evidence shows that Plaintiff was terminated for more than simply performing non-PCA duties, she also did not meet expectations on her PIP and did not follow nurse instructions. ECF 131 at 45-46; ECF 131 at 49; ECF 127-2 ¶3. Therefore, Defendant is entitled to summary judgment dismissing Plaintiff's discrimination claims with prejudice.

**b. Plaintiff must present substantial evidence of pretext.**

Even if Plaintiff could meet her prima facie burden, Defendants have articulated a nondiscriminatory reason for disciplining and terminating Plaintiff, namely her continued failure to meet performance expectations. *See* ECF 127-2 ¶3; ECF 131 at 45-46, 49. Therefore, the summary judgment burden shifts to Plaintiff to present substantial evidence of pretext.

Plaintiff attempts to meet her burden by asserting that Defendants did not follow their own policies because she was not given a departmental handbook or clear performance expectations. ECF 131 at 9. Assuming the truth of Plaintiff's assertions, there is no evidence that Defendants failed to give Plaintiff a handbook or clear performance expectations because of her race or sex. Pretext evidence is

evidence that makes it more likely than not that discrimination was the real reason for an adverse employment action. *Reeves*, 530 U.S. at 143 (holding that a plaintiff in a discrimination case must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination," and a plaintiff may do so by showing that the employer's given reason is "not worthy of credence"). Plaintiff's evidence of pretext is nothing more than her subjective belief. *See* ECF 127-1 at 15 (Plaintiff testified that she believes she was disciplined because of her race because she was the only white person in the department). A plaintiff's subjective belief that she has been discriminated or retaliated against is not sufficient to survive summary judgment. *Vuong*, 2026 WL 737338, at *6; *Sotonwa v. Collins*, No. 24-11043, 2025 WL 2222730, at *6 (5th Cir. Aug. 5, 2025) (plaintiff's subjective belief that he was demoted for reasons other than his employer's stated reasons was not enough to defeat summary judgment); *Barinaga v. Exxonmobil Corp.*, No. 4:22-CV-03462, 2025 WL 2799815, at *16 (S.D. Tex. Sept. 30, 2025) (plaintiff's subjective belief that she suffered race discrimination was insufficient evidence of pretext to survive summary judgment).

In sum, Plaintiff has presented no evidence from which a reasonable juror could find that Defendants' stated reasons for disciplining and terminating Plaintiff

are pretext for race and sex discrimination. Therefore, Defendants are entitled to Summary Judgment on Plaintiff's Title VII and § 1981 discrimination claims.

**B. Defendants are entitled to summary judgment on Plaintiffs' retaliation claims.**

**1. Legal Standards**

The *McDonnell Douglas* burden-shifting framework also applies to Plaintiff's retaliation claims under Title VII and § 1981. *Velasco v. IAS Logistics DFW, LLC,* No. M-23-0323, 2026 WL 403225, at *4 (S.D. Tex. Jan. 27, 2026), *report and recommendation adopted*, No. 7:23-CV-00323, 2026 WL 401568 (S.D. Tex. Feb. 12, 2026). To succeed on a claim of retaliation under either Title VII or § 1981, Plaintiff must prove: "(1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action." *West v. Honeywell Int'l Inc.*, 558 F. Supp. 3d 369, 379–80 (S.D. Tex. 2021) (citing *Feist v. Louisiana, Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013)). To meet the causation standard, a plaintiff must show that the adverse action would not have occurred "but for" the protected activity. *See Feist*, 730 F.3d at 454 (holding plaintiff bears burden on summary judgment to create "a conflict in substantial evidence on the question of whether the employer would not have taken the action 'but for' the protected activity"). While in some cases the close timing between the protected activity and the adverse action may provide the causal

connection needed to make out a prima facie case of retaliation, "temporal proximity alone is insufficient to prove but for causation." *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007).

**2. Plaintiff has not satisfied her summary judgment burden on her retaliation claims.**

Plaintiff has satisfied her burden to show she suffered an adverse employment action. Allegations of protected activity must specifically refer to an unlawful employment practice, such as discrimination based on race or sex, in order to support a retaliation claim. *See Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015) (stating that the Fifth Circuit "ha[s] consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity," quoting *Davis v. Dall. Indep. Sch. Dist.*, 448 Fed.Appx. 485, 493 (5th Cir.2011)). Plaintiff contends her protected activity includes: her September 2020 email regarding marijuana use in a patient room; her August 1, 2021 email regarding unspecified harassment and discrimination; her September 30, 2021 email regarding nurse Sharon Agway's "refusal to collaborate with Plaintiff;" and her request for a departmental handbook. ECF 129 at 2-3; ECF 131 at 6. These communications, however, do not report harassment or discrimination based on Plaintiff's race or sex. The only communication arguably related to Plaintiff's sex consists of an undated text message Plaintiff sent to Ali stating that an unnamed nurse attempted to rub her breasts against Plaintiff. ECF

131 at 40. Plaintiff does not expressly argue this text constitutes protected activity. Nonetheless, for purposes of the current motion only, the Court will assume Plaintiff could at least raise a fact issue as to whether the undated text message constitutes protected activity. But even assuming Plaintiff could meet her summary judgment burden with respect to the element of protected activity, her failures to satisfy the causation and pretext elements entitle Defendants to summary judgment on her retaliation claim.

Plaintiff's causation case rests almost entirely on the temporal proximity between some of her protected activity and her adverse employment action. She also argues that the lack of a written, clearly defined policy of expectations for the NICU proves as a matter of law that Defendants' stated reasons for her termination are pretextual. ECF 129 at 6.

Plaintiff cannot meet her summary judgment burden based solely on the proximity between her alleged protected activity and her termination on October 4, 2021. She cites to *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 148 (2000), as support for her position. In *Reeves*, the Court stated that "a plaintiff's prima facie case, *combined with sufficient evidence to find that the employer's asserted justification is false*, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 148 (emphasis added). The plaintiff in *Reeves* "made a substantial showing that respondent's explanation was false." *Id*. at

144. Here, Plaintiff contends that she was not given clear directions for how to perform her job duties. ECF 129 at 7-8. Plaintiff may argue a lack of clear directions or a written policy are responsible for her poor job performance, but that does not mean Dr. Ali's assessment that Plaintiff was disruptive and was not performing her job duties correctly was "false." The Court does not second guess an employer's business decision and "even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason." *Eyob v. Mitsubishi Caterpillar Forklift Am., Inc.*, 745 F. App'x 209, 212 (5th Cir. 2018), as revised (Aug. 10, 2018) (citing *Jackson v. Watkins*, 619 F.3d 463, 468 n.5 (5th Cir. 2010) and quoting *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)). Therefore, Defendants are entitled to summary judgment dismissing Plaintiff's Title VII and § 1981 retaliation claims with prejudice.

**C. Defendants are entitled to summary judgment on Plaintiff's hostile work environment claim.**

**1. Legal Standards**

To state a claim for hostile work environment, a plaintiff must allege she: (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment was based on race or sex; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer "knew or should have known of the harassment in question and failed to take prompt remedial action." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (quoting *Ramsey v.*

*Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). Conduct affects a term, condition, or privilege of employment, if it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Wantou v. Wal-Mart Stores Tex., L.L.C.*, 23 F.4th 422, 433 (5th Cir. 2022) (citation omitted). Courts look to the totality of the circumstances to determine whether conduct is severe or pervasive. *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div*., 512 F.3d 157, 163 (5th Cir. 2007). "Relevant factors include 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Harvill v. Westward Communications, LLC*, 433 F.3d 428, 434 (5th Cir. 2005) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

**2. Plaintiff has not satisfied her summary judgment burden on her Title VII hostile work environment claim.**

Defendants seek summary judgment on Plaintiff's hostile work environment claim because (1) Plaintiff did not exhaust her administrative remedies; (2) Plaintiff did not file her claim in this Court within 90 days of receiving a right-to-sue letter; and (3) Plaintiff has presented no evidence of severe or pervasive harassment.

**a. Plaintiff exhausted her Title VII hostile work environment claim.**

A plaintiff is required to exhaust her administrative remedies before pursuing Title VII claims in federal court. *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir. 1996)). A plaintiff exhausts administrative remedies by filing a charge with the EEOC and receiving a right to sue letter. *Taylor*, 296 F.3d at 379. Discrimination and hostile work environment are distinct claims and the exhaustion of one does not exhaust the other. *Herron v. Fed. Express Corp.*, No. 1:19-CV-136, 2021 WL 3816609, at *5 (S.D. Tex. July 30, 2021), *report and recommendation adopted*, No. 1:19-CV-00136, 2021 WL 3813370 (S.D. Tex. Aug. 26, 2021); *Anderson v. Sikorsky Support Servs., Inc.*, 66 F. Supp. 3d 863, 871 (S.D. Tex. 2014). While EEOC charges are read broadly, they only exhaust claims like or related to allegations contained in the charge and growing out of such allegations. *Stingley v. Watson Quality Ford, Jackson, MS*, 836 F. App'x 286, 291 (5th Cir. 2020) (citing *McClain v. Lufkin, Indus., Inc.*, 519 F.3d 264, 272-73 (5th Cir. 2008)).

Plaintiff's EEOC charge asserts discrimination based on "Color, Race, Retaliation, Sex." ECF 127-8 at 2. The narrative allegations in the charge are as follows:

On or about October 4, 2021, I was discharged from my position as Patient Care Associate.I believe my termination is discriminatory based on my race (white) and sex (female). The alleged reason for my termination is performance, which I believe to be pretext to discrimination because my performance first came into question shortly after complaining of harassment.From April 1, 2021, until my termination, I was harassed by Cameron Shonk, Sharon (last name unknown), Cassie Hall, and Amanda Roning.I reported the harassment to management officials Dante Macasaet, Sunila Ali, and Mariana Mondragon during all of August 2021, but I was ignored, and the harassment continued. Here are a few examples of the harassment I had been subjected to: I was called "white trash" by Cameron Shonk, I was called "psychotic" and "gay" by Sharon, and I was subjected to daily bullying from Cassie Hall and Amanda Roning.On or about August 23, 2021, I finally met with Sunila Ali and Mariana Mondragon about the issue for the first time. During this meeting, instead of my complaint being listened to, my "fit" within the company was questioned. Shortly after this meeting, I suffered a tangible harm when I was terminated.I believe that I was retaliated against for complaining about harassment and discriminated against because of my color, race (white), and sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id*. In *Anderson*, the district court dismissed the plaintiff's claim for lack of exhaustion because he

> did not include the words 'harassment' or 'hostile work environment' in his EEOC Charge, and the Charge otherwise fail[ed] to set forth allegations that any coworkers bullied, teased, belittled, or otherwise treated him negatively based on his race, or that Defendant did not follow up on his reports of harassment.

66 F. Supp. 3d at 871. Plaintiff has asserted in her EEOC Charge all the things that were missing in *Anderson*, i.e., that her co-workers harassed and bullied her and her complaints were ignored. ECF 127-9 at 2. The Court concludes that Plaintiff's hostile work environment claim "grows out of the allegations" in her EEOC charge. Defendant's motion for summary judgment on Plaintiff's hostile work environment claim due to lack of exhaustion is denied.

**b. Plaintiff filed a timely hostile work environment claim in this Court.**

A plaintiff has ninety days after receiving a notice of right to sue from the EEOC to bring suit in federal court. *Taylor*, 296 F.3d at 379; *January v. Tex. Dep't*

*of Crim. Justice*, 760 F. App'x 296, 299 (5th Cir. 2019). Plaintiff received her right to sue notice on or about August 11, 2022. ECF 1-1 at 1. She initiated this lawsuit on November 9, 2022. Defendant argues that she asserted a hostile work environment claim for the first time in her Second Amended Complaint filed on October 26, 2025 and therefore it is untimely. ECF 127 at 17-19.

Federal Rule of Civil Procedure 15(c)(1)(b) provides that an amended complaint relates back to the date of the original complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out —or attempted to be set out—in the original pleading." Defendant argues that because discrimination and hostile work environment under Title VII are distinct claims with different elements, and Plaintiff's original pleading did not state a claim for hostile work environment, her Second Amended Complaint does not relate back to the filing of her original Complaint. But under Rule 15(c) the standard is whether the newly asserted claim arises out of the same "conduct, transaction, or occurrence." Defendants argue that Plaintiff's Original Complaint alleged only that: "(1) she was the only Caucasian in her job role; (2) an unidentified person called her 'white trash'; (3) Ms. Ali and another individual tried to set her up with a male employee; (4) on her last day an unidentified person called her 'gay'; and that (5) Ms. Ali put her on a PIP and ultimately terminated her after Plaintiff complained about the foregoing conduct." ECF 127 at 19 (citing ECF 1 at 3). But Plaintiff's

Original Complaint also includes allegations that she reported "harassment/discrimination" and that she was harassed based on her sex by a single male (Cameron Shonk). ECF 1 at 8. Plaintiff's hostile work environment claim arises out of the same conduct Plaintiff has been complaining about all along. Therefore, Defendant's motion for summary judgment on Plaintiff's hostile work environment claim due to untimeliness is denied.

**c. Plaintiff has failed to show she was subjected to severe or pervasive harassment based on her race or sex.**

**i. Legal Standards**

Plaintiff's racial and sexual hostile work environment claim can survive summary judgment only if she presents evidence to show that "(1) she belongs to a protected class; (2) she was subjected to harassment; (3) the harassment was based on sex [or race]; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take remedial action." *Wallace v. Performance Contractors, Inc.*, 57 F.4th 209, 221 (5th Cir. 2023) (change added). When a plaintiff alleges harassment by a co-worker, "the employer is liable only if it was negligent in controlling working conditions." *Vance v. Ball State Univ*., 570 U.S. 421, 424 (2013)

Harassment is actionable only if it is "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir.

2005) (citations omitted, change in original). In determining whether an environment is hostile, courts consider factors such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* "To be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so." *Id.*

**ii. Plaintiff's Evidence**

Plaintiff contends she was subjected to harassment that created an abusive and hostile environment. *See* ECF 131 at 4-6. However, her Second Amended Complaint and Response contain few facts and provide very little evidence to support her assertion. She relies on her "reports of being called 'white trash,' 'crazy,' and 'gay' and being subjected to inappropriate physical contact by Sharon Agwaye." *Id.* at 5.

Plaintiff testified in her deposition that she recalls one time that Cameron Shonk called her "white trash" and it made her really uncomfortable. ECF 127 at 21. Agwaye called her "psychotic" or "crazy" twice and "gay" once, and she considers Agwaye's inappropriate touching as a non-verbal way of calling Plaintiff

gay. *Id.* at 22-23. Plaintiff also testified that white, female co-workers bullied her by falsely reporting her for work issues. *Id.* at 23-24.

The comments about Plaintiff being psychotic or crazy, as well as bullying related to work issues, are not actionable because they are not based on Plaintiff's race or sex. While the "white trash" comment is related to her race, she could only confirm one instance of that comment.[3] The comment about Plaintiff being "gay" is related to her sex, but it also only happened once. Finally, Agwaye allegedly rubbed her chest against Plaintiff only once. Plaintiff testified that these events made her uncomfortable, but they do not meet the standard for severe or pervasive harassment required for a hostile work environment claim. *See Scroggins v. Dallas Area Rapid Transit*, No. 3:23-CV-1489-N, 2025 WL 2654194, at *3 (N.D. Tex. Sept. 15, 2025) (stray remarks that made plaintiff uncomfortable were not severe or pervasive enough to create an abusive work environment). The Fifth Circuit has held that two instances of offensive comments are not enough to be pervasive. *Price v. Valvoline, L.L.C.*, 88 F.4th 1062, 1067 (5th Cir. 2023). In addition, the Fifth Circuit has repeatedly affirmed the Supreme Court's ruling that "Title VII does not impose a 'general civility code' on employers." *See, e.g.*, *West v. City of Houston, Texas*, 960 F.3d 736, 743 (5th Cir. 2020) (citing *Faragher v. City of Boca Raton*,

[3] In her August 1, 2021 email report of harassment, she stated only that co-workers use the term "trash," she did not say the term "white trash" was used. ECF 131 at 39.

524 U.S. 775, 788 (1998) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80, (1998))); *Gaudette v. Angel Heart Hospice, L.L.C.*, No. 24-50523, 2025 WL 1419720, at *3 (5th Cir. May 16, 2025) (same).

The Court finds that Plaintiff cannot create a genuine issue of material fact as severe or pervasive racial or sexual harassment and therefore Defendants are entitled to Summary Judgment on Plaintiff's hostile work environment claim.

## IV. Conclusion and Order

For the reasons set out above, it is

ORDERED that Defendants' Motion for Summary Judgment (ECF 127) is GRANTED and Plaintiff's claims against Houston Methodist Hospital and Dr. Ali are DISMISSED WITH PREJUDICE. The Court will enter a separate Final Judgment.

Signed on April 23, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge