United States District Court
Southern District of Texas
ENTERED
April 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAITLIN WEATHERS,<br>*Plaintiff,*<br><br>V.<br><br>HOUSTON METHODIST HOSPITAL, ET AL.,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:22-CV-4085 |

**SUMMARY JUDGMENT OPINION AND ORDER**

This employment discrimination case is before the Court on Plaintiff's Motion for Partial for Summary Judgment on her retaliation claims.[1] ECF 129. Having considered the parties' submissions and the law, the Court denies Plaintiff's Motion.

## I. Background

The facts in this section are undisputed unless otherwise noted. Plaintiff, a white female, was hired by Houston Methodist Hospital (Methodist) in May 2019 as a patient transporter. ECF 129 at 13. In September 2020, Plaintiff reported an incident of a hospital visitor smoking marijuana and of a Patient Care Assistant (PCA) and a charge nurse yelling at her. *Id* at 16-18. On October 9, 2020, someone prepared but did not sign a "Communication Record" regarding the September 2020

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes including final judgment. ECF 25.

incident that was the subject of Plaintiff's complaint. That same day, the Manager of the Patient Transport Department drafted a letter recommending Plaintiff as a "deserving candidate" for a position with Methodist. *Id.* at 19.

On May 3, 2021, Plaintiff was informed that she had been approved for a transfer to the position of Patient Care Assistant in the Neurological Intensive Care Unit (NICU) under the supervision of Sunali Ali, the NICU Director. *Id.* at 25-26. On August 1, 2021, while Ali was out of the office, Plaintiff reported to another manager that she was being harassed and discriminated against by co-workers. *Id.* at 30. She also texted Ali. *Id*. at 31. Plaintiff met with Ali and human resources representative Mariana Mondragon on August 23, 2021 to discuss her reports and her job performance. After the meeting, Ali issued a Disciplinary Counseling Report and Performance Improvement Plan (DCR/PIP) to Plaintiff. *Id*. at 33-35. The DCR described several incidents in which Plaintiff failed to follow directions from nurses, removed or repositioned devices on patients, or failed to properly perform or focus on tasks. *Id.* at 33-35, 39. On September 30, 2021, Plaintiff sent Ali and others an email reporting that a nurse, Sharon Agway, harassed and refused to communicate with Plaintiff. *Id.* at 45. On October 4, 2021, Methodist terminated Plaintiff's employment. *Id.* at 47. The Documentation of Termination states the reason for termination as performance issues, and describes a recent incident, possibly the one

described in Plaintiff's September 30, 2021 email, in which Plaintiff failed to listen or abide by nurse instructions. *Id*.

Plaintiff filed an EEOC Charge of Discrimination and received a right-to-sue letter on August 11, 2022. ECF 1-1 at 1. Plaintiff filed her Complaint in this Court on November 16, 2022. ECF 1. The Court granted summary judgment in Defendants' favor, in part on statute of limitations grounds. ECF 50. Applying equitable tolling principles, the Fifth Circuit reversed the summary judgment decision as to Methodist, affirmed the decision as to Ali, and remanded the case to the district court. ECF 60. After remand, Plaintiff filed an Amended Complaint. ECF 66. After further motion practice, Plaintiff filed a Second Amended Complaint. ECF 113. Plaintiff's Second Amended Complaint, her operative pleading, asserts Title VII claims for discrimination, retaliation, and hostile work environment against Methodist, and § 1981 claims for discrimination and retaliation against Ali. *Id.*

## II. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Generally, a party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). However, if the party moving for summary judgment bears the burden of proof on an issue the moving party must

"establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

## III. Analysis

Plaintiff moves for summary judgment only on her retaliation claims. ECF 129. Defendants argue in response that Plaintiff is not entitled to summary judgment because: (1) the events in 2020 are not actionable; (2) she did not engage in protected activity; and (3) she has presented no evidence to demonstrate "but for" causation or pretext. ECF 130.

### A. Retaliation Standards

The familiar *McDonnell Douglas* burden-shifting framework applies to Plaintiff's retaliation claims under Title VII and § 1981 because Plaintiff has no direct evidence of discrimination or retaliation. *Velasco v. IAS Logistics DFW, LLC,* No. M-23-0323, 2026 WL 403225, at *4 (S.D. Tex. Jan. 27, 2026), *report and recommendation adopted*, No. 7:23-CV-00323, 2026 WL 401568 (S.D. Tex. Feb. 12, 2026). Under the burden-shifting framework, a plaintiff has the initial burden to establish a prima facie case of retaliation, which triggers the need for the defendant to provide a legitimate, nondiscriminatory reason for its action. *Id.* Ultimately, the plaintiff must produce evidence showing that the proffered reason is pretextual. *Id.*

To succeed on a claim of retaliation under either Title VII or § 1981, Plaintiff must prove: "(1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action." *West v. Honeywell Int'l Inc.*, 558 F. Supp. 3d 369, 379–80 (S.D. Tex. 2021) (citing *Feist v. Louisiana, Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013)). To meet the causation standard, a plaintiff must show that the adverse action would not have occurred "but for" the protected activity. *See Feist*, 730 F.3d at 454 (holding that it is plaintiff's burden on summary judgment to create "a conflict in substantial evidence on the question of whether the employer would not have taken the action 'but for' the protected activity"). While in some cases the close timing between the protected activity and the adverse action may provide the causal connection needed to make out a prima facie case of retaliation, "temporal proximity alone is insufficient to prove but for causation." *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007).

**B. Plaintiff has failed to meet her burden on her retaliation claim.**

Plaintiff bears the burden of proof on her retaliation claims and is entitled to summary judgment only if she establishes the three elements of a retaliation claim as a matter of law. *See Fontenot*, 780 F.2d at 1194 (holding that a plaintiff moving

for summary judgment must "establish beyond peradventure all of the essential elements of the claim" to be awarded judgment in her favor).

Plaintiff has met her burden to demonstrate an adverse employment action because she was disciplined and terminated. However, Plaintiff has failed to demonstrate that she engaged in protected activity. Protected activity refers to a report of an unlawful employment practice, such as discrimination based on race or gender. *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015) (stating that the Fifth Circuit "ha[s] consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity," quoting *Davis v. Dall. Indep. Sch. Dist.*, 448 Fed.Appx. 485, 493 (5th Cir.2011)). Plaintiff cites as protected activity her September 2020 email regarding marijuana; her August 1, 2021 email regarding unspecified harassment and discrimination; her September 30, 2021 email regarding nurse Sharon Agway's "refusal to collaborate with Plaintiff;" and her request for a departmental handbook. ECF 129 at 2-3; ECF 131 at 6. These communications do not report or address harassment or discrimination based on Plaintiff's race or gender. Plaintiff's only communication arguably related to her gender is an undated text message she sent to Ali stating that an unnamed nurse attempted to rub her breasts against her. ECF 131 at 40. Plaintiff does not expressly argue that this text constitutes protected activity. Nonetheless, even assuming for current purposes that Plaintiff could create

a fact issue as to whether she engaged in protected activity based on that text, that would not be a basis for granting summary judgment in her favor. *See Fontenot*, 780 F.2d at 1194 (holding that a plaintiff moving for summary judgment must "establish beyond peradventure all of the essential elements of the claim" to be awarded judgment in her favor).

Furthermore, Plaintiff's failure to satisfy the causation element or show pretext necessitates denial of her motion for summary judgment on her retaliation claims against Methodist and Ali. Plaintiff's case rests almost entirely on the temporal proximity between her alleged protected activity and her adverse employment action. The timing is very close between Plaintiff's alleged protected activity on September 30, 2021 and her termination on October 4, 2021. However, Defendant has produced uncontroverted evidence of actions by Plaintiff that justify her termination. Plaintiff argues that the lack of a written, clearly defined policy of expectations for the NICU proves as a matter of law that Defendants' stated reasons for her termination are pretextual. ECF 129 at 6. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 148 (2000), cited by Plaintiff, does not support her case. In *Reeves*, the Court stated that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 148. In *Reeves*, the plaintiff "made a substantial showing that respondent's

explanation was false." *Id*. at 144. Here, Plaintiff contends that she was not given clear directions for how to perform her job duties. ECF 129 at 7-8. The lack of clear directions or a written policy does not establish that Plaintiff's supervisor's assessment—that Plaintiff was disruptive and was not performing her job duties correctly—was "false." The Court does not second guess an employer's business decision and "even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason." *Eyob v. Mitsubishi Caterpillar Forklift Am., Inc*., 745 F. App'x 209, 212 (5th Cir. 2018), as revised (Aug. 10, 2018) (citing *Jackson v. Watkins*, 619 F.3d 463, 468 n.5 (5th Cir. 2010) and quoting *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)).

Finally, Plaintiff argues that she is entitled to summary judgment pursuant to the doctrine of *contra proferentem*, which she describes as requiring that "any ambiguity regarding duties or termination conditions is interpreted against the drafter." ECF 129 at 7. Plaintiff argues that Defendants' decision to terminate her was "unreasonable" under this doctrine because her employment contract "obligated the manager to provide 'work commitments' specifying the duties in the job description." *Id* at 8. Plaintiff cites no authority applying the contract interpretation doctrine of *contra proferentem* or her proposed "reasonableness" standard in the context of a Title VII or § 1981 claim.

Plaintiff's citation to *Haverda v. Hays Cnty.*, 723 F.3d 586, 592 (5th Cir. 2013) as "holding that when an employer fails to provide clear, written performance standards, adverse actions taken against employees may be deemed arbitrary and pretextual" is inaccurate. ECF 129 at 8. First Amendment retaliation cases such as *Haverda* are governed by entirely different standards than Plaintiff's Title VII and § 1981 retaliation claims. *See Haverda*, 723 F.3d at 591 (listing elements of a First Amendment retaliation claim). Significantly, a First Amendment retaliation claim requires only proof that retaliation was a "motivating factor" for the adverse employment action, whereas Plaintiff's Title VII and § 1981 retaliation claims require proof of "but for" causation. *Id*. at 591; *Feist*, 730 F.3d at 454. In addition, the plaintiff in *Haverda* presented direct evidence that his political activity was a motivating factor for his adverse employment action. *Haverda*, 723 F.3d at 592. In contrast, Plaintiff has no direct evidence that her report of race or gender discrimination was the "but for" cause of her termination. In this case, the lack of clear performance guidelines alone, even if true, does not establish but for causation or pretext.

## IV. Conclusion and Order

In sum, Plaintiff cannot prevail on her Motion for Summary Judgment on her retaliation claims against Methodist and Ali because she has not presented evidence

that Defendants terminated her due to protected activity or that Defendants' stated reasons for terminating her are pretext for retaliation. It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment (ECF 129) is DENIED.

Signed on April 23, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge